# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC<br><br>Defendants, and<br><br>FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC,<br><br>Relief Defendants. | Civil Action File No. 1:25-cv- |

## CONSENT OF DEFENDANTS AND RELIEF DEFENDANTS

1.  Defendant Edwin Brant Frost IV ("Frost"), on behalf of himself, defendant First Liberty Building & Loan, LLC ("First Liberty Building") (collectively "Defendants") and relief defendants First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC (collectively "Relief Defendants"), waives service of a summons and the complaint in this action, enters

a general appearance, and admits the Court's jurisdiction over Defendants and Relief Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendants and Relief Defendants admit), Defendants and Relief Defendants hereby consent to the entry of the Consent Judgment in the form attached hereto (the "Consent Judgment") and incorporated by reference herein, which, among other things:

- a. permanently restrains and enjoins Defendants from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];
- b. permanently restrains and enjoins Frost from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal accounts;
- c. freezes the assets of Defendants and Relief Defendants;

  d. orders an accounting; and

  e. orders expedited discovery and prohibits the destruction or alteration of records.

3. Defendants and Relief Defendants consent to the appointment of a Receiver and to the entry of the Order Appointing Receiver that will be filed by the Securities and Exchange Commission.

4. Defendants and Relief Defendants agree that the Court shall order disgorgement of ill-gotten gains and prejudgment interest thereon against them, and civil penalties against Defendants pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants and Relief Defendants further agree that the amounts of the disgorgement, prejudgment interest, and civil penalties shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendants and Relief Defendants further agree that in connection with the Commission's motion for disgorgement and prejudgment interest and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants and Relief Defendants may not challenge

the validity of this Consent or the Consent Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5. Defendants and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants and Relief Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Consent Judgment.

7. Defendants and Relief Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants and Relief Defendants to enter into this Consent.

8. Defendants and Relief Defendants agree that this Consent shall be incorporated into the Consent Judgment with the same force and effect as if fully set forth therein.

9. Defendants and Relief Defendants will not oppose the enforcement of the Consent Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10. Defendants and Relief Defendants waive service of the Consent Judgment and agrees that entry of the Consent Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants and Relief Defendants of its terms and conditions. Defendants and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Consent Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants and Relief Defendants have received and read a copy of the Consent Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants and Relief Defendants in this civil proceeding. Defendants and Relief Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may

have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendants and Relief Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendants further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendants and Relief Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' and Relief Defendants' agreement to comply with the terms of Section 202.5(e), they: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants or Relief Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants or Relief Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants and Relief Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) Defendant Frost stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Frost under the Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Frost of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If any

Defendant or Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Consent Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants' or Relief Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendants and Relief Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants or Relief Defendants to defend against this action. For these purposes, Defendants and Relief Defendants agree that they are not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendants and Relief Defendants agree that the Commission may present the Consent Judgment to the Court for signature and entry without further notice.

15. Defendants and Relief Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Consent Judgment.

By: _____
Brant Frost IV
14 Greenville St.
Newnan, GA 30263

On behalf of himself, First Liberty Building & Loan, LLC, First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC

On 8th July, 2025, Brant Frost IV, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of himself and has its their sole owner. ~~defendants~~

_____
Notary Public
Commission expires: 01-29-2027

Approved as to form:

_____
Joshua Mayes
Robbins Alloy Belinfante Littlefield LLC
500 Fourteenth Street NW
Atlanta, GA 30318
404-856-3266

SARA REED
Notary Public, Georgia
Coweta County
My Commission Expires
January 29, 2027

9

Jmayes@robbinsfirm.com
Attorney for Defendant