UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br><br>EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC<br><br>Defendants, and<br><br>FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC,<br><br>Relief Defendants. | Civil Action File No.<br>1:25-cv-3826-MLB |

## CONSENT JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendants Edwin Brant Frost IV ("Frost") and First Liberty Building & Loan, LLC (collectively "Defendants") and Relief Defendants First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC (collectively "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this

action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or

information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

 (A) any investment strategy or investment in securities,

 (B) the prospects for success of any product or company,

 (C) the use of investor funds,

 (D) compensation to any person,

 (E) Defendant's qualifications to advise investors; or

 (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use

of the mails, directly or indirectly:

    (a)    employing any device, scheme, or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        (A) any investment strategy or investment in securities,

        (B) the prospects for success of any product or company,

        (C) the use of investor funds,

        (D) compensation to any person,

        (E) Defendant's qualifications to advise investors; or

        (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Frost is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided that such injunction shall not prevent Defendant Frost from purchasing or selling securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Frost's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Frost or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND**

**DECREED** that Defendants and Relief Defendants shall pay disgorgement of ill-gotten gains and prejudgment interest thereon, and that Defendants shall pay civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement, prejudgment interest, and civil penalties upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement, prejudgment interest and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants and Relief Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and prejudgment interest and/or civil penalties, the parties may take discovery,

including discovery from appropriate non-parties.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, until further order of the Court:

A.The assets of the Defendants and Relief Defendants as set forth herein are hereby frozen. The freeze shall include but not be limited to those funds located in any bank accounts, brokerage accounts, mutual funds, hedge funds and any other accounts or property of any defendant or relief defendant. In addition, proceeds derived from the securities offering alleged in the Commission's complaint are hereby frozen regardless of where said proceeds are located. To the extent that borrowers on outstanding loans make interest or principal payments to Defendants or Relief Defendants, those funds are subject to this freeze immediately upon receipt of the funds by Defendants or Relief Defendants. This freeze shall also include real property owned by any of the Defendants or Relief Defendants or purchased with proceeds derived from the securities offerings alleged in the Commission's complaint (assets subject to this Order, as set forth herein, shall be collectively referred to as the "Frozen Assets"). In connection with the freeze of any real property owned by any of the Defendants or Relief Defendants, the Commission shall be permitted to file lis pendens on those properties upon entry of this Order.

B. The Defendants and Relief Defendants and each of their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them shall hold and retain the Frozen Assets of the Defendants and Relief Defendants and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of the Defendants and Relief Defendants), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets (except where such diminution in value is caused by market movements in the ordinary course), which are hereby frozen, including, but not limited to, such Frozen Assets held in the following accounts:

| Financial Institution | Account No. | Account Name |
|---|---|---|
| BB&T/ Truist | xxxxx2663 | First Liberty Building & Loan, LLC |
| BB&T/ Truist | xxxxx2852 | First Liberty Capital Funding Acct. |
| BB&T/ Truist | xxxxx5964 | First Liberty Capital Partners LLC |
| BB&T/ Truist | xxxxx6642 | First Liberty Captial Partners LLC, First Liberty Notes Acct. |
| BB&T/ Truist | xxxxx0003 | First National Investments LLC |

| | | |
|---|---|---|
| BB&T/ Truist | xxxxx2742 | MyHealthAI Capital LLC |
| BB&T/ Truist | xxxxx0746 | The Legacy Advisory Group Inc. |
| BB&T/ Truist | xxxxx3854 | The Liberty Group LLC |
| BB&T/Truist | xxxxx3948 | First Liberty Capital LLC |
| BB&T/Truist | xxxxx3807 | MyHealthAI Operating Account |
| BB&T/Truist | xxxxx5469 | Family Financial Partners |
| BB&T/Truist | xxxxx8424 | First Liberty Stone PE |
| BB&T/Truist | xxxxx4444 | FLC Holdings |
| BB&T/Truist | xxxxx5577 | Legacy Family Partners |
| BB&T/Truist | xxxxx2750 | Liberty Healthcare Technology |
| United Community Bank | xxxxx4539 | Edwin Brant Frost IV |
| United Community Bank | xxxxx8100 | Edwin Brant Frost IV |
| Unity Bank | | Edwin Brant Frost IV |

