# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : : : : | |
| Defendants, and | : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : : : : : : : | |
| Relief Defendants. | : : | |

## UNOPPOSED MOTION BY RECEIVER FOR: 1) AUTHORIZATION TO EMPLOY AUCTIONEER; AND 2) APPROVAL OF SALE OF <u>RECEIVERSHIP ASSETS</u>

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the **"Case"** or **"Receivership"**), hereby files this *Unopposed Motion by Receiver for: 1) Authorization to Employ Auctioneer; and 2) Approval of Sale of Receivership Assets*

(the "**Motion**")[1] to: 1) employ Bullseye Auction & Appraisal, LLC ("**Bullseye**" or "**Auctioneer**") to auction certain property of the Receivership as identified by the Receiver; and 2) sell certain Receivership Assets (as defined below) via auction sale(s), and states as follows:

## BACKGROUND

1. The Case commenced on July 11, 2025, with the filing of a complaint by the SEC against Defendants Edwin Brant Frost IV ("**Frost**") and First Liberty Building & Loan, LLC ("**First Liberty**") (together, "**Defendants**") and Relief Defendants First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC (collectively, the "**Relief Defendants**").

2. Based on the record in the Case, the Court determined that the appointment of a receiver in this action was necessary and appropriate for the purposes of marshaling and preserving all assets of First Liberty Building & Loan, LLC, First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC ("**Receivership Assets**") and the assets of Defendant Frost that: (a) are

---

[1] The Receiver has consulted with the Plaintiff Securities and Exchange Commission (the "**SEC**") prior to filing this Motion and the Plaintiff has advised the Receiver that it does not oppose the relief sought herein.

2

attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) may otherwise be includable as assets of the estates of the Defendants (collectively, the "**Recoverable Assets**"). *See* Appointment Order, p. 1.

3. The Receivership Assets includes, among other assets, a 2006 Aston Martin DB5 (the "**Aston Martin**") and a building that served as the offices of First Liberty located at 14 Greenville St, Newnan, GA 30263 (the "**Newnan Office**"). The Newnan Office is located a block off the square in Newnan and currently has two rental tenants on the first floor.

4. In addition, the Receiver has demanded that Defendant Frost turn over the following additional vehicles (the "**Additional Vehicles**") which include, but are not limited to:

    a. 2011 LNDR Range Rover Sport;

    b. 2011 Range Rover Sport;

    c. 2017 LNDR Range Rover; and

    d. 2013 Nissan Rogue.

5. Finally, the Receiver continues to seek the return of certain other personal property in the custody of Defendant Frost or his family (the "**Personal Property**").

6. On July 11, 2025, the Court entered the Appointment Order to appoint the Receiver.

7. Pursuant to paragraph 6(F) of the Appointment Order, the powers and duties of the Receiver shall include to "engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers."

8. Pursuant to paragraph 58 of the Appointment Order, the Receiver is further authorized to solicit persons and entities ("**Retained Personnel**") to assist the Receiver in carrying out the duties and responsibilities described in the Appointment Order with the understanding that the "Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement."

9. Professionals engaged by the Receiver are—with court approval—"entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the 'Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission' (the '**Billing Instructions**') agreed to by the Receiver." (emphasis added).

## REQUESTED RELIEF

10. In an exercise of the discretion of the Receiver, the Receiver determined that an auctioneer is necessary to assist the Receiver in carrying out the duties and responsibilities of the Receiver. Indeed, carrying out the duties and responsibilities of the Receiver will require the sale of certain assets of the Receivership.

11. Pursuant to the Appointment Order, Receiver seeks the authorization from the Court to engage Bullseye to assist the Receiver in carrying out the duties of the Receiver under the Appointment Order by auctioning certain property of the Receivership as identified by the Receiver. The professional services that Bullseye is to render include, but are not limited to, the following:

    a. to recover and make an inspection of the Aston Martin and the Additional Vehicles;

    b. to inspect the Newnan Office;

    c. to inspect any other Receivership Assets identified by the Receiver as appropriate to be auctioned for the benefit of the Receivership, including but not limited to Additional Vehicles and other personal property (the "**Other Property**");

    d. to conduct public auction(s) of the Aston Martin, Additional Vehicles, Newnan Office, and Other Property for the benefit of the Receivership; and

    e. such other work as may be appropriate at the discretion of the Receiver.

12. By this Motion, the Receiver requests authority to sell the Aston Martin, the Additional Vehicles, the Newnan Office, and Other Property via public auction(s) operated by Bullseye. The Receiver requests authority to engage Bullseye to auction the Aston Martin, the Additional Vehicles, Newnan Office, and Other Property.

13. The sales pursuant to the terms and conditions set forth therein are just and proper under the circumstances of this Case and necessary for the Receiver to discharge the duties and obligations assigned to the Receiver by this Court. The Receiver is informed and believes that there is no opposition to the instant Motion. Further, the Receiver respectfully submits that a separate memorandum of law is not required since this Motion does not seek resolution of an issue of law.

14. This Motion is supported by all pleading and matters of record in this Case.

## QUALIFICATIONS OF BULLSEYE

15. The Receiver shows that Bullseye is well qualified to perform the work required in this case and is experienced in the matters for which auctioneer services are required. Scott Schwartz, of Bullseye, will assume primary responsibility as auctioneer in this Receivership. Mr. Schwartz regularly served as an auctioneer and has extensive experience auctioning assets.

16. Under the circumstances, Bullseye is well-equipped to represent the Receiver as auctioneer in the liquidation of the Receivership Assets.

17. Upon information and belief, Bullseye is bonded in the amount of $100,000.00.

## COMPENSATION

18. In consideration for Bullseye aiding the Receiver, the Receiver proposes to pay, and Bullseye has agreed to perform auction services for a commission of: (a) ten (10%) percent of the sale price of the Aston Martin and any other personal property sold by the Auctioneer, plus reimbursement for any actual out-of-pocket expenses such as towing, storage, minor repairs and any marketing of the proposed sale not to exceed $1,000.00 per vehicle; and (b) four (4%) percent of the sale price of the Newnan Office and any other real property sold by the Auctioneer, plus reimbursement for any actual out-of-pocket marketing expenses not to exceed $1,000.  If the purchaser

of real property is represented in the purchase by a licensed real estate agent, the Receiver will pay a two (2%) percent commission to the buyer's agent. There shall be no buyer's premium paid for the sale of any property.

19. The Receiver proposes that Bullseye retain from the proceeds of the sale(s) of the Aston Martin, Newnan Office, and Other Property the fees and expenses due to the Auctioneer and shall remit the remaining proceeds to the Receiver for the benefit of the Receivership.

## NO ADVERSE INTEREST

20. Bullseye has informed the Receiver that Bullseye does not have any conflict with serving as auctioneer in this Receivership.

## PROCEEDS

21. There is note with an outstanding balance of approximately $165,000 on the Newnan Office that is held by Kathy Bates and potentially other liens on the Other Property. After payment of fees and expenses due to the Auctioneer as a result of the sale(s) of the Aston Martin, Newnan Office, and Other Property, all valid liens shall be paid from the proceeds of the sale(s) of the particular property subject to a particular lien. After accounting for the payment of the foregoing, the net proceeds from such sale(s) will be held by the Receiver pending further order of this Court.

WHEREFORE, the Receiver respectfully requests that this Court enter an order, substantially in the form as the proposed Order attached as **Exhibit A** hereto, that: 1) grants this Motion; 2) authorizes the retention of Bullseye as Auctioneer; 3) authorizes the Receiver to consummate the transactions and agreements contemplated herein; 4) authorizes the Receiver to sell the Aston Martin, Newnan Office, and Other Property as requested herein via public auction(s); and 5) grants the Receiver such other and further relief as is just and proper.

Dated: September 25, 2025.

                                        LAW OFFICES OF HENRY F. SEWELL JR., LLC

                                        */s/ Henry F. Sewell, Jr.*
                                        Henry F. Sewell, Jr.
                                        Georgia Bar No. 636265
                                        Buckhead Centre
                                        2964 Peachtree Road NW, Suite 555
                                        Atlanta, GA 30305
                                        (404) 926-0053
                                        hsewell@sewellfirm.com
                                        *Counsel for the Receiver*

# EXHIBIT A
## (PROPOSED ORDER)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:25-cv-3826-MLB |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

**ORDER GRANTING MOTION BY RECEIVER FOR: 1) AUTHORIZATION TO EMPLOY AUCTIONEER; AND 2) APPROVAL OF <u>SALE OF RECEIVERSHIP ASSETS</u>**

This matter came before the Court on the *Unopposed Motion by Receiver for: 1) Authorization to Employ Auctioneer; and 2) Approval of Sale of Receivership Assets* [Docket No. ___] (the "**Motion**") that was filed by S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") in the above-captioned

case to employ Bullseye Auction & Appraisal, LLC ("**Bullseye**" or "**Auctioneer**") to auction certain property of the Receivership as identified by the Receiver and to sell certain Receivership Assets via public auction(s).[1] More specifically, the Motion seeks to sell an Aston Martin (the "**Aston Martin**"), a building that served as the offices of First Liberty located at 14 Greenville St, Newnan, GA 30263 (the "**Newnan Office**"), the Additional Vehicles (as defined in the Motion), and other Receivership Assets identified by the Receiver as appropriate to be auctioned for the benefit of the Receivership (the "**Other Property**").

The Plaintiff in this Case, the United States Securities and Exchange Commission, does not oppose the relief sought in the Motion and the Defendants have not filed any opposition to the Motion.

Having considered the Motion the arguments set forth therein, and the record in this case, this Court finds that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it has jurisdiction over the parties.

2. This Court is the proper venue for this case.

3. The Receiver was appointed in the Appointment Order.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

2

4. The Motion requests authority to employ Bullseye as Auctioneer and sell the Aston Martin, Newnan Office, the Additional Vehicles, and Other Property via public auction(s) operated by Bullseye.

5. Public auction(s) of the Aston Martin, Newnan Office, the Additional Vehicles and Other Property pursuant to the terms and conditions set forth in the Motion is just and proper under the circumstances of this case and is necessary for the Receiver to discharge the duties and obligations assigned to the Receiver by this Court.

6. The Receiver has or will comply with the requirements necessary for a public auction of the Aston Martin, Newnan Office, the Additional Vehicles and Other Property.

7. The Motion was served upon Defendants at their last known address and all parties who have appeared in this case.

8. There is note in the approximate amount of $165,000 on the Newnan Office and potentially other liens on the Other Property. Valid liens shall be paid from the proceeds of the sale of the particular property subject to a particular lien. The Receiver shall give notice to all lien lienholders known to the Receiver of the Aston Martin, Newnan Office, and Other Property.

9. No opposition to the Motion has been filed.

10. Due and adequate notice of the Motion has been provided to the Defendants and no other or further notice or opportunity for a hearing is necessary or required under the circumstances of this case.

ACCORDINGLY, having determined that the relief requested in the Motion is just and proper; and based upon the Motion and all of the proceedings before this Court and after due deliberation and finding that cause exists to grant the Motion and no objection the Motion having been filed, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Receiver is authorized to retain and engage Bullseye as Auctioneer to assist the Receiver in fulfilling the duties of the Receiver under the Appointment Order and any other orders of this Court; and it is further

ORDERED that, in accordance with the Appointment Order, Bullseye shall be compensated for such services and reimbursed for the reasonable expenses and costs incurred in providing such services as set forth in the Motion; and it is further

ORDERED, that the Court authorizes the Receiver to: 1) sell the Aston Martin, Newnan Office, the Additional Vehicles and Other Property via public auction(s); 2) consummate the transactions and agreements contemplated in the Motion; 3) retain and engage the Auctioneer to sell the Aston Martin, Newnan Office, the Additional Vehicles and Other Property; and 4) take all actions necessary

to effectuate and close a sale of the Aston Martin, Newnan Office, the Additional Vehicles, and Other Property and to execute and deliver such other and further documents as may be required to fully effectuate and close a sale of the Aston Martin, Newnan Office, Additional Vehicles, and Other Property; and it is

FURTHER ORDERED that the Auctioneer is authorized to retain from the proceeds of the sale of the Aston Martin, Newnan Office, the Additional Vehicles and Other Property the fees and expenses due to the Auctioneer and shall remit the remaining proceeds to the Receiver for the benefit of the Receivership; and it is

FURTHER ORDERED, after payment of fees and expenses due to the Auctioneer or otherwise related to the sale(s) of the Aston Martin, Newnan Office, the Additional Vehicles and Other Property and payment of all valid liens from the proceeds of the sale(s) of the particular property subject to a particular lien, the net proceeds from the sale(s) of the Aston Martin, Newnan Office, the Additional Vehicles and Other Property will be held by the Receiver pending further order of this Court; and it is

FINALLY ORDERED, that within ten (10) days of the closing of the sale(s) authorized herein, the Receiver shall file a Report of Sale with this Court reporting to this Court all amounts received, disbursed and held by the Receiver in connection with such sale; and it is

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SO ORDERED, this ___ day of _____, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT COURT JUDGE

Prepared and Presented by:
LAW OFFICES OF HENRY F. SEWELL JR., LLC
***/s/ Henry F. Sewell, Jr.***
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE RECEIVER

6

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that I electronically filed the foregoing using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record in this case.

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: September 25, 2025.

> Respectfully submitted,
>
> LAW OFFICES OF HENRY F. SEWELL JR., LLC
>
> **/s/ Henry F. Sewell, Jr.**
> Henry F. Sewell, Jr.
> Georgia Bar No. 636265
> Buckhead Centre
> 2964 Peachtree Road NW, Suite 555
> Atlanta, GA 30305
> (404) 926-0053
> hsewell@sewellfirm.com
> COUNSEL FOR THE RECEIVER