UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, <br><br> Defendants, and <br><br> FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, <br><br> Relief Defendants. | Civil Action File No. 1:25-cv-3826-MLB |

**UNOPPOSED MOTION BY RECEIVER FOR EXTENSION OF DEADLINES TO FILE: 1) SWORN STATEMENT AND ACCOUNTING; AND 2) LIQUIDATION PLAN**

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**"), through undersigned counsel, hereby respectfully moves this Court, without opposition from the Plaintiff, for an extension of the

1

deadlines to file the: 1) sworn statement and accounting; and 2) liquidation plan required under the Appointment Order, and in support thereof states as follows:

1. Pursuant to paragraph 9 of the Appointment Order, the Receiver is required to file with this Court, within ninety (90) days of the Appointment Order (October 9, 2025), a sworn statement and accounting covering the period from January 1, 2014, to the present. The required sworn statement and accounting must identify all Receivership Property (as defined in the Appointment Order), including securities, funds, real estate, and other assets, every bank or financial account used, held, or controlled by the Receivership Entities (as defined in the Appointment Order), all significant expenditures and asset transfers, and a comprehensive list of all investors, the funds they transferred, and the securities they purchased.

2. Pursuant to paragraph 53 of the Appointment Order, the Receiver is required to file with this Court, within ninety (90) days of the Appointment Order (October 9, 2025), a liquidation plan for fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property

3. As explained in the Receiver's First Status Report [Doc. No. 14], the Receiver has made substantial progress in fulfilling the duties of the Receiver under the Appointment Order. Indeed, the Receiver and his professionals secured and marshalled all known records and assets of the Receivership Entities, gained control

of the real and personal property of the Receivership, insured certain Receivership Property that was previously uninsured, attempted to purchase insurance for other Receivership Property, investigated loans made by the Receivership Entities, identified and sought to recover additional assets and records from various sources, worked on preparing a forensic reconstruction of the accounts of the Receivership Entities, investigated and asserted the claims of the Receivership against third parties, insiders, and affiliates, created a website, and communicated with and obtained information from investors and other parties.

4. The records of the Receivership Entities were not well organized and the records available to the Receivership are still incomplete. The Receivership Entities also did not utilize a useful accounting system. Consequently, the Receiver and forensic accountant of the Receiver determined that it would be necessary to forensically reconstruct accounts and financial transactions from bank statements, transactional data, and third-party records to enable the Receiver to fulfill the duties of the Receiver under the Appointment Order, including without limitation preparing the detailed sworn statement and accounting and liquidation plan. Although the Receivership has access to certain bank records, the Receivership does not yet have all information from third-party financial institutions to analyze all money flows in and out of the Receivership Entities.

5. The forensic reconstruction involves untangling transactions related to the funds of investors. This process has required obtaining documents from financial institutions and other third parties, affiliates, and insiders with which the Receivership Entities conducted business or otherwise engaged in transactions, reviewing records, and reconciling incomplete and fragmented data and all of the requested information has not yet been produced. Notwithstanding these challenges, assuming that the outstanding requested information is produced in a timely manner, the forensic accountant of the Receiver has informed the Receiver that the account reconstruction may be completed in approximately sixty days.

6. The Receiver and the forensic accountant of the Receiver will largely rely on the forensic reconstruction in preparing the sworn statement and accounting and liquidation plan required by the Appointment Order. Therefore, to ensure the accuracy and completeness of the sworn statement and accounting and liquidation plan, it is necessary that the reconstruction be substantially completed.

7. As such, the Receiver seeks an additional 60 days to prepare and file the required sworn statement and accounting and liquidation plan. The Receiver will update the Court in the event that the current timeline changes.

8. The requested extension will not prejudice any party to this action and will allow the Receiver to comply fully with the directives of this Court.

9. In addition, on October 1, 2025, this Court entered an Administrative Order [Doc. No. 27] staying civil litigation, including this case, in which the United States is a Party in light of the lapse of appropriations. In light of this stay, it is also appropriate to extend these deadlines.

10. Prior to filing this Motion, the Receiver was able to confer with counsel for the Plaintiff and certifies that the SEC has no opposition to the extension herein requested by the Receiver.

**WHEREFORE**, the Receiver respectfully requests that this Court grant: (i) an extension of time for the Receiver to file the sworn statement and accounting and distribution plan required by the Appointment Order, up to and including December 8, 2025; and (ii) the Receiver such further relief as this Court deems just and proper.

Respectfully submitted this 6th day of October, 2025.

        LAW OFFICES OF HENRY F. SEWELL JR., LLC

        */s/ Henry F. Sewell, Jr.*
        Henry F. Sewell, Jr.
        Georgia Bar No. 636265
        Counsel for the Receiver
        Law Offices of Henry F. Sewell, Jr.
        Buckhead Centre
        2964 Peachtree Road NW, Suite 555
        Atlanta, GA 30305
        (404) 926-0053
        hsewell@sewellfirm.com

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on this day I electronically filed the foregoing *UNOPPOSED MOTION BY FOR EXTENSION OF DEADLINES TO FILE: 1) SWORN STATEMENT AND ACCOUNTING; AND 2) LIQUIDATION PLAN* using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: October 6, 2025.

                              LAW OFFICES OF HENRY F. SEWELL JR., LLC

                              */s/ Henry F. Sewell, Jr.*
                              Henry F. Sewell, Jr.
                              Georgia Bar No. 636265
                              Counsel for the Receiver
                              Law Offices of Henry F. Sewell, Jr.
                              Buckhead Centre
                              2964 Peachtree Road NW, Suite 555
                              Atlanta, GA 30305
                              (404) 926-0053
                              hsewell@sewellfirm.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : : : : | |
| Plaintiff, | : : : | **Civil Action File No. 1:25-cv-3826-MLB** |
| v. | : : | |
| **EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC,** | : : : : | |
| Defendants, and | : : | |
| **FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC,** | : : : : : : : | |
| Relief Defendants. | : : | |

**ORDER GRANTING UNOPPOSED MOTION BY RECEIVER FOR EXTENSION OF DEADLINES TO FILE SWORN STATEMENT AND ACCOUNTING AND LIQUIDATION PLAN**

THIS CAUSE came before the Court upon the *Unopposed Motion by Receiver for Extension of Deadlines to File: 1) Sworn Statement and Accounting; and 2) Liquidation Plan* [ECF No. ___] (the "**Motion**"). The Court, having considered the Motion, and, being otherwise fully advised in the premises, it is **ORDERED** as follows:

1

2

1. The Motion is **GRANTED**.

2. The Receiver shall have up to and including December 8, 2025, to file the Sworn Statement and Accounting and Plan of Liquidation of the Receiver required under the Order Appointing Receiver [ECF No. 6].

**DONE AND ORDERED** in the Northern District of Georgia, this _____ day of _____ , 2025.

_____
MICHAEL L. BROWN
U.S. DISTRICT COURT JUDGE

Copies to:   Counsel of Record