UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : : : : | |
| Defendants, and | : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENT S LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : : : : : : | |
| Relief Defendants. | : : | |

**ORDER GRANTING RECEIVER'S FIRST MOTION FOR AUTHORIZATION TO RETAIN AND COMPENSATE PROFESIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

This matter came before the Court on the *RECEIVER'S FIRST MOTION FOR AUTHORIZATION TO RETAIN AND COMPENSATE PROFESIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS* (the "**Motion**") [Docket No. 20] (the "**Motion**") that was filed by S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") in the above-captioned case; the court having

considered the Motion and having determined that the relief requested in the Motion is just and proper; and based upon the Motion and all of the proceedings before this Court and after due deliberation and finding that cause exists to grant the Motion and no objection the Motion having been filed, it is hereby ORDERED that:

1. The Motion is GRANTED;

2. The Receiver is authorized to retain and compensate the Ordinary Course Professionals, including those identified on **Exhibit 1** to this Order, for services in the ordinary course effective July 11, 2025, in accordance with the following procedures (the "**OCP Procedures**"):

    a. Within thirty (30) days after the later of (i) the entry of the order granting this Motion orf (ii) the date on which the Ordinary Course Professional commences services for the Receiver, each Ordinary Course Professional shall provide to the Receiver a declaration, substantially in the form attached hereto as **Exhibit 2** (each an "**OCP Declaration**"), certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Receivership with respect to the matter(s) on which such Ordinary Course Professional is to be employed.

    b. After receiving an OCP Declaration, the Receiver shall file the same with the Court on the docket of the Receivership.

c. The Receiver is authorized to retain, compensate and reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court.

d. No Ordinary Course Professional shall be paid any amount for invoiced fees or expenses until such Ordinary Course Professional has been retained in accordance with these OCP Procedures.

e. In accordance with these OCP Procedures, the Receiver is authorized to retain any Ordinary Course Professional and to compensate and reimburse such Ordinary Course Professional, without further application to the Court, in an amount equal to 100% of the fees earned after the entry of the Appointment Order and 100% of the expenses incurred by such Ordinary Course Professional in connection with its services to the Receiver after the entry of the Appointment Order upon the submission to, and approval by, the Receiver of an invoice setting forth in reasonable detail the nature of the services rendered and the expenses actually incurred by the Ordinary Course Professional (without prejudice to the Receiver's rights to dispute any such invoice).

f. Within thirty (30) days after the end of each quarter, the Receiver shall file with the Court, in conjunction with the filing of the fee application of the Receiver or as a separate document, a statement certifying the compliance with the

terms of the relief requested herein. The statement shall include for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; and (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional.

      g.    If the Receiver seeks to retain an Ordinary Course Professional not listed on **Exhibit 1** hereto, the Receiver will file with the Court a notice listing those additional Ordinary Course Professionals to be added to the initial list of Ordinary Course Professionals (each an "**OCP Supplement**"), along with the corresponding OCP Declarations.

      h.    The Receiver is authorized to retain, compensate and reimburse the applicable Ordinary Course Professional in the manner provided for in these OCP Procedures without further order of the Court.

3.    If an Ordinary Course Professional held a retainer from the Receiver as of the date of the Appointment Order, such Ordinary Course Professional shall be authorized to apply such retainer amounts to fees and expenses incurred on or after July 11, 2025, subject in all respects to the OCP Procedures.

4.    Nothing in the Motion or this Order, or the payment of any amounts pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Receivership or any of its assets; (b) a waiver

of the Receiver's right to dispute any claim or lien; (c) an approval or assumption of any agreement, contract, or lease; (d) an admission of the priority status of any claim; or (e) a modification of the rights of the Receiver to seek relief on account of any amounts owed or paid.

5.  Notwithstanding entry of this Order, nothing herein shall create, or is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

6.  The Receiver is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SO ORDERED this 24th day of November, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

## Initial List of Ordinary Course Professionals

| Professional | Address | Role |
|---|---|---|
| Valid8 | 1916 Pike Place, Suite #12 Seattle, WA 98101 | Data company |
| Transperfect Legal | 1170 Peachtree Street, NE, Suite 1600 Atlanta, GA 30064 | Data company |
| Chalmers, Adams, Backer & Kaufman | 205 Norcross Street Roswell, Georgia 30075 | Special and Limited Counsel to Advise the Receiver with respect to (i) real property located in Winder, Georgia and (ii) potential litigation against Ellis Commercial Investments LLC and 1800 Limited Partnership and its principal, Brandy Kirkland |
| Cooper Tierney | 36 Broad Street Charleston SC 29401 | Special and Limited Counsel to Advise the Receiver with respect to several matters on which he advised the Receivership Entities prior to the Appointment Order. |
| | | |

# **EXHIBIT 2**

# **FORM OF DELCARATION**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | Civil Action File No. 1:25-cv-3826-MLB |
| v. | |
| **EDWIN BRANT FROST IV** and **FIRST LIBERTY BUILDING & LOAN, LLC,** | |
| Defendants, and | |
| **FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENT S LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC.,** and **THE LIBERTY GROUP LLC,** | |
| Relief Defendants. | |

**DECLARATION OF _____ ON BEHALF OF ORDINARY COURSE PROFESSIONAL**

I, _____, hereby declare under penalty of perjury as follows:

1. I am a _____ of _____, located at _____ (the "Firm").

2. This declaration (this "Declaration") is submitted in accordance with that certain ORDER GRANTING MOTION BY RECEIVER FOR AUTHORIZATION TO RETAIN AND COMPENSATE PROFESIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS [Docket No. 20] (the "**OCP Order**"). All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the OCP Order or the underlying *Motion*

*for Authorization to Retain and Compensate Professionals Utilized in the Ordinary Course of Business*.

3.  The Receiver (the "**Receiver**") in the ("**Receivership**") in the above-captioned case has requested that the Firm provide services to the Receivership, and the Firm has consented to provide such services (the "**Services**").

4.  The Services include, without limitation, the following: _____.

5.  The Firm intends to bill the Receivership for professional services rendered in connection with the Receivership, in accordance with the OCP Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal [attorneys and paralegals/other professionals] / [employees] designated to represent the Receivership and their current standard rates are: [PLACEHOLDER FOR RATES].

6.  The Firm [does / does not] keep time records in one-tenth of an hour increments in the ordinary course of business. [IF THE FIRM DOES NOT KEEP TIME IN ONE-TENTH OF AN HOUR INCREMENTS, PLEASE EXPLAIN HOW TIME RECORDS ARE KEPT.]

7.  As of the appointment of the Receiver, the Firm [was/was not] party to an agreement for indemnification with any Receivership Entities. [A copy of that indemnification agreement is attached hereto.].

8.  The Firm may in the past have performed, may currently perform, and may in the future perform services in matters unrelated to the Receivership for persons that are parties in interest in the Receivership. As part of its customary practices, the Firm is employed in cases, proceedings, and transactions involving many different parties, some of whom may represent or be parties in interest in the Receivership. The Firm does not perform services for any such party in interest in connection with the Receivership. In addition, the Firm does not represent or hold any interest adverse to the Receivership with respect to the matters on which the Firm is to be employed.

9.  As of July 11, 2025, the Firm was owed $_____ for services

2

provided to one of more of the Receivership Entities.

10. As of July 11, 2025, the Firm held a retainer from one of more of the Receivership Entities in the amount of $_____.] **OR** [As of July 11, 2025, the Firm did not hold a retainer from the any of the Receivership Entities.]

11. The Firm has reviewed the OCP Order and understands the limitations on compensation and reimbursement of expenses thereunder.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____          _____
[CITY, STATE]                            [DECLARANT]