# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC,<br><br>Defendants, and<br><br>FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC,<br><br>Relief Defendants. | Civil Action File No.<br><br>1:25-cv-3826-MLB |

## MOTION FOR EXPEDITED HEARING ON SUMMARY PROCEEDING (THE MOTION TO DETERMINE INVALIDITY OF CROSS-COLLATERALIZATION PROVISIONS, ESTABLISH PROCEDURE TO OBTAIN PAYOFF COMMITMENTS, AND STAY RECEIVER'S EFFORT TO COLLECT ON CLAIMS)

COME NOW Movants Riverdawg, LLC ("**Riverdawg**"), No Free, LLC ("**No Free**"), and Holt Knob Holdings, LLC ("**Holt Knob**" and collectively with Riverdawg and No Free, the "**Movants**") and file this *Motion for Expedited Hearing on Motion to Determine Invalidity of Cross-Collateralization Provisions,*

1

*Establish Procedure to Obtain Payoff Commitments, and Stay Receiver's Effort to Collect on Claims* (the "**Motion for Expedited Hearing**") showing the Court as follows:

1. On July 10, 2025, the Securities and Exchange Commission ("**SEC**") filed a Complaint against First Liberty Capital Partners LLC ("**First Liberty**") and other parties, thereby initiating the above-styled action (the "**Receivership Action**").

2. On July 11, 2025, this Court entered the *Order Appointing Receiver* (Doc. No. 6) (the "**Receivership Order**").

3. On November 13, 2025, Movants filed an *Amended Motion to Determine Invalidity of Cross-Collateralization Provisions, Establish Procedure to Obtain Payoff Commitments, and Stay Receiver's Effort to Collect on Claims* (Doc. No. 36) (the "**Motion**"). Pursuant to the Motion, Movants seek to determine the invalidity of certain cross-collateralization provisions, establish procedure to obtain payoff commitments, and stay the Receiver's[1] effort to collect on claims.

4. As set forth in the Motion, the Motion instituted a Summary Proceeding as part of this Receivership Action and this Court's jurisdiction related thereto. "In granting relief, it is appropriate for the district court to use summary proceedings." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992). "[C]ourts have

---
[1] Capitalized terms not otherwise defined herein should have the meaning prescribed to the same in the Motion.

held that it is appropriate to adjudicate in summary proceedings property claimed by a receiver from non-parties." *SEC v. Torchia*, No. 1:15-cv-3904-WSD, 2017 U.S. Dist. LEXIS 216285, at 10 (N.D. Ga. Feb. 2, 2017).

5. On November 7, 2025, the Court entered an Order (Doc. No. 33) stating that the SEC has fourteen days to respond to Movants' Motion after the stay due to the government shutdown is lifted.

6. On November 13, 2025, Chief Judge May entered an Administrative Order lifting the stay imposed by Administrative Order 25-01. Such Administrative Order became effective on November 13, 2025.

7. The SEC's Response was due on November 27, 2025. However, as this day is a holiday, the Response became due on November 28, 2025.

8. Movants entered into transactions with Receivership Entities which were styled as loans.

9. On October 17, 2025, the Receiver issued a demand to Movants (the "**Receiver's Demand**") which stated that all of the Loans were subject to "cross-collateralization" and "cross-default provisions." The Movants assert that these cross-collateralization provisions are unenforceable.

## Relief Requested

10. Movants request the Court hold an expedited hearing on the Motion. The Movants' goal is to expeditiously determine the invalidity of the

3

cross-collateralization provisions and to put mechanisms in place so that the Receiver will have funds placed in the Court registry to fund any obligations that Movants owe to the Receiver.

### Argument in Support of Relief Requested

11. As stated in Movants' Motion, the Movants require prompt resolution as to the cross-collateralization provisions as the position by the Receiver is impeding the Movants' ability to borrow funds to pay toward any obligations due to the Receivership Estate.

12. There is a need for an expedited hearing on the Motion, as the Deed of Trust places a cloud on the title of the North Carolina Parcel in the midst of ongoing construction on the property.

13. Movants are innocent victims of a Ponzi scheme and seek to resolve the amount due as a result of the Loans and the Receiver's assertion of cross-collateralization of the Loans.

WHEREFORE, Movants respectfully request that this Court hold an expedited hearing on the Motion at the earliest date permitted by the Court's calendar, or that the Movants be granted such other relief as may be just and proper.

RESPECTFULLY SUBMITTED this 28th day of November, 2025.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue NE
Atlanta, Georgia 30308
(404) 564-9300
LJones@joneswalden.com
Attorney for Movants

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I certify that on the date below, I electronically filed the foregoing **Motion for Expedited Hearing on Summary Proceeding (the Motion to Determine Invalidity of Cross-Collateralization Provisions, Establish Procedure to Obtain Payoff Commitments, and Stay Receiver's Effort to Collect on Claims)** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

- **Austin Bruce Alexander** austin.alexander@thompsonhine.com,kelly.thomas@thompsonhine.com,ECFdocket@thompsonhine.com
- **Madison Graham Loomis** loomism@sec.gov,JeffriesJ@sec.gov, jorjoladzeN@sec.gov,applewhitet@sec.gov
- **Joshua A. Mayes** jmayes@robbinsfirm.com,jenglish@robbinsfirm.com,
- bboyd@robbinsfirm.com,randerson@robbinsfirm.com,dbutler@robbinsfirm.com,sbacon@robbinsfirm.com
- **Kristin Wilhelm Murnahan** murnahank@sec.gov,jorjoladzen@sec.gov, applewhitet@sec.gov
- **Alexandra C. Nelson** alexandra.nelson@thompsonhine.com,tracey.nero@thompsonhine.com,kelly.thomas@thompsonhine.com,dwayne.lunde@thompsonhine.com,ECFDocket@thompsonhine.com
- **Jane Ashley Ravry** jaravry@robbinsfirm.com,DButler@robbinsfirm.com,
- jenglish@robbinsfirm.com,bboyd@robbinsfirm.com,randerson@robbinsfirm.com,sbacon@robbinsfirm.com
- **Henry Francis Sewell, Jr** hsewell@sewellfirm.com

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Respectfully submitted this 28th day of November, 2025.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
699 Piedmont Avenue NE
Atlanta, Georgia 30308
(404) 564-9300
LJones@joneswalden.com
Attorney for Movants