# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC<br><br>Defendants, and<br><br>FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC,<br><br>Relief Defendants. | Civil Action File No. 1:25-cv-03826-MLB |

## OPPOSITION TO MOTION FOR LEAVE OF COURT TO INITIATE ACTION AGAINST RECEIVERSHIP ESTATE

The Securities and Exchange Commission ("Commission") objects to the motion filed by Full Circle LLC, Timeless Acquisitions LLC, David Pike, David Pike II, and Christie Pike (collectively the "Movants") seeking leave to initiate an action against the Receivership Estate. According to the Movants, a declaratory judgment and temporary restraining order are necessary to determine the amount

they owe on their outstanding loan and to protect collateral underlying that loan. Movants also seek a declaratory judgment to clarify who is servicing the Movants' loan. The motion should be denied because the requested relief relating to Movants' financial obligations under the loan agreement is premature. To the extent that Movants are requesting the right to initiate a separate declaratory judgment action to determine who should service its loans, the motion should be denied because it is duplicative of the motion filed by Bay Point Capital Partners II, LP ("Bay Point"). [Dkt. No. 19.]

According to Movants, they entered into a loan agreement on February 10, 2023 with Defendants for a loan of $2,750,000 of which $1,034,730 was disbursed to pay off a previous loan. [Dkt. No. 44 at 3-6.] Movants contend that they personally only received $78,360 from the loan, but it is undisputed that the use of investor funds to pay off the prior loan inured to Movants' benefit. [*Id*. at 6, 8-9.] Moreover, while Movants now claim that Defendants' purported failure to release additional funds prevented them from financing capital improvements on the collateral underlying the loan, they admit that they agreed to extend the loan twice, on February 5, 2024 and on July 8, 2024. [*Id*. at 7.]

The Court should deny Movants' requests for declaratory judgement determining the outstanding amounts owed on the loan, and a temporary restraining order preventing foreclosure or encumbrance on the collateral underlying the loan.

There is no reason for court intervention at this time. Only when the Receiver takes action against the Movants on their outstanding loan or any collateral underlying that loan should the Movants be permitted to seek relief from the Court, and such relief can be sought through a summary proceeding rather than a declaratory judgment action. To allow them to initiate action prior to that time would result in their claims being prioritized over all other claims, including those of harmed investors. The Movants have offered no basis for the Court to afford them preferential treatment, and there is no legitimate basis for such treatment. Instead, the Receiver should be permitted to exercise the powers granted to him by the Court to marshal Receivership assets in the manner he deems most beneficial to the Receivership Estate, and sell real property, including collateral pursuant to any procedures established by this Court. [Dkt. No. 6 ¶¶ 38-39.]

Based on communications with counsel for the Receiver, the Commission understands that the Movants are not current on their loan payments, so the question of to whom Movants should be making loan payments appears to be a red herring. Regardless, a ruling by the Court on Bay Point's motion will resolve this purported issue and Movants' request for a declaratory judgment is unnecessary and duplicative. If the Court were to determine that a separate action was appropriate to resolve the issues raised by Bay Point, only one such action would be needed. As set forth in Commission's opposition to Bay Point's motion, the Commission does

not believe that a separate action is appropriate and requests that Bay Point's motion be denied.  [Dkt. No. 25.]

For the reasons set forth above, the Commission respectfully requests that the Court deny the Movants' requested relief.

Dated:  December 11, 2025.

                              Respectfully submitted,

                              */s/ Kristin W. Murnahan*
                              Kristin Murnahan
                              Senior Trial Counsel
                              Georgia Bar No. 759054
                              Email:  murnahank@sec.gov

                              M. Graham Loomis
                              Supervisory Trial Counsel
                              Georgia Bar No. 457868
                              loomism@sec.gov

                              Attorneys for Plaintiff
                              Securities and Exchange Commission
                              950 East Paces Ferry Road, NE, Suite 900
                              Atlanta, GA 30326
                              Tel:(404) 842-7600
                              Tel:(404)-842-7666

# **CERTIFICATION OF COMPLIANCE**

This is to certify that the foregoing was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 (B).

*/s/ Kristin W. Murnahan*
Kristin W. Murnahan

# CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system which will send notice of such filing to counsel of record.

This 11th day of December 2025.

                                                */s/ Kristin W. Murnahan*
                                                Kristin W. Murnahan