# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : | |
| Plaintiff, | : : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, Defendants, and | : : : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENT S LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, Relief Defendants. | : : : : : : : | |

### NOTICE OF FILING PROPOSED ORDER WITH RESPECT TO RECEIVER'S MOTION TO ESTABLISH LITIGATION PROCEDURES

S. Gregory Hays, the Court-Appointed Receiver in the above-captioned Receivership, by and through counsel, hereby files this *Notice of Filing Proposed Order on Receiver's Motion to Establish Litigation Procedures (Docket No. 59)* which is attached hereto as Exhibit "A". The Receiver advises the Court that this draft has been reviewed by the attorneys who appeared at the December 15, 2025 Hearing held with respect to the Motion and that there is no objection to the form of

the Order attached hereto as Exhibit "A". The Receiver respectfully requests that the Order be entered by the Court.

Dated: December 22, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for the Receiver*

CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that I electronically filed the foregoing using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: December 22, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

***/s/ Henry F. Sewell, Jr.***
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for the Receiver*

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : : | |
| Plaintiff, | : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : : : : | |
| Defendants, and | : : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENT S LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : : : : : : : | |
| Relief Defendants. | : : | |

## ORDER ESTABLISHING PROCEDURES TO ENTER ACTION TO RESOLVE CLAIMS ARISING FROM LOAN OBLIGATIONS DUE TO THE RECEIVERSHIP

This matter came before the Court after the scheduling of a hearing (the "**Hearing**") on December 15, 2025 to consider procedures for third parties to intervene in this action and the filing of a Motion by Receiver to Establish Procedures to Enter Action to Resolve Claims Arising From Loan Obligations Due to the Receivership [Doc. No. 59] (the "**Procedures Motion**") that was filed by S.

Gregory Hays, the Court-Appointed Receiver (the "**Receiver**") pursuant to the Order Appointing Receiver dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**") initiated by Securities and Exchange Commission ("**SEC**"). The Court, having reviewed and considered the Procedures Motion, arguments of counsel at the Hearing, and the record in this case and otherwise being fully advised in the matter, finds good cause to approve the Procedures Motion and grant the relief requested therein.

The Court hereby finds as follows:[1]

1.   To provide the Receiver with the ability to fulfill the duties of the Receiver without being hindered or obstructed by litigation against property of the Receivership, in addition to freezing the Receivership Property, the District Court entered an injunction against interference with the Receiver (the "**Injunction**") and stay (the "**Stay**") of all civil legal proceedings involving any Receivership Property or the Receivership Entities until further order of the District Court. *See* Appointment Order ¶¶ 32-34. The Injunction protects against action that would "[d]issipate or otherwise diminish the value of any Receivership Property." See Appointment Order ¶ 32(C). Furthermore, the Stay under Section VII of the Appointment Order stays all litigation matters other than the litigation

---

[1] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law.

2

subject to the Receivership and clearly provides that no further actions should be taken against any assets or entities subject to the Appointment Order until further order of the District Court.

2. The Procedures Motion seeks to modify the Stay and Injunction in the Appointment Order for the limited purpose of establishing establish procedures to resolve loans (the "**Loans**") that were made with investor funds to certain borrowers (the "**Borrowers**"). The Procedures (the "**Procedures**") authorized herein are intended to apply only to Borrowers and affiliated parties only and not to investors. A claims process will ultimately be established in this Receivership for claims by investors.

3. The Receiver anticipates that litigation with the Borrowers to enforce the Loans and recover monies transferred for their benefit will be the most pressing matter in the immediate future in this Receivership. In light of concerns as to the potential cost of the Receivership litigating such claims, the Procedures set forth herein provide for expedited discovery procedures and substantial initial disclosures, including a detailed statement of claims and defenses, by Borrowers as a condition to intervene in the Receivership.

4. Neither the Procedures Motion nor this Order is intended to or shall waive: a) any other stay or injunction arising from the appointment of the Receiver

other than as specifically set forth herein; or b) any other rights, claims, actions, defenses, setoffs, or recoupments to which Receiver is or may be entitled, under agreements, in law, in equity, or otherwise, all of which other rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved by the Receiver.

Accordingly, it is **ORDERED** as follows:

1. The Procedures Motion is **GRANTED** as set forth herein**.**

2. The Receiver may seek to amend, modify, or supplement the Procedures based on the business judgment and at the discretion of the Receiver with any amendment, modification or supplement being subject to approval by the Court.

3. If sued by the Receiver in this Court, a Borrower may assert counterclaims against the Receivership Estate without first having to seek leave of this Court and may assert such counterclaims pursuant to and in compliance with the Procedures set forth herein. The Receiver may file a request for a more definite statement or a Motion to Dismiss within twenty (20) days of the filing of the Verified Counterclaim.

4. A Borrower shall be entitled to initiate litigation against the Receivership Estate, without first seeking permission from this Court subject to and in compliance with the Procedures set forth herein. The Receiver will file an

Answer and Counterclaims or, if the Verified Complaint is not in compliance with these Procedures, a request for a more definite statement or a Motion to Dismiss within twenty (20) days of the filing of the Verified Complaint.

5. The Stay and the Injunction in the Appointment Order are modified for the limited purpose of establishing the following Procedures pursuant to which Borrowers may enter the Case to seek to have disputes regarding their Loans addressed:

a) All relief shall be sought through either a Verified Complaint or Verified Counterclaim filed with this Court. The Stay and Injunction contained in the Appointment Order will remain in place for any litigation in any other Court;

b) The Verified Complaint or Verified Counterclaim must comply with the Federal Rules of Civil Procedure and rules of this Court and must further include the following:

i. A complete set of all loan documents, term sheets, promissory notes, guarantees and related documents executed by the Borrower and any related parties, including guarantors, attached as an Exhibit(s) to the Verified Complaint or Verified Counterclaim along with an attestation that such documents constitute a complete set of all documents executed by such Borrower and any related parties including

guarantors in connection with any loans made by any of the Receivership Entities to such Borrower;

  ii.  A verified list of all payments or advances, by date and amount, received from any of the Receivership Entities;

  iii.  A verified list of payments, by date and amount, made to any of the Receivership Entities;

  iv.  To the extent that a Borrower received advances from any of the Receivership Entities, a verified list of all disbursements and uses of funds received by the Borrower from a Receivership Entity by date, amount and payee along with documents evidencing such uses attached as an Exhibit to the Verified Complaint or Verified Counterclaim or separately provided to the Receiver;

  v.  To the extent that Borrower alleges that a Receivership Entity breached any agreements with Borrower, a detailed statement of each and every breach of any obligations related to any Loans of such borrower, including the identification of any specific provision of any loan document that was allegedly breached and documents evidencing such defenses attached as an Exhibit to the Verified Complaint or Verified Counterclaim or separately provided to the Receiver;

vi. A detailed statement of the factual basis for any defenses asserted by Borrower to the claims of the Receiver and documents evidencing such defenses attached as an Exhibit to the Verified Complaint or Verified Counterclaim or separately provided to the Receiver;

vii. In the event that a Borrower asserts fraud on the part of any of the Receivership Entities or its principals, fraud shall be plead with particularity in accordance with F.R.C.P. 9, including, but not limited to, the identification of each and every fraudulent statement or act on which Borrower relied together with supporting documents attached as an Exhibit to the Verified Complaint or Verified Counterclaim or separately provided to the Receiver. It shall not be allowed or sufficient to simply reference or rely upon fraud generally or the general circumstances or general fraud underlying or asserted in the Complaint filed by the SEC that led to the appointment of the Receiver;

viii. A detailed and specific itemization and calculation of damages for which offset or other relief is sought together with supporting documents for such calculation attached as an exhibit to the Verified Complaint or Verified Counterclaim or separately provided to the Receiver. It shall not be allowed or sufficient to generally state that such

damage claims offset all or part of the Receiver's claim, specific damage amounts and calculations must be provided with respect to specific conduct leading to specific damages with the understanding that the foregoing does not preclude or limit any damage claim which a Borrower may assert;

    ix.    Confirmation and proof that any collateral, including real property and personalty, provided by Borrower in support of the loans made by the Receivership Entities, is insured with the Receiver named as a loss payee under such insurance policy;

    x.    Confirmation and proof for any collateral, including real property and personalty, that the Borrower is current on all property or *ad velorem* taxes for such collateral;

    xi.    To the extent that a Borrower seeks injunctive relief against the Receiver including to suspend or enjoin any collection activities of the Receiver, such relief shall be sought in accordance with F.R.C.P. 65 or other applicable law and must further include a statement as to what security or bond will be provided by such Borrower during any proposed stay or injunction as well as proof that the Borrower can post such security or bond.

c) Any party seeking to enter the case pursuant to these Procedures agrees that entry shall not waive: i) any other stay or injunction arising from the appointment of the Receiver; or ii) any other rights, claims, actions, defenses, setoffs, or recoupments to which Receiver is or may be entitled, under agreements, in law, in equity, or otherwise, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved;

d) Entering the case through either a Verified Complaint or Verified Counterclaim does not automatically stay, pause or modify any obligation otherwise due by a Borrower or guarantor and any interest, costs, and fees, including attorney's fees, that shall continue to accrue pursuant to the respective documents underlying the Loans;

e) Any party seeking to enter the case shall agree that entry shall not be used to limit the investigation of the Receiver as authorized in the Appointment Order;

f) Any Borrowers seeking to enter the case pursuant to these Procedures shall, within ten (10) days of filing a Verified Complaint or Verified Counterclaim, provide the Receiver with; i) all written or electronic documents available to the borrower related to any Loans of the borrower; ii) any written or electronic communications available to the Borrower with any of the Receivership Entities or related to any Loans of the borrower; iv) a written report as to the status, location and

condition of any collateral of the Receivership Entities that belongs to borrower, any affiliates of such borrower, or any party who owns or controls such borrower; v) to the extent required by the loan documents of a particular Borrower or if Ordered by this Court, financial information related to the borrower, any affiliates of such borrower, guarantors and any party who owns or controls such borrower, including federal tax returns; vi) evidence of title insurance or any other insurance which may be available which might provide coverage for any of the claims asserted by the Receiver; and vii) shall upon request of the Receiver make all collateral, including real property and operating businesses, available for inspection by the Receiver;

    g)    Any Borrowers seeking to enter the case shall promptly comply in good faith with requests by the Receiver for documents or information;

    h)    Any Borrowers seeking to enter the case shall not be allowed to enter the case unless all parties responsible for the Loans of such Borrower, including any guarantors, also enter the case with them;

    i)    The initial discovery period for any Verified Complaint or Verified Counterclaim filed by a Borrower herein shall be limited to two (2) months with no more than three (3) depositions allowed per party unless otherwise directed by the Court;

    j)    The Parties may request summary judgment at the conclusion of the discovery period in accordance with the local rules of this Court;

k) The Receiver does not waive any prior jury trial waivers that were agreed to by Borrowers or guarantors;

l) To the extent that the Court finds that any damage claim by a Borrower exceeds the amount necessary to offset the Receiver's claim, the priority and payment of such excess amount shall be held in abeyance pending the establishment of claims procedures in this case and the establishment of a plan of liquidation in this Case and shall only be paid in connection with such claims process; and

m) The modification of the Appointment Order as set forth herein is the only modification of same and the Appointment Order shall remain in place in all other respects.

6. This Court retains jurisdiction to, among other things, interpret,

implement, enforce, or modify the terms and provisions of this Order

**SO ORDERED**, this \_\_\_\_\_ day of December, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT COURT JUDGE

Prepared and Presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC
**_/s/ Henry F. Sewell, Jr._**
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for the Receiver*