UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br>     Plaintiff, : <br>     v. : <br> EDWIN BRANT FROST IV and : <br> FIRST LIBERTY BUILDING & LOAN, LLC, : <br>     Defendants, and : <br> FIRST LIBERTY CAPITAL PARTNERS LLC, et. al., : <br>     Relief Defendants. : | Civil Action File No. <br> 1:25-cv-3826-MLB |

## UNOPPOSED MOTION FOR AN ORDER APPROVING SETTLEMENT OF CLAIM IN BANKRUPTCY CASE OF CUREPOINT LLC

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Receivership**"), by and through counsel, hereby files this *Unopposed Motion for an Order Approving Settlement of Claim in Bankruptcy Case of Curepoint LLC* (the "**Motion**"). In support of the Motion, the Receiver respectfully shows the Court as follows:

## BACKGROUND

1. In 2022, Curepoint, LLC ("**Curepoint**" or "**Debtor**") filed a voluntary bankruptcy petition to initiate Case No. 22-56501-pmb (the "**Bankruptcy Case**") in

the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**").

2. On or about October 28, 2022, First Liberty Capital Partners LLC ("**First Liberty**") filed a proof of claim in the Bankruptcy Case for loans purportedly made by First Liberty to Curepoint. More specifically, First Liberty filed Claim No. 21 (the "**Claim**") asserting an unsecured claim against Curepoint in the total amount of $2,667,000 based upon two promissory notes attached to the Claim.

3. The Trustee (the "**Trustee**") appointed in the Bankruptcy Case conducted an investigation of the Claim and sought documents and proof supporting the amount loaned and amounts advanced to or for the benefit of Curepoint.

4. Because First Liberty was unable to provide documentation regarding the amount sought in the Claim, First Liberty ultimately agreed to a settlement in which the Claim would be reduced to $375,000 (the "**Claim Settlement**") and the Claim Settlement was approved by this Court pursuant to a Consent Order dated September 6, 2024 [Doc. No. 425 in Bankruptcy Case] (the "**Consent Order**").

5. The bar date for filing a claim in the Bankruptcy Case expired before the: a) SEC filed a complaint (the "**Complaint**") on July 11, 2025, against Defendants Edwin Brant Frost IV ("**Frost**") and First Liberty Building & Loan, LLC (together, "**Defendants**") and the Relief Defendants (as defined in the Appointment

2

Order); and b) District Court entered the Appointment Order to appoint the Receiver for the purposes of marshaling and preserving all assets of the Receivership Entities and the assets of Defendant Frost that: i) are attributable to funds derived from investors or clients of the Defendants; ii) are held in constructive trust for the Defendants; and/or iii) may otherwise be includable as assets of the estates of the Defendants.

6. The Appointment Order provides that the District Court takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated of the Receivership Entities, including the Defendant in this case. *See* Appointment Order, p. 2. The Appointment Order further defines "Receivership Property" as all "property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind." *See* Appointment Order ¶ 6(A). The interest of the Receivership Entities in any transfers to or for the benefit of Curepoint and underlying the Claim are Receivership Property.

7. The Appointment Order includes essential provisions to empower the Receiver to analyze and investigate assets, administer assets for the benefit of the

Receivership and harmed investors and creditors, and develop a fair and reasonable liquidation plan for all investors.

8. To provide the Receiver with the ability to fulfill the duties of the Receiver without being hindered or obstructed by litigation against property of the Receivership, in addition to freezing the Receivership Property, the District Court entered an injunction against interference with the Receiver (the "**Injunction**") and stay (the "**Stay**") of all civil legal proceedings involving any Receivership Property or the Receivership Entities until further order of the District Court. *See* Appointment Order ¶¶ 32-34. The Injunction protects against action that would "[d]issipate or otherwise diminish the value of any Receivership Property." *See* Appointment Order ¶ 32(C). Furthermore, the Stay under Section VII of the Appointment Order stays all litigation matters other than the litigation subject to the Receivership and clearly provides that no further actions should be taken against any assets or entities subject to the Appointment Order until further order of the District Court.

9. Since being appointed, the Receiver has endeavored to marshal and preserve the assets of the Receivership Entities. Incident thereto, the Receiver investigated the loans made by the Receivership Entities, including transfers to or for the benefit of Curepoint and obligations underlying the Claim.

10. As part of this investigation, the Receiver discovered that First Liberty advanced the sum of $2,150,542.30 on November 4, 2019 to satisfy and release a valid, non-insider loan originally made to the Debtor by Morris Bank. The Morris Bank loan, was acquired by Georgia Patient Care Preservation Note Holder LLC, an entity for which an insider of the Debtor, who had guaranteed the Morris Bank Note, served as the principal. The Receiver was advised and informed that this information was not produced to the Trustee at the time the First Liberty claim was settled.

11. The Trustee filed a Motion for Final Decree, which was to be heard by the Bankruptcy Court on September 16, 2025, incident to which the Trustee sought authority to make distributions to creditors.

12. Although the Receiver recognized that the parties may have acted based on information known as of the entry of the Claim Settlement, the Receiver: a) asserted in the Bankruptcy Case that the Claim was not sufficiently investigated and that the Claim Settlement did not reflect an accurate determination of the amount of the Claim; and b) prepared and filed a *Motion to Reconsider Claim* (Doc. No. 450 in the Bankruptcy Case) (the "**Motion to Reconsider**") in which the Receiver sought reconsideration of a Consent Order and to increase the allowed amount of the Claim.

13. The Receiver's Motion was vigorously opposed by the Trustee. In particular, the Trustee challenged the validity of the Morris Bank loan and overall transactions which took place between First Liberty and Curepoint and insiders of Curepoint. Further, the Trustee, along with another large creditor in the bankruptcy case contended, *inter alia,* that it would be unfair to allow an amendment of the claim at this late due to prior reliance on the consent order executed by First Liberty.

14. After exchanging information and engaging in good faith and arm's length negotiations, the Trustee and the Receiver agreed, subject to the approval of this Court, to a settlement (the "**Settlement**") to modify the Consent Order and Claim Settlement to increase the amount of the allowed general, unsecured claim of First Liberty in the Bankruptcy Case to Five Hundred Seventy Five Thousand Dollars ($575,000) in full and final resolution of the Motion to Reconsider. The Settlement does not address or impact any claims that may be asserted by the Receiver other than the Claim asserted in the Bankruptcy Case against Curepoint. Incident to such Settlement, the Receiver is to notify the Bankruptcy Court as to whether this Court has approved the Settlement.

## REQUESTED RELIEF AND BASIS FOR SUCH RELIEF

15. "The district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted).

16. Pursuant to this Motion, the Receiver seeks: a) the approval of the Settlement to modify the Consent Order and Claim Settlement to increase the amount of the allowed general, unsecured claim of First Liberty in the Bankruptcy Case to Five Hundred Seventy Five Thousand Dollars ($575,000); and b) authority to enter into the Settlement.

17. The Receiver believes, in an exercise of the good faith business judgment of the Receiver, that the Settlement is in the best interests of the Receivership and its creditors under the circumstances and that it should be approved by this Court.

18. The evaluation of any lawsuit or claim can be quite problematic and calls for a certain degree of speculation. Here, there has been an adequate and intelligent consideration of the merits of the claims, the difficulties of pursuing them, the potential harm or benefit to the Receivership caused by delay, and the fairness of the terms of the Settlement. The Receiver submits that the probability of success in litigation regarding the Claim is uncertain and that there are significant procedural

issues related to the disposition of the Bankruptcy Case. Notably, the Settlement does not negatively impact any right of the Receivership while increasing the allowed amount of the claim of First Liberty in the Bankruptcy Case without significant addition litigation expense. The amount of the allowed amount of the claim in the Bankruptcy Case reflects certain concerns raised by the Trustee regarding transfers between Curepoint and its insiders, on the one hand, and First Liberty, on the other; the availability of documentation; the fact that the Receiver was seeking to unwind a previously entered consent order executed by First Liberty; and the procedural hurdles that would need to be overcome to amend the Claim at this juncture in the Bankruptcy Case in which the Trustee is preparing for a final distribution in the Bankruptcy Case.

19. The Receiver concluded that further litigation with the Trustee would be risky and any recovery beyond the amount agreed to would be uncertain.

20. In light of the foregoing, the Receiver submits that consideration of this Motion at the earliest convenience of the Court is justified under the facts and circumstances presented and is in the best interests of the Receivership and its creditors.

21. Prior to filing this Motion and entering into this agreement, the Receiver consulted with counsel for the SEC who advised the Receiver that it had no objection to the proposed settlement.

WHEREFORE, Receiver requests that this Court enter the Order, substantially in the form as the proposed order attached as **<u>Exhibit A</u>** hereto, to: a) grant this Motion; b) approve and authorize the Settlement; c) authorize the Receiver to enter the Settlement on behalf of the Receivership; d) authorize and empower the Receiver to take all actions necessary to implement the relief granted in such order; and e) grant the Receiver such other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of December, 2025.

LAW OFFICES OF HENRY F. SEWELL, JR., LLC

*<u>/s/ Henry F. Sewell, Jr.</u>*
Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265
hsewell@sewellfirm.com
Phone: (404) 926-0053
2964 Peachtree Road NW, Suite 55
Atlanta, GA 30305
*Counsel for Receiver*

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　Plaintiff,<br>　　　v.<br>EDWIN BRANT FROST IV and<br>FIRST LIBERTY BUILDING & LOAN, LLC,<br>　　Defendants, and<br>FIRST LIBERTY CAPITAL PARTNERS LLC, et. al.,<br>　　Relief Defendants. | Civil Action File No.<br>1:25-cv-3826-MLB |

**ORDER APPROVING UNOPPOSED MOTION FOR AN ORDER APPROVING SETTLEMENT OF CLAIM IN BANKRUPTCY CASE OF CUREPOINT LLC**

This matter is before the Court on the *Unopposed Motion for an Order Approving Settlement of Claim in Bankruptcy Case of Curepoint LLC* [Doc. No. __] (the "**Motion**") that was filed by S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Receivership**"). The Motion seeks the entry of an order approving a Settlement[1] to modify the Consent Order and Claim Settlement to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

increase the amount of the allowed general, unsecured claim of First Liberty in the Bankruptcy Case to Five Hundred Seventy Five Thousand Dollars ($575,000) in full and final resolution of the Motion to Reconsider.

Upon the Court having reviewed and considered the Motion and the record in this Case, the Court determined that: 1) the relief requested in the Motion is in the best interests of the Receivership and its creditors; 2) the Court has jurisdiction over this proceeding; 3) the terms of the Settlement are fair and equitable; and 4) good and sufficient cause exist for the relief requested in the Motion, for the entry of this Order, and approval of the Settlement. Finding that no further notice or opportunity for hearing is required, for good cause shown, is it hereby ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. The Settlement is hereby approved and authorized.

3. The Receiver is authorized to enter the Settlement on behalf of the Receivership and authorized and empowered to take any and all steps necessary, in the sole discretion of the Receiver, to consummate and perform under the terms of the Settlement and this Order.

4. This Court shall retain jurisdiction to resolve any and all disputes arising from this Order and the Settlement.

**SO ORDERED**, this _____ day of December, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT COURT JUDGE


Prepared and Presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC

***/s/ Henry F. Sewell, Jr.***
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for the Receiver*

# CERTIFICATE OF COUNSEL REGARDING FONT SIZE AND CERTIFICATE OF SERVICE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D), and the attachments are consistent with Local Rule 5.1(B).

Counsel further certifies certify that I have this day electronically filed the foregoing *UNOPPOSED MOTION FOR AN ORDER APPROVING SETTLEMENT OF CLAIM IN BANKRUPTCY CASE OF CUREPOINT LLC* with the Clerk of Court via the CM/ECF system, which provides a link to a copy of the same electronically to all parties registered in this case.

This 22nd day of December, 2025.

        LAW OFFICES OF HENRY F. SEWELL, JR., LLC

        <u>*/s/ Henry F. Sewell, Jr.*</u>
        Henry F. Sewell, Jr., Esq.
        Georgia Bar No. 636265
        hsewell@sewellfirm.com
        Phone: (404) 926-0053
        Buckhead Centre
        2964 Peachtree Road NW, Suite 55
        Atlanta, GA 30305
        *Counsel for Receiver*