UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : : : : | |
| Defendants, and | : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : : : : : : | |
| Relief Defendants. | : | |

**UNOPPOSED THIRD MOTION BY RECEIVER FOR EXTENSION OF DEADLINES TO FILE: 1) SWORN STATEMENT AND ACCOUNTING; AND 2) LIQUIDATION PLAN**

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**"), through undersigned counsel, hereby respectfully moves this Court, after seeking prior approval from the Plaintiff, for an extension of

1

the deadlines to file the: 1) sworn statement and accounting; and 2) liquidation plan required under the Appointment Order, and in support thereof states as follows:

1. Pursuant to paragraph 9 of the Appointment Order, the Receiver is required to file with this Court, within ninety (90) days of the Appointment Order (October 9, 2025), a sworn statement and accounting covering the period from January 1, 2014, to the present. The required sworn statement and accounting must identify all Receivership Property (as defined in the Appointment Order), including securities, funds, real estate, and other assets, every bank or financial account used, held, or controlled by the Receivership Entities (as defined in the Appointment Order), all significant expenditures and asset transfers, and a comprehensive list of all investors, the funds they transferred, and the securities they purchased.

2. Pursuant to paragraph 53 of the Appointment Order, the Receiver is required to file with this Court, within ninety (90) days of the Appointment Order (October 9, 2025), a liquidation plan for fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property.

3. This Court previously extended each such deadline to February 6, 2026 in its *Order Granting Unopposed Second Motion By Receiver For Extension Of Deadlines To File: 1) Sworn Statement And Accounting; And 2) Liquidation Plan* entered November 24 2025 [Doc. 41].

4. As explained in the Receiver's First Status Report [Doc. No. 14] and the Receiver's First Quarterly Report [Doc. No. 32], the Receiver has made substantial progress in fulfilling the duties of the Receiver under the Appointment Order.

5. Based on the review of the computers of the Receivership Entities, and interviews of its administrator and other employees, the Receiver confirmed that the Receivership Entities did not manage their finances or maintain financial records in a readily usable manner. The Receiver continues to organize these records and continues to receive information from third parties, such as banks, lawyers and public records to understand the operations and transactions of the Receivership Entities with various third parties, insiders and affiliates, to identify claims the Receivership Estate may have against such parties, to discover additional assets of the Receivership Estate, and to confirm transfers between investors and the Receivership Entities. The Receiver continues to make progress in attempting to reconstruct information from records from financial institutions and various third parties and to import this information into a database, but is still in the process of completing the reconstruction and obtaining all bank records. Further, the sheer volume of information received from the Truist Bank, where First Libert's bank accounts were held, and the number of transactions requiring analysis in those

accounts, has further delayed the process of preparing the final accounting.

6. As already noted to the Court and the investors, the forensic reconstruction involves untangling transactions related to the funds of investors and numerous individual transactions. The Receiver is close to finishing this process and believes that he should be able to complete the account reconstruction may be completed within approximately thirty days.

7. The Receiver and the forensic accountant of the Receiver will largely rely on the forensic reconstruction in preparing the sworn statement and accounting and liquidation plan required by the Appointment Order. Therefore, to ensure the accuracy and completeness of the sworn statement and accounting and liquidation plan, it is necessary that the reconstruction be substantially completed.

8. As such, the Receiver seeks an additional 31 days, to and through Monday, March 9, 2026 to prepare and file the required sworn statement and accounting and an additional 90 days, to and through May 7, 2026, to file the liquidation plan. The Receiver will update the Court in the event that the current timeline changes.

9. The requested extension will not prejudice any party to this action and will allow the Receiver to comply fully with the directives of this Court.

10. The Receiver's Second Quarterly Report will be timely filed on January

4

30, 2026.

**WHEREFORE**, the Receiver respectfully requests that this Court grant: (i) an extension of time for the Receiver to file the sworn statement and accounting and distribution plan required by the Appointment Order to allow the sworn statement and accounting to be filed by up to and including Monday, March 9, 2026, and distribution plan to be filed by up to and including Thursday, May 7, 2026; and (ii) the Receiver such further relief as this Court deems just and proper.

**CERTIFICATION OF CONFERENCE**

The undersigned counsel certifies that that the Receiver conferred with counsel for the SEC, counsel for Defendants, and counsel for the Relief Defendants, regarding the relief requested herein and such counsel informed undersigned counsel that they have no opposition to the requested relief.

Respectfully submitted this 28th day of January, 2026.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver
Law Offices of Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

# CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on this day I electronically filed the foregoing *UNOPPOSED THIRD MOTION BY FOR EXTENSION OF DEADLINES TO FILE: 1) SWORN STATEMENT AND ACCOUNTING; AND 2) LIQUIDATION PLAN* using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: January 28th, 2026.

                        LAW OFFICES OF HENRY F. SEWELL JR., LLC

                        */s/ Henry F. Sewell, Jr.*
                        Henry F. Sewell, Jr.
                        Georgia Bar No. 636265
                        Counsel for the Receiver
                        Law Offices of Henry F. Sewell, Jr.
                        Buckhead Centre
                        2964 Peachtree Road NW, Suite 555
                        Atlanta, GA 30305
                        (404) 926-0053
                        hsewell@sewellfirm.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : : : : | |
| Defendants, and | : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : : : : : : | |
| Relief Defendants. | : | |

**ORDER GRANTING UNOPPOSED THIRD MOTION BY RECEIVER FOR EXTENSION OF DEADLINES TO FILE SWORN STATEMENT AND ACCOUNTING AND LIQUIDATION PLAN**

THIS CAUSE came before the Court upon the *Unopposed Third Motion by Receiver for Extension of Deadlines to File: 1) Sworn Statement and Accounting; and 2) Liquidation Plan* [ECF No. ____] (the "**Motion**"). The Court, having considered the Motion, and, being otherwise fully advised in the premises, it is **ORDERED** as follows:

1

1. The Motion is **GRANTED**.

2. The Receiver shall have up to and including Monday, March 9, 2026, to file the sworn statement and accounting required under the Order Appointing Receiver [ECF No. 6] and up to and including Thursday, May 7, 2026, to file the plan of liquidation of the Receiver required under the Order Appointing Receiver [ECF No. 6].

**DONE AND ORDERED** in the Northern District of Georgia, this _____ day of _____, 2026.

_____
MICHAEL L. BROWN
U.S. DISTRICT COURT JUDGE