**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:25-cv-3826-MLB |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

## SWORN STATEMENT AND ACCOUNTING

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**"), by and through counsel, hereby submits this **Sworn Statement and Accounting** (the "**Sworn Accounting**") in accordance with the duties of the Receiver under Paragraph 9 of the Appointment Order and states as

follows:

## I.   INTRODUCTION

1.     The Case commenced on July 11, 2025, with the filing of a complaint (the "**Complaint**") by the Securities and Exchange Commission (the "**SEC**") against Defendants Edwin Brant Frost IV ("**Frost**") and First Liberty Building & Loan, LLC ("**First Liberty**") (together, "**Defendants**") and Relief Defendants First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC (collectively, the "**Relief Defendants**"). In the Complaint, the SEC alleges that Frost engaged in investment fraud through First Liberty to the detriment of potentially hundreds of investors and other parties.

2.     Based on the record in the Case, the Court determined that the appointment of a receiver in this action was necessary and appropriate for the purposes of marshaling and preserving all assets of First Liberty, First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC ("**Receivership Entities**") and the assets of Defendant Frost that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) may otherwise be includable as assets of the estates of the

Defendants (collectively, the "**Recoverable Assets**"). *See* Appointment Order, p. 1.

3. On July 11, 2025, the Court entered the Appointment Order appointing S. Gregory Hays as the Receiver.

4. Under the terms of the Appointment Order, the Receiver sought and obtained approval to retain the Law Offices of Henry F. Sewell, Jr., LLC as counsel, Hays Financial Consulting, LLC as forensic accountant, and Stretto, Inc. ("**Stretto**") as administrative and claims agent for the Receiver (collectively, the "**Receiver's Professionals**").

5. The Receiver filed on July 21, 2025, *Receiver's First Status Report* [Doc. No. 14] (the "**First Report**") to provide an initial status report regarding the Receivership. The Receiver has also filed on October 30, 2025, a *First Quarterly Report of Receiver* [Doc. No. 32] (the "**First Quarterly Report**") and on January 30, 2026, a Second Quarterly Report of Receiver [Doc. No. 73] (the "**Second Quarterly Report**").

6. Pursuant to an Order entered by this Court on March 6, 2026 [Doc. No. 79], this Accounting is due on or before Monday, March 23, 2026.

## II.    ACCOUNTING

7. The Receiver and the Receiver's Professionals have sought to gather as much information as possible to gain a clear understanding of pertinent matters.

Incident to such investigation, the Receiver and the Receiver's Professionals have: a) collected records, computers, and removed all important documents from the offices of First Liberty located at 14 Greenville St, Newnan, GA 30263 (the "**Newnan Office**"); b) interviewed and communicated with parties with knowledge of any Receivership Assets; c) communicated with the former professionals of First Liberty; d) obtained access to the files and other accounting records of First Liberty; e) worked extensively with Truist Bank to obtain all transactions records (which were voluminous) for the several accounts maintained at Truist by the Receivership Entities and related entities; and f) contacted many of the known borrowers from First Liberty to ascertain the status of their loans and any available collateral.

8.      The investigation of the Receiver has been complicated by the fact that the loan files recovered by the Receiver were incomplete and not organized in any reliable way. The Receiver was unable to locate a clear list of borrowers and amounts payable and certain reports reviewed by the Receiver from the records do not appear to be accurate. For example, loan schedules indicate that certain loans have been paid off even though the principal balance was not repaid and other reports appear to have incorrect loan payoff figures.

9.      The investigation of the Receiver was further complicated due to the sheer volume of information provided by Truist Bank.    Truist Bank, which

cooperated with the Receiver, worked diligently with the Receiver to compile and produce the detailed transaction records for the tens of thousands of transactions in which the Receivership Entities engaged, but this process took several months to complete. In all, the Receiver reviewed approximately 48,000 separate banking transactions. Based on this extensive analysis, the Receiver has determined that a total of $155,725,017.95 was raised from investors by the Receivership Entities since 2014.

10. The Receiver, with the assistance of the Receiver's Professionals, prepared this Sworn Accounting pursuant to Paragraph 9 of the Appointment Order based on the investigation and analysis of the Receiver to date of the financial records of the Receivership Entities, including data contained in the records and bank statements of Receivership Entities and records submitted to the Receiver.

11. In light of the poor condition of the collected records and the voluminous information received from Truist, extensive tracing with bank records has been and will be required in this Receivership. Incident thereto, the Receiver and the forensic accountant of the Receiver needed to: a) gather, organize, and analyze all information provided herein from the Receivership Entities' bank records (including account statements, canceled checks, and wire transfer confirmations) produced by financial institutions and investment records produced by investors; b)

compare those records to the financial records maintained by the Receivership Entities' former management; and b) prepare a forensic reconstruction of the accounts of the Receivership Entities (the "**Forensic Reconstruction**").[1]

12. Since the Receiver was unable to locate a complete schedule of investors with contact information for investors, the Receiver compiled a list of investors from bank records, computer files, participation agreements, and other paper records. Such information will be verified with information from investors during the claims process.

13. The Receiver continues to advise borrowers, and reiterates this demand in this Sworn Accounting, that all borrowers must continue to pay loans in accordance with their applicable loan documents. At present, all of the loans are in default and interest, default interest, attorneys fees and other charges continue to accrue.

14. Persons and entities who borrowed money from any of the Receivership Entities and still owe money to First Liberty should continue to make required payments on their loans and should expect the Receiver to fully enforce and collect all loans to the fullest extent possible. All payments should be sent directly to the

---

[1] The Forensic Reconstruction is substantially completed, but is being refined as additional financial information and records are received from banks, other third parties, and investors.

Receiver.

## A. Appointment Order Paragraph 9(A) – Receivership Property

15.     Paragraph 9(A) of the Appointment Order, the Receiver shall provide an accounting of "all Receivership Property wherever located, held by or in the name of the Receivership Entities, or in which it, directly or indirectly, has or had any beneficial interest, or over which it maintained or maintains and/or exercised or exercises control." To date, the assets of the Receivership Entities of which the Receiver has identified and taken possession, custody, or control are listed on **Exhibit A** attached hereto. Paragraph 9(A)(b) of the Appointment Order specifically requires the Receiver to disclose all accounts, and all funds held therein, with any bank, brokerage, or other financial institution owned by or for the benefit of the Receivership Entities. All requested bank account information is provided in **Exhibit B** attached hereto. All of the bank accounts of the Receivership Entities of which the Receiver is aware were frozen pursuant to the *Consent Judgment* [Doc. No. 5], after which the account balances were transferred to the fiduciary accounts of the Receiver, as reflected on **Exhibit B** attached hereto, and the bank accounts of the Receivership Entities were closed. The Receiver is not aware of any brokerage accounts in the name of any of the Receivership Entities or in which any of the any Receivership Entities have signatory authority.

16.     The primary assets of the Receivership consist of unpaid loans made by the Receivership Entities.   A detailed summary of the status of each of these loans is set forth in the Receiver's Second Quarterly Report which is incorporated herein by reference and should be consulted for specific information about the loans.

17.     In addition to the assets listed in Exhibit "A", the Receiver anticipates pursuing fraudulent conveyance, insider and related claims (in addition to the loan claims) but has not yet quantified those claims.   The Receiver will report on litigation claims at a later date.

B. **Appointment Order Paragraph 9(B) –Accounts**

18.     Paragraph 9(B) of the Appointment Order requires the Receiver to identify "every account at every bank, brokerage or other financial institution: (a) over which Receivership Entities have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Entities." The bank accounts over which the Receivership Entities have ownership and/or signatory authority that the Receiver has identified to date are listed in **Exhibit B** attached hereto, which details the account holder name, bank name, redacted account number, account type, statement date ranges, closing balances, and location of closing balances.

C. **Appointment Order Paragraph 9(C) – Credit, Debit, and Charge Cards**

19.     Paragraph 9(C) of the Appointment Order requires the Receiver to identify "all credit, bank, charge, debit or other deferred payment card issued to or used by the Receivership Entities." The Receiver has gathered this information from the bank account statements produced to the Receiver. Based on a review of those bank accounts, the Receiver did not identify any credit cards, but has identified the two debit cards listed in **Exhibit B** attached hereto, which provides the account holder name, bank name, and redacted account number for each card.

20.     The Receiver canceled the two debit cards referenced on Exhibit B and obtained all of the statements for those two bank accounts, which statements reflect all expenditures made with the debit cards.  All of the data contained in such account statements was incorporated into the Forensic Reconstruction, from which the report of the receipts and disbursements of funds attached as **Exhibit C** was generated. Because the statements are voluminous, the Receiver did not attach the statements to this filing.  Should the Court wish to review the statements, the Receiver will submit them to the Court upon request.

21.     The Receiver continues reviewing the debit card statements to locate potential assets of the Estate and will report the findings of the Receiver to the Court in the quarterly status reports of the Receiver.

   D. **Appointment Order Paragraph 9(D) – Assets Received**

22.     Paragraph 9(D) of the Appointment Order requires the Receiver to identify "all assets received by the Receivership Entities from any person or entity, including the value, location, and disposition of any assets so received." Since the Receivership Entities did not maintain their financial records in an orderly manner, the forensic accountant of the Receiver had to reconstruct the financial records for the Receivership Entities using business records recovered from the Receivership Entities, bank statements, and other documents produced to the Receiver by various banks and investors.  The Receiver relied on the Forensic Reconstruction to create the report of receipts and disbursements for the Receivership Entities, for the period from January 1, 2014 to date (Exhibit C).[2]

### E. Appointment Order Paragraph 9(E) – Funds Received Related to Conduct Alleged in SEC's Complaint

23.     Paragraph 9(E) of the Appointment Order requires the Receiver to identify all funds received by the Receivership Entities in any way related to the conduct alleged in the complaint filed by the SEC. Such submission should "identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds." The Receiver relied on

---

[2] The Receiver's forensic accountant has categorized certain transactions as "Research" to indicate that the Receiver and his forensic accountant are still investigating these transactions to confirm their nature and purpose.

the Forensic Reconstruction and the records of the Receivership Entities, including the participation agreements, to create the schedule of all investors attached hereto as **Exhibit E**. The Receiver omitted investor names and personally identifying information from Exhibit E to protect the privacy and security of investors and prevent them from becoming targets of other allegedly fraudulent schemes.

24.    The Receiver's analysis to date shows that the Receivership Entities raised a total of $155,725,017.95 from investors while paying a total of $89,418.984.29 back to the investors.   Exhibit E plainly shows discrepancies in the treatment of investors with some investors having received more than their investment amounts and other having incurred significant losses.   As the Receiver continues to investigate these transactions, he will determine how to best address this issue, taking into account the Receivership's ability to recover the approximately $65,000,000 raised from investors but used for other purposes, including loans which remain unpaid.[3]

## F. Appointment Order Paragraph 9(G)[4] – Expenses Exceeding $1,000

25.    Paragraph 9(G) of the Appointment Order requires the Receiver to disclose all expenditures exceeding $1,000 paid by the Receivership Entities. The

---

[3] Any investor requesting that the Receiver identify their account to that investor should contact Dwaine Butler of the Receiver's office at 404-962-0062.

[4] The Appointment Order omits Paragraph 9(F).

Receiver relied on the Forensic Reconstruction to create the schedule of the expenses exceeding $1,000 of the Receivership Entities attached hereto as **Exhibit G**. Such schedule identifies the payee and payor for the period from January 1, 2014 to date, attached hereto and does not include disbursements to investors which were reported in **Exhibit C**.

### G. Appointment Order Paragraph 9(H) – Transfers of Assets

26.    Paragraph 9(H) of the Appointment Order requires the Receiver to report all transfers of assets made by the Receivership Entities. The Receivership Entities purchased and/or transferred real and personal property and funds. The Receiver has disclosed in **Exhibit A** all purchases of real and personal property by the Receivership Entities of which the Receiver is aware based on his investigation to date and the transfer of those assets. The Receiver has disclosed in **Exhibits C, E, and G** all transfers of funds by the Receivership Entities of which the Receiver is aware based on his investigation to date and the recipients of those funds. The Receiver continues to investigate the transfers of funds, real property, and other assets and will report any new information to the Court in quarterly status reports of the Receiver. In addition, pursuant to the Appointment Order, the Receiver will seek leave of Court to pursue recovery of those transfers to the extent the Receiver has viable claims.

## III.   CERTIFICATION OF RECEIVER

27.    The Receiver hereby certifies that the Sworn Statement and Accounting provided herein is true and correct to the best of his knowledge based on the financial records to which he currently has access and his investigation to date per the Verification attached hereto.  The Receiver will update various information provided in this Sworn Statement and Accounting in the quarterly status reports of the Receiver as new relevant information is discovered.

Respectfully submitted this 23rd day of March, 2026.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver

Law Offices of Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

## <u>CERTIFICATE OF SERVICE, FONT AND MARGINS</u>

I hereby certify that I electronically filed the foregoing using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record. I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: March 23, 2026.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver

Law Offices of Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : : : | |
| Defendants, and | : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : : : : : : | |
| Relief Defendants. | : | |

## VERIFICATION

Personally appeared before the undersigned officer duly authorized to administer oaths, S. Gregory Hays, not individually, but as Court-Appointed Receiver pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] that was entered in the above-captioned case, who states that the facts set forth in the within and foregoing *Sworn Statement and Accounting* are true and correct based on the current knowledge and investigation of the Receiver.

This 23rd day of March, 2026.

_____
S. Gregory Hays, not individually, but as
Court-Appointed Receiver

Sworn and subscribed before me this 23rd day of March, 2026.

Notary Public: _____

My commission expires: 3 / 10 / 2030