# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | **Civil Action File No.** |
| | : | **1:25-cv-3826-MLB** |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

## MOTION BY RECEIVER TO EXPAND RECEIVERSHIP WITH BRIEF IN SUPPORT THEREOF

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**"), by and through counsel, hereby files this *Motion by Receiver to Expand Receivership With Brief in Support Thereof* (the "**Motion**") to move this Court to add the following nine (10) entities as Receivership Entities (as

that term is defined in the Appointment Order) in this case, *to wit*: (i) Legacy Family Partners LLC; (ii) MyHealth AI LLC; (iii) First Liberty Capital, LLC; (iv) FLC Holdings LLC; (v) Family Financial Partners LLC ("**FFP**"); (vi) Liberty Healthcare Technology LLC; (vii) First Liberty Leasing Stone SPE; (viii) SBA Loan Services LLC; (ix) First Liberty Leasing LLC; and (x) an unincorporated entity named First Liberty Capital Funding together with a bank account held in that entity's name at Truist Bank (individually each an "**Additional Party**" and collectively, the "**Additional Parties**"). The Receiver requests that each Additional Party be considered as a Receivership Entity in accordance with the Appointment Order and that the expansion of the Receivership include each such Additional Party along with any and all assets of each such Additional Party including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash.

## I.   INTRODUCTION

1.   Pursuant to the Appointment Order, the Receiver was appointed to marshal and preserve all assets of First Liberty Building & Loan, LLC ("**First Liberty**"), First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC (collectively, the "**Receivership Entities**") and the assets of Edwin Brant Frost IV ("**Frost**") that: (a) are attributable to funds derived from investors or clients of

Frost or First Liberty (collectively, the "**Defendants**"); (b) are held in constructive trust for the Defendants; and/or (c) may otherwise be includable as assets of the estates of the Defendants (collectively, the "**Recoverable Assets**"). *See* Appointment Order, p. 1.

2. Since the appointment of the Receiver, the Receiver has taken control of the assets and books and records of the Receivership Entities, commenced an investigation of the assets and liabilities of the Receivership Assets and otherwise carried out the duties and obligations set forth in Appointment Order. Incident to such investigation, the Receiver researched the involvement of the Receivership Entities in related entities. The Additional Parties were identified as possible recipients of diverted scheme proceeds from the Receivership Entities. Attached as **Exhibit A** is a schedule of funds transferred to or for the benefit of each of the Additional Parties that have been identified by the Receiver as of the date of this Motion.

3. In addition, each of the Additional Parties held bank accounts at Truist Bank as of the appointment of the Receiver. The amount held by each entity is as follows:

- Legacy Family Partners LLC      $7,738.27
- MyHealth AI LLC      $26,129.86
- First Liberty Capital, LLC      $23,116.74

- FLC Holdings LLC      $1,146.18
- Family Financial Partners LLC      $6,312.00
- Liberty Healthcare Technology LLC      $2,461.41
- First Liberty Leasing Stone SPE      $4,965.05
- SBA Loan Services LLC      $385.42
- First Liberty Leasing LLC      $384.99
- First Liberty Capital Funding      $210,606.07 (see below)

4.  Two of the entities to be added to the Receivership require further explanation and discussion in addition to the information set forth herein and in **Exhibit A**.

5.  With respect to FFP, the Receiver has reviewed the banking records of this entity which show that the primary source for funding of this entity was a transfer from The Liberty Group, LLC (already a Receivership Entity) in the amount of $410,000. Of this sum, $300,000 was apparently used to purchase 622,500 shares of Old Glory Bank ("**Old Glory**") in the name of FFP. Further, the Receiver believes and is informed that these funds were also used to purchase 50,000 shares of Old Glory in the name of Brant Frost V and 100,000 shares in the name of Brant Frost IV. This has now become an important issue as the Receiver is advised that Old Glory is engaged in a transaction which may result in a significant recovery for the value of this stock. Given that this stock purchase was funded by a Receivership Entity, the Receiver believes that this entity should be included in the Receivership and the stock held in its name liquidated for the benefit of investors. In the event of

opposition to the inclusion of this entity in the Receivership, the Receiver reserves the right to provide further evidence supporting the expansion of the Receivership to include this entity[1].

6.      With respect to First Liberty Capital Funding, the Receiver can find no evidence that this entity was ever incorporated and believes it may be a "dba" for one or more of the other Receiver Entities. However, First Liberty Capital Funding is currently the name of an account ending in *2852 at Truist holding $210,606.07 for which Brandt Frost IV serves as a signatory. The Receiver wishes to preserve these funds for the benefit of investors and to add this entity and account to the Receivership. Notably, when the account ending in *2852 was frozen, the account was named First Liberty Capital LLC (one of the other Additional Parties) and had a balance of $265,344.71. *See* Consent Judgment, Doc. No. 5. Although the account was supposed to be frozen, certain funds were used as follows:

| | |
|---|---|
| $265,344.71 | Frozen Balance |
| ($20,000.00) | To Frost Post Freeze Acct |
| ($34,733.64) | Chalmers, Adams, Backer & Kaufman LLC |
| ($5.00) | Unknown Distribution |
| $210,606.07 | Turned Over to Receiver |

7.      Out of an abundance of caution and given that Mr. Frost is a signatory

---

[1] The Receiver reserves all rights to seek additional relief with respect to the stock issued to Mr. Frost IV and Mr. Frost V but is not seeking any relief with respect to such stock in this Motion.

for the account, the Receiver believes that the best way to address the uncertainty is to expand the Receivership to include First Liberty Capital Funding.

8. The Receiver believes that the expansion of the Receivership is necessary to: a) effectively safeguard assets; b) guard against potential dissipation; and c) ensure that all available assets, including, but not limited to any funds arising from any Receivership Entities and any interests in any assets such as interests in Old Glory stock that were acquired with any funds of the Receivership Entities, are brought within the Receivership for proper distribution to the creditors and, as such, requests that this Court expand the Receivership to include the Additional Parties and any and all assets of the Additional Parties, including, but not limited to, any real property, interests in any assets such as shares of Old Glory, claims, causes of action, contract rights, leases, bank accounts and cash. The Receiver specifically requests that each Additional Party be added as a Receivership Entity subject to the terms and conditions of the Appointment Order.

## II. FACTS

### a. New Entities to be Added to Receivership.

9. The Additional Parties are Georgia entities affiliated with Frost and the Receivership Entities with First Liberty Capital Funding being an unregistered name believed to be dba for one of the other affiliated entities.

10. Upon information and belief arising from the preliminary investigation by the Receiver, the Additional Parties: a) received proceeds from the scheme giving rise to this Receivership without providing any value in return and, as such, were unjustly enriched thereby; b) were not separate and distinct from the Receivership Entities received proceeds from the scheme giving rise to this Receivership without providing any value in return and, as such, were unjustly enriched thereby; and c) may have obtained assets incident to the scheme giving rise to this Receivership.

11. Given the history of commingling and the fact that no one is available to manage the Additional Parties other than the Receiver, the Receiver recommends the Additional Parties be put into receivership and added as Receivership Entities as that term is used in the Appointment Order.

12. This Motion is filed in furtherance of the duties and obligations assigned to the Receiver by this Court.

## III. LEGAL ANALYSIS AND CITATION OF AUTHORITY

13. A "Receiver's primary objective . . . is to ensure that all available assets are brought within the Receivership and may then be properly distributed to creditors." *S.E.C. v. Elmas Trading Corp.*, 620 F. Supp. 231, 234 (D. Nev. 1985), aff'd, 805 F.2d 1039 (9th Cir. 1986).

14. This Court has "broad powers and wide discretion to determine relief

in an equity receivership . . .. This discretion derives from the inherent powers of an equity court to fashion relief." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citation omitted).

15.     The "expansion of an equity receivership may be appropriate where the requested expansion 'is necessary to effectively safeguard assets for the benefit of investors . . . and to guard against potential dissipation.'" *CCUR Aviation Fin., LLC v. S. Aviation, Inc.*, No. 21-CV-60462, 2021 WL 1738764, at *2–3 (S.D. Fla. May 3, 2021) (citation omitted) (involving receiver seeking to expand receivership to include property rather than the entity itself). "Receiverships have been expanded by use of the alter ego doctrine to include entities related to defendants where funds have been commingled or corporate assets used for personal purposes." *See Sec. & Exch. Comm'n v. Torchia*, No. 1:15-CV-3904-WSD, 2016 WL 6212002, at *3 (N.D. Ga. Oct. 25, 2016) (citation omitted)(finding expansion appropriate where evidence was sufficient to determine that defendants and target entities were alter egos or at the very least the target entities were substantially funded with proceeds from the scheme of the defendants where assets were commingled in the same under the direction of the same party).

16.     Expansion of a receivership is also appropriate upon a finding that entities outside the receivership were not separate and distinct from the receivership

entities. *See SEC v. Elmas Trading Corp.*, 620 F. Supp. 231, 233-34 (D. Nev. 1985) (adding additional entities under the doctrines of alter ego doctrine and piercing the corporate veil where certain factors are found like commingling of funds and personal use of assets).

17. The Receiver has investigated the assets of the Additional Parties in order to gain an understanding of the use of the funds and assets of the Receivership Entities. As set forth herein and in **Exhibit A**, such investigation revealed commingling of funds, similar ownership in the different entities, absence of corporate assets, failure to maintain arm's length relationships among entities, and manipulation of assets and liabilities between entities.

18. In light of the exchange of tainted proceeds, commingling of funds, intertwined businesses, and related principals, among other things, the requested expansion is necessary to effectively safeguard assets for the benefit of investors and to guard against potential dissipation. Indeed, the assets of the Additional Parties may be lost if the Receivership is not expanded to allow the Receiver to preserve the assets of the Additional Parties for the benefit of all creditors.

19. In this case, it is proper for the Court to expand the Receivership to include the Additional Parties due to the fact that (a) the assets of the entities have been commingled in the same collective enterprise; and (b) the value remaining in

the Additional Parties may be lost to all investors if the assets are incorporated into the Receivership.

20. Under the circumstances, the court is authorized to expand the Receivership to include the Additional Parties and the Receiver recommends that the Additional Parties be added to the Receivership. Incident thereto, the Receiver requests that the Court extend any orders currently applicable to the Receiver, the Defendants, and the Relief Defendants in Receivership, regarding Receivership, to similarly apply to the Additional Parties. The relevant orders regarding the treatment and disposition of assets by the Receiver include, but are not limited to, Doc. No. 6 (Order Appointing Receiver). In the Receivership, the intent of the Receiver is to treat the investors in the Additional Parties the same as the investors in First Liberty, but the Receiver will seek further guidance from the Court before making a decision whether to pool the assets of the Additional Parties with each other or with the other Defendants or Relief Defendants.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Receiver requests that this Court grant this Motion, rule on whether the Additional Parties should be placed into the Receivership, enter an order, substantially in the form as attached as **Exhibit B** hereto, adding the Additional Parties to the Receivership, and grant the Receiver

such other and further relief as is just and proper.

Respectfully submitted this 30th day of April, 2026.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver

Law Offices of Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

**EXHIBIT A**

**SEC V. First Liberty et al**
**Transactions with Receiver Entities and Additional Parties**

| Entity | Total Received from Receiver Entities | Count | Total Paid Back to Receiver Entities | Count | |
|---|---|---|---|---|---|
| Family Financial Partners LLC | $434,000.00 | 7 | $24,000.00 | 3 | |
| First Liberty Capital LLC | $31,517,439.59 | 709 | $25,104,326.24 | 984 | |
| First Liberty Leasing Stone SPE | $5,000.00 | 1 | | | |
| First Liberty Leasing LLC | $500.00 | 1 | | | |
| FLC Holdings LLC | $1,200.00 | 3 | | | (1) |
| Legacy Family Partners LLC | $187,200.00 | 10 | $220,000.00 | 10 | (1) |
| Liberty Healthcare Technology LLC | $5,000.00 | 1 | $2,500.00 | 1 | |
| MyHealth AI LLC | $91,000.00 | 4 | | | |
| SBA Loan Services LLC | $500.00 | 1 | | | |
| | $32,241,839.59 | 737 | $25,350,826.24 | 998 | |

**(1) Transactions between First Liberty Capital LLC and Additional Parties:**

| | | | | | |
|---|---|---|---|---|---|
| FLC Holdings LLC | $400,200.00 | 5 | $400,000.00 | 1 | |
| Legacy Family Partners LLC | $724,110.85 | 53 | $113,000.00 | 3 | |
| | | 58 | | 4 | |

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | **1:25-cv-3826-MLB** |
| v. | : | |
| | : | |
| **EDWIN BRANT FROST IV and** | : | |
| **FIRST LIBERTY BUILDING & LOAN, LLC,** | : | |
| | : | |
| **Defendants, and** | : | |
| | : | |
| **FIRST LIBERTY CAPITAL PARTNERS** | : | |
| **LLC, FIRST NATIONAL INVESTMENTS** | : | |
| **LLC, MYHEALTHAI CAPITAL LLC,** | : | |
| **THE LEGACY ADVISORY GROUP INC.,** | : | |
| **and THE LIBERTY GROUP LLC,** | : | |
| | : | |
| **Relief Defendants.** | : | |

**ORDER GRANTING MOTION BY RECEIVER TO EXPAND**
**RECEIVERSHIP**

This matter came on for hearing before this Court on the *Motion by Receiver to Expand Receivership With Brief in Support Thereof* (the "**Motion**") that was filed by S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc.

No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**"). The Motion seeks to expand the Receivership established by the Appointment Order to add the following ten (10) entities as Receivership Entities (as that term is defined in the Appointment Order) in this case, *to wit*: (i) Legacy Family Partners LLC; (ii) MyHealth AI LLC; (iii) First Liberty Capital, LLC; (iv) FLC Holdings LLC; (v) Family Financial Partners LLC ("**FFP**"); (vi) Liberty Healthcare Technology LLC; (vii) First Liberty Leasing Stone SPE; (viii) SBA Loan Services LLC; (ix) First Liberty Leasing LLC; and (x) an unincorporated entity named First Liberty Capital Funding together with a bank account held in that entity's name at Truist Bank (collectively, the "**Additional Parties**"). The Receiver requests that the expansion include any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash.

This Court has considered the Motion and the memorandum of law filed in support thereof and finds that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it has jurisdiction over the parties.

2. This Court is proper venue for this case.

3. This Court initially appointed the Receiver pursuant to the

Appointment Order.

4.      The Receiver investigated the assets of the Additional Parties in order to gain an understanding of the use of the funds and assets of the Receivership Entities. Such investigation revealed commingling of funds, similar ownership in the different entities, absence of corporate assets, failure to maintain arm's length relationships among entities, and manipulation of assets and liabilities between entities.

5.      The Receiver has recommended that the Receivership established in the Appointment Order be expanded as set forth in the Motion and the Court finds that there is good cause and sufficient basis for such relief as, among other things, the requested expansion is necessary to effectively safeguard assets for the benefit of investors and to guard against potential dissipation.

6.      The Motion was served upon the Defendants at their last known address and emailed to counsel for the Defendants.

7.      Notice of the Hearing was given by the SEC to the Defendants at their last known address and to the email address of counsel for the Defendants.

8.      Due and adequate notice of the Motion and of the Hearing has been provided to the Defendants.

9.      No opposition has been filed to the Motion

ACCORDINGLY, and for good cause shown, it is hereby

ORDERED, that the Motion is GRANTED; and it is

FURTHER ORDERED, that Receivership established in the Appointment Order is hereby expanded to include the Additional Parties and any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash; and it is

FURTHER ORDERED, that the term "Receivership Entities" or "Receivership Parties" as used in the Appointment Order shall also apply to the Additional Parties such that any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash shall be included as "Receivership Assets" as used in the Appointment Order; and it is

FURTHER ORDERED, that the Receiver is expressly authorized and directed to exercise any or all of the duties and powers of the Receiver set forth in the Appointment Order with respect to the Additional Parties and any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash; and it is

FURTHER ORDERED, that the Appointment Order shall remain in full force and effect without any modification except only for the expansion of the

appointment of the Receiver as set forth herein; and it is

FINALLY ORDERED, that the Receiver shall serve this Order upon the Defendants at their last known addresses and email address for counsel for the Defendants within three (3) business days of the date of this Order and to file a Certificate of Service with this Court evidencing such service.

**SO ORDERED** this _____ day of _____, 2026.

_____
**MICHAEL L. BROWN**
**United States District Judge**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | **Civil Action File No.** |
| | : | **1:25-cv-3826-MLB** |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *MOTION BY RECEIVER TO EXPAND RECEIVERSHIP WITH BRIEF IN SUPPORT THEREOF* with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This 30th day of April, 2026.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Counsel for the Receiver

Law Offices of Henry F. Sewell, Jr.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com