**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : | |
| Plaintiff, | : : | Civil Action File No. 1:25-cv-3826-MLB |
| v. | : : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : : : | |
| Defendants, and | : : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : : : : : : | |
| Relief Defendants. | : | |

**ORDER GRANTING MOTION BY RECEIVER TO EXPAND**
**RECEIVERSHIP**

This matter came on for hearing before this Court on the *Motion by Receiver to Expand Receivership With Brief in Support Thereof* (the "**Motion**") that was filed by S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc.

No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**"). The Motion seeks to expand the Receivership established by the Appointment Order to add the following ten (10) entities as Receivership Entities (as that term is defined in the Appointment Order) in this case, *to wit*: (i) Legacy Family Partners LLC; (ii) MyHealth AI LLC; (iii) First Liberty Capital, LLC; (iv) FLC Holdings LLC; (v) Family Financial Partners LLC ("**FFP**"); (vi) Liberty Healthcare Technology LLC; (vii) First Liberty Leasing Stone SPE; (viii) SBA Loan Services LLC; (ix) First Liberty Leasing LLC; and (x) an unincorporated entity named First Liberty Capital Funding together with a bank account held in that entity's name at Truist Bank (collectively, the "**Additional Parties**"). The Receiver requests that the expansion include any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash.

This Court has considered the Motion and the memorandum of law filed in support thereof and finds that:

1.    This Court has jurisdiction over the subject matter of this case and there is good cause to believe it has jurisdiction over the parties.

2.    This Court is proper venue for this case.

3.    This Court initially appointed the Receiver pursuant to the

Appointment Order.

4.      The Receiver investigated the assets of the Additional Parties in order to gain an understanding of the use of the funds and assets of the Receivership Entities. Such investigation revealed commingling of funds, similar ownership in the different entities, absence of corporate assets, failure to maintain arm's length relationships among entities, and manipulation of assets and liabilities between entities.

5.      The Receiver has recommended that the Receivership established in the Appointment Order be expanded as set forth in the Motion and the Court finds that there is good cause and sufficient basis for such relief as, among other things, the requested expansion is necessary to effectively safeguard assets for the benefit of investors and to guard against potential dissipation.

6.      The Motion was served upon the Defendants at their last known address and emailed to counsel for the Defendants.

7.      Notice of the Hearing was given by the SEC to the Defendants at their last known address and to the email address of counsel for the Defendants.

8.      Due and adequate notice of the Motion and of the Hearing has been provided to the Defendants.

9.      No opposition has been filed to the Motion

ACCORDINGLY, and for good cause shown, it is hereby

ORDERED, that the Motion is GRANTED; and it is

FURTHER ORDERED, that Receivership established in the Appointment Order is hereby expanded to include the Additional Parties and any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash; and it is

FURTHER ORDERED, that the term "Receivership Entities" or "Receivership Parties" as used in the Appointment Order shall also apply to the Additional Parties such that any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash shall be included as "Receivership Assets" as used in the Appointment Order; and it is

FURTHER ORDERED, that the Receiver is expressly authorized and directed to exercise any or all of the duties and powers of the Receiver set forth in the Appointment Order with respect to the Additional Parties and any and all assets of the Additional Parties, including, but not limited to, real property, claims, causes of action, contract rights, leases, bank accounts and cash; and it is

FURTHER ORDERED, that the Appointment Order shall remain in full force and effect without any modification except only for the expansion of the

appointment of the Receiver as set forth herein; and it is

FINALLY ORDERED, that the Receiver shall serve this Order upon the Defendants at their last known addresses and email address for counsel for the Defendants within three (3) business days of the date of this Order and to file a Certificate of Service with this Court evidencing such service.

**SO ORDERED** this 19th day of May, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE