UNITED STATES DISTRICT COURT
NORTHERN DISTERICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC,<br><br>Defendants, and<br><br>FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTH AI CAPITAL, LLC; THE LEGACY ADVISORTY GROUP INC., AND THE LIBERTY GROUP LLC,<br><br>Relief Defendants. | ) | CIVIL ACTION NUMBER:<br><br>1:25-CV-03826-MLB |

**<u>CORRECTED MOTION TO SET ASIDE ORDER AND FOR RECONSIDERATION OF THE ORDER EXPANDING RECEIVERSHIP TO INCLUDE FAMILY FINANCIAL PARTNERS, LLC ("FFP") AND FFP'S ASSETS</u>**

On April 30, 2026, the Receiver filed its "Motion by Receiver to Expand Receivership with Brief in Support Thereof" seeking to add ten entities as Receivership Entities, as that term is defined in the original Appointment Order. (ECF # 84). The Motion contends that by adding these entities, including Family

Financial Partners, LLC ("FFP"), not only would FFP be added to the Receivership, but all of its assets would also be added to the Receivership.

Despite the fact that counsel for FFP had spoken with the Receiver's counsel in the past about his representation of FFP and Krista Frost (FFP's sole member and Manager), the Receiver did not serve his Motion on counsel for FFP. The Receiver knew that counsel for FFP was not counsel of record in the Receivership case, because prior to the endeavor to add FFP to the Receivership, FFP was not a party.

Through apparent oversight, nevertheless, the Receiver failed to provide notice to FFP and its counsel and therefore, FFP and its counsel had no knowledge that FFP's very continued existence as well as its assets, were the subject of the Motion. FFP and Krista Frost had no notice that a response to the Motion was appropriate.[1] As a result of Receiver's mistake, FFP and Krista Frost had no opportunity to be heard on a matter that adversely impacted their interests.

On May 20, 2026, the Receiver's Counsel sent via email to undersigned counsel (counsel for FFP and its owner, Krista Frost) a copy of the signed Order that

---

[1] Moreover, though the Motion and the Proposed Order stated that notice was sent to "the Defendants" (referring to the Defendants and their counsel in the Receivership action) and that those Defendants were personally served with the Motion, the Defendant, Edwin Brant Frost IV, was never personally served. And thus, FFP and its owner (Krista Frost, who is married to Edwin Brant Frost, IV) had no notice of the pendency of this proceeding.

had been proposed by the Receiver and signed by Hon. Michael L. Brown on May 19, 2026 (ECF # 89).

There are numerous reasons that the Order to add FFP to the Receivership should not have been granted.

1. The failure to serve counsel for FFP, or provide any notice whatsoever to FFP or its owner, that the LLC was the subject of the Motion is reason enough to set aside the Order and provide time for FFP to respond to the Motion.[2]
2. The Motion and proposed Order inaccurately claims that personal service was delivered to Edwin Brant Frost IV, and that Notice of "the Hearing" was provided to the Defendants (including Edwin Brant Frost IV) personally. No such notice was provided to the Edwin Brant Frost IV, and counsel for FFP is not aware that any hearing was scheduled or held.
3. The Motion inaccurately claims that the assets of FFP were derived from the assets of The Liberty Group and are subject to the Receivership for the benefit of creditors/investors of First Liberty, et al. In fact, there was consideration provided by FFP for the purchase of its assets and therefore,

[2] In fact, the Receiver acknowledged that if there was any opposition to the inclusion of FFP in the Receivership, the Receiver reserves the right to provide further evidence supporting the expansion of the Receivership to include FFP. *Id.* at ¶5, page 5.

the assets are not subject to being corralled into the Receivership for the benefit of any creditors. The allegation in ¶10 of the Motion incorrectly asserts that no value was provided in return for the assets provided to FFP for the purchase of the stock.

4. The Motion inaccurately asserts as to FFP that no one is available to manage the entity except the Receiver (¶ 11). In fact, Krista Frost as the sole member and Manager of FFP is fully competent and duly authorized to manage the affairs of FFP.
5. The Receiver inaccurately claims that there is some urgency to this matter, because certain assets of FFP (to wit, Old Glory Holding Company bank stock), "is engaged in a transaction which may result in a significant recovery for the value of this stock." *Id*. ¶ 5. In fact, the stock held by FFP is subject to a lock-up agreement which will not permit the disposition of any of this stock until early 2027 at the earliest.
6. The Receiver's summary of the flow of funds in ¶ 5 of the motion is inaccurate in several respects, including the recitation of the amount of money that funded the purchase of the Old Glory stock and the number of shares that were purchased.

7. In addition, the claim that the money deployed to purchase the stock was derived from fraudulent activity is inaccurate. The money was "clean" money and is therefore not subject to the Receivership proceedings.

For these reasons, and to afford Due Process to FFP and to its owner and sole member, Krista Frost, to contest the effort to place the LLC that she owns and its assets in receivership and to afford to them an opportunity to be heard on this matter, FFP and Krista Frost urge court to:

(1) Set aside the Order entered on May 20, 2026 granting the Receiver's Motion, at least insofar as it applies to FFP;

(2) Grant FFP and Krista Frost 30 days to respond to the Motion (ECF # 84).

(3) Set this matter down for a hearing in order:

  a. To grant this Motion to Set Aside the Order, and

  b. To hear from FFP and Krista Frost why the Motion to add FFP to the Receivership should not be granted.

(4) Award Attorney's Fees to FFP and Krista Frost based on the Receiver's failure to properly notify counsel for FFP and Krista Frost and properly serve the Motion on FFP and Krista Frost, thus necessitating the filing of this Motion to set aside the Order and allow FFP and Frista Frost to contest the Receiver's endeavor to place FFP and its assets in receivership.

Respectfully submitted this 27th day of May, 2026.

GARLAND, SAMUEL & LOEB, P.C.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Georgia Bar Number: 624475

Attorney for Krista Frost and
Family Financial Partners, LLC

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Tel.: 404-262-2225
Fax: 404-365-5041
Email: dfs@gsllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing CORRECTED MOTION TO SET ASIDE ORDER AND FOR RECONSIDERATION OF THE ORDER EXPANDING RECEIVERSHIP TO INCLUDE FAMILY FINANCIAL PARTNERS, LLC ("FFP") AND FFP'S ASSETS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Respectfully submitted this 27th day of May, 2026.

GARLAND, SAMUEL & LOEB, P.C.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Georgia Bar Number: 624475

Attorney for Krista Frost and
Family Financial Partners, LLC

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Tel.: 404-262-2225
Fax: 404-365-5041
Email: dfs@gsllaw.com