C. Any bank, brokerage firm, mutual fund, hedge fund or other financial institution, or any other person, partnership, corporation or other entity maintaining or having custody or control of: (a) any brokerage or depository accounts or other assets of any defendant or relief defendant; or, (b) accounts, securities or funds of any kind into which investor or customer funds or proceeds have been invested or deposited; (c) accounts or assets under the direct or indirect control of any defendant or relief defendant, or (d) other tangible or intangible assets under the direct or indirect control of any defendant or relief defendant, who receives actual notice of this Order, shall:

    (i)    freeze such accounts, funds or assets;

9

(ii) within five (5) business days of receipt of such notice, file with the Court and serve on counsel for the Commission and for the Defendants, a certified statement setting forth, with respect to each such account, fund, or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

(iii) promptly cooperate with the Commission to determine whether and to what extent any accounts, funds, or other assets are actually assets or proceeds of assets of any of the Defendants or Relief Defendants.

## VI.

**IT IS FURTHER ORDERED** that notwithstanding the foregoing restrictions set forth in **Section V**, Defendant Frost may open a new bank account through which he may direct, deposit, or transact funds and assets obtained from any loan brokerage activities unrelated to the securities offering alleged in the Commission's complaint in this matter and unrelated to the Frozen Assets as set forth herein ("the Post Freeze Account"). Defendant Frost shall provide the Commission counsel with notice of the Post Freeze Account within 3 days of it being opened, and such notice shall include: (a) the name of the account holder(s); (b) the account number; and (c) the institution at which the account is established. Once the Post Freeze Account is opened, Truist Bank shall transfer $20,000 from the First Liberty Capital Funding account ending in 2852 to the Post Freeze

Account. Counsel for the Commission shall work with counsel for Defendant Frost to facilitate the transfer of these funds.

For the first six months after the entry of this Order, Defendant Frost shall provide counsel for the Commission notice within 2 business days of any deposit into the Post Freeze Account exceeding $10,000 and provide the (a) the source of those funds and/or assets received by the Post Freeze Account, (b) the dollar value of any such deposit, and (c) the consideration that Defendant Frost provided in return for those new funds or assets. Each month following the establishment of the Post Freeze Account Defendant Frost shall be permitted to withdraw $20,000 from the Post Freeze Account. Once Defendant Frost has withdrawn $20,000 during the course of a month, Defendant Frost shall not be permitted to make any further withdrawals that month. To the extent that deposits to the Post Freeze Account exceed $25,000 during the month, Defendant Frost shall transfer the excess funds to an account to be designated by the Receiver within 5 days of month end. Defendant Frost shall provide counsel for the Commission with copies of any communications with Truist Bank within two days of the communication. While this Order remains in effect, Defendant Frost shall email counsel for the Commission, within 2 business days of receipt, copies of the monthly account statements from the institution at which the Post Freeze Account is established and monthly account statements for any debit cards used by Defendant Frost.

11

Defendant Frost shall also provide Commission counsel via email, within 5 business days of each month end, written statements under oath identifying (a) the source of any new funds and assets received by the Post Freeze Account, (b) the dollar value of any such transaction, and (c) the consideration that Defendant Frost provided in return for those new funds or assets.  Defendant Frost shall provide any additional information with respect to the Post Freeze Account, or any transaction therein, upon request by Commission counsel within 3 business days of receipt of such request.

## VII.

**IT IS FURTHER ORDERED** that notwithstanding the foregoing restrictions set forth in **Section V,** Truist Bank shall transfer $34,733.64 from the First Liberty Capital Funding account ending in 2852 to the law firm of Chalmers, Adams, Backer & Kaufman, LLC to pay outstanding legal fees incurred by First Liberty Capital Partners LLC prior to the initiation of this action.

## VIII.

**IT IS FURTHER ORDERED** that the Commission may take expedited discovery as follows:

    A.    The Commission may take depositions upon oral examination subject to five days notice immediately upon entry of this Order, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

B.     The Commission may serve subpoenas on third parties immediately upon entry of this Order, pursuant to Rule 45 of the Federal Rules of Civil Procedure;

C.     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all of the Commission's interrogatories within five days of service of such interrogatories;

D.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, the Defendants shall produce all documents within five days of service of such request;

E.     Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all of the Commission's requests for admissions within five days of service of such request;

F.     The Commission may serve discovery requests by electronic mail or by any other means provided for within the Federal Rules of Civil Procedure;

G.     All written responses to the Commission's discovery requests shall be delivered to the Commission at 950 E. Paces Ferry Rd. NE, Suite 900, Atlanta, GA 303026 or such other place as counsel for the Commission may direct, by the most expeditious means available, including electronic mail.

H.     Within five days upon the Commission's receipt of (a) discovery from third parties that the Commission served pursuant to the provisions of this Paragraph

or (b) any voluntary production of pre-receivership documents from the Receiver or (c) documents that the Receiver obtains from third parties in connection with this receivership, counsel for the Commission will provide a copy set of such discovery or document production to counsel for Defendants. This obligation will not extend to any requests made by the staff of the Commission in its ongoing investigation.

IX.

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendants shall submit in writing to the Commission, within five (5) business days following service of this Order upon them, the following identifying information:

(A) all names by which every person with authority to exercise control over the Defendants and Relief Defendants is known and the nationality of such persons;

(B) all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses, safety deposit boxes, and storage facilities used by any of the Defendants or Relief Defendants or by any person under their direct or indirect control, at any time since January 1, 2014 through the present; and

(C) each account with any bank, brokerage firm, mutual fund, hedge fund or other financial institution in any of the Defendants' or Relief Defendants' name or held for any of the Defendants' or Relief Defendants' direct or indirect beneficial interest from January 1, 2014 through the date of this Order.

## X.

**IT IS FURTHER ORDERED** that each defendant and relief defendant shall prepare and present to this Court and to the Commission, within twenty (20) business days following service of this Order upon them, a sworn accounting identifying:

1. all transfers or payments of funds to them or any other entity controlled by them from investors, lenders, or clients in connection with the securities offering alleged in the Complaint (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, and the name, address, account number and financial institution of the party making and the party receiving the transfer or payment);

2. in detail, the precise disposition of each transfer or payment identified in response to paragraph 1 above and all assets derived therefrom, including but not limited to:

   - the nature and results of any investment in which the funds were used;

   - any subsequent transfer or payment of the funds (the identification shall include the amount of each such transfer or payment, the date of the transfer or payment, the name, address, account number and

>   > financial institution of the party making and receiving the transfer or payment, and the reason for the transfer or payment); and
>   
>   - any fees or expenses charged and a detailed statement of the nature and purpose of such fees and expenses.
>
> 3. by name and address, all persons, entities and accounts currently holding funds or assets derived from the transfers or payments described in paragraph 1 above and the reason each received the funds or assets (the identification shall include the amount each received, the date received, the reason received, the institution and account number or location in which the funds or other assets are held and the name, address, account number and financial institution of the person or entity who provided each with the funds or other assets);
>
> 4. assets of every type and description with a value of at least one thousand dollars ($1,000) presently owned by or held for the direct or indirect benefit, or subject to the direct or indirect control, of the Defendants or Relief Defendants, whether in the United States or elsewhere; and
>
> 5. all accounts held at any bank, brokerage firm, mutual fund, hedge fund or other financial institution in the United States or elsewhere in the name, for the direct or indirect benefit, or under the direct or indirect control, of Defendants or Relief Defendants, or in which Defendants or Relief

Defendants have or had any direct or indirect beneficial interest, at any time from January 1, 2014 to the date of this Order.

Nothing in this Order, however, shall be construed to require that Defendant Frost abandon or waive any constitutional or other legal privilege which he may have available, including the Fifth Amendment privilege against self-incrimination. In turn, nothing in this Order shall prevent the Commission from opposing or challenging any assertion by a defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal privilege.

## XI.

**IT IS FURTHER ORDERED** that the Defendants, Relief Defendants and their officers, agents, employees, servants, attorneys, any bank, brokerage firm, mutual fund, hedge fund or financial institution of the Defendants and Relief Defendants and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are hereby restrained and enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to defendants or the misconduct described in the Complaint.

## XII.

**IT IS FURTHER ORDERED** that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, by email, or by mail upon each of the Defendants, Relief Defendants, their attorneys, their U.S. agents or their foreign agents, including banks to the extent permitted by law, or by alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure; or as this Court may direct by further order.

## XIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the Defendants, Relief Defendants and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service in accordance with **Section XII** of this Order, or otherwise.

## XIV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

## XV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XVI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED this 11th day of July, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE