# EXHIBIT 14



# EHDH

Epps, Holloway, DeLoach & Hoipkemier, LLC

| | |
|---|---|
| Kevin E. Epps | David Quilliams, *of counsel* |
| Kelly C. Holloway | Morris H. Wiltshire, Jr., *of counsel* |
| Jeffrey W. DeLoach | |
| Adam L. Hoipkemier | |
| Tyler M. Gaines | |
| M. Claire Kimbrell | |
| Lucas V. Boggs | |

August 15, 2025

*Delivered via Electronic Mail*

Henry Sewell, Esq.
hsewell@sewellfirm.com

> RE:    First Liberty Capital Partners, LLC ("First Liberty") and Lisa Brown ("Client")

Dear Mr. Sewell,

Thank you for speaking with me last week.  As you know, my Client, through three (3) separate entities owned solely by my Client, executed three (3) separate promissory notes (the "Notes") with First Liberty. The Notes were executed on May 23, 2023, January 4, 2024, and April 23, 2025 respectively. My Client's records do not identify how the draws taken by my Client were allocated to the Notes. Additionally, while the Notes total $5,700,000.00, my Client did not receive $5,700,000.00. Based on the actual draws taken by my Client from First Liberty, the amount my Client received totaled $2,592,641.00.

The Notes, along with the associated draws and payments, were mismanaged by First Liberty. Ultimately, it is impossible to understand the mind of a thief, such as Brandt Frost with his many entities and facades. As a result, we made the analysis as simple as possible: money in, money out, and interest. As explained in more detail below, the outstanding balance owed by my Client is $743,888.14 as of August 15, 2025.

Attached is a detailed spreadsheet of money in, money out, and interest. Significantly, the draws listed only include draws pertaining to the Winder Construction draws ("Winder") and the Athens/Snellville draws. The draws pertaining to Winder are highlighted in orange. I have also attached all checks paid by First Liberty. Each check has been labeled with a Bates number that is listed next to each draw on the spreadsheet.

1220 Langford Drive  ·  Building 200, Suite 101  ·  Watkinsville, Georgia 30677
P:  706.508.4000  ·  F:  706.842.6750  ·  ehdh@ehdhlaw.com

August 14, 2025
Page 2

       As of August 15, 2025, my Client has an outstanding balance of $743,888.15 ("August 15, 2025 Remaining Balance"). The per diem interest as of August 15, 2025, is $366.65. The following explains how these numbers were calculated:

- The principal amounts and interest accrued on each draw from the initial draw on November 18, 2022, through the draw made on May 9, 2025, were calculated accordingly. On May 19, 2025, the outstanding balance owed was $3,223,755.52.

- On May 19, 2025, my Client paid a $2,503,497.00 to First Liberty upon the closing of her Snellville property. After applying this payment, my Client had a remaining balance owed of $720,258.52 ("May 19, 2025 Remaining Balance").

- Thereafter, my Client did not take another draw until May 30, 2025. Between May 19, 2025, and May 30, 2025, $3,907.16 in interest accrued on the May 19, 2025 Remaining Balance.

- On May 30, 2025, my Client took a draw of $2,900.00 ("May 30, 2025 Draw"), making the remaining balance $727,065.68 ("May 30, 2025 Remaining Balance").

- Thereafter, no activity occurred until my Client made a payment on July 11, 2025. Between May 30, 2025 and June 11, 2025, $4,302.64 in interest accrued on the May 30, 2025 Remaining Balance.

- On June 11, 2025, my Client paid a total of $26,666.67 towards her remaining balance, making the outstanding balance as of June 11, 2025 $704,701.64 ("June 11, 2025 Remaining Balance"). I would note that my Client repeatedly requested a payoff from First Liberty but was never provided an amount. Thus, my Client paid this amount in order to show good faith compliance.

- Thereafter, no activity occurred until my Client took a draw on June 13, 2025. Between June 11, 2025 and June 13, 2025, $695.05 in interest accrued on the June 11, 2025 Remaining Balance.

- On June 13, 2025, my Client took a draw of $11,600.00 ("June 13, 2025 Draw"), making the outstanding balance as of June 13, 2025 $716,996.69 ("June 13, 2025 Remaining Balance").

- Thereafter, no further activity occurred until my Client took a draw on June 20, 2025. Between June 13, 2025, $2,475.11 in interest accrued on the June 13, 2025 Remaining Balance.

August 14, 2025
Page 3

- On June 20, 2025, my Client took a draw of $6,900.00 ("June 20, 2025 Draw"), making the outstanding balance as of June 20, 2025 $723, 896.69 ("June 20, 2025 Remaining Balance"). The June 20, 2025 Draw was the final transaction relating to the Notes.

- Between June 20, 2025 and August 15, 2025, $19,991.45 in interest accrued on the June 20, 2025 Remaining Balance.

- Using the timeline and explanation above, as of August 15, 2025 my client owes $743,888.14.

- The per diem on the Notes is $366.85.

We have attempted to explain the Notes and the draws based on the recorded numbers and supporting documentation, all of which have been supplied with this correspondence. If you have reason to believe these numbers are incorrect, please respond accordingly.

Given the very high per diem and the failure of First Liberty to provide requested payoff information in the past, my Client wants to resolve this situation in an expedited fashion.

Sincerely,

**EPPS, HOLLOWAY, DELOACH
& HOIPKEMIER, LLC**

/s/ Kevin E. Epps

Kevin E. Epps

KEE/lrr
Enclosures



# EHDH

Epps, Holloway, DeLoach & Hoipkemier, LLC

Kevin E. Epps

Kelly C. Holloway

Jeffrey W. DeLoach

Adam L. Hoipkemier

Tyler M. Gaines

M. Claire Kimbrell

Lucas V. Boggs

David Quilliams, of counsel

Morris H. Wiltshire, Jr., of counsel

August 22, 2025

*Delivered via Electronic Mail*

First Liberty Court Receiver
Gregory Hayes
c/o Henry Sewell, Esq.
hsewell@sewellfirm.com

> RE:    Request for Payoff Statements from First Liberty Capital
> Partners, LLC ("First Liberty") for Lisa Brown ("Client")

Dear Mr. Sewell,

As you know, pursuant to O.C.G.A. § 44-14-64(h) and O.C.G.A. § 11-9-210, First Liberty is required to provide payoff statements stating the outstanding balance on the various promissory notes she executed with First Liberty within a reasonable time. Despite repeated requests for such statements on all outstanding loans between First Liberty and my Client, she has yet to receive such information.

We have calculated the outstanding balance across all funds loaned to my Client by First Liberty, which was included in the detailed accounting of the loans and all associated draws and payments provided to you along with my previous letter on Friday August 15, 2025. Now that you have had time to review the accounting and associated payoff balance, my Client is making one final request for a formal payoff statement from First Liberty.

If my Client does not receive the requested payoff statement detailing the payoff balance for all loans between her and First Liberty by Wednesday, August 27, 2025 by 5:00 p.m., she will be forced to utilize the available legal remedies at her disposal. I am attaching a self-addressed FedEx envelope to return the payoff statement to me on behalf of my Client pursuant to the statute.

1220 Langford Drive  ·  Building 200, Suite 101  ·  Watkinsville, Georgia 30677
P:  706.508.4000  ·  F:  706.842.6750  ·  ehdh@ehdhlaw.com

Finally, I need an update on the offer from Ronnie Cooper by the same deadline because I understand his offer is a cash offer and he is ready to close quickly.

**EPPS, HOLLOWAY, DELOACH
& HOIPKEMIER, LLC**

/s/ Kevin E. Epps

Kevin E. Epps

KEE/lrr

## Sam Raley

**From:** Henry Sewell <hsewell@sewellfirm.com> on behalf of Henry Sewell
**Sent:** Friday, August 22, 2025 12:25 PM
**To:** Kevin Epps; Brittany Lane
**Cc:** Lucy Rentz; Tyler Gaines; Luke Boggs
**Subject:** Re: Correspondence from attorney Kevin Epps

There is not a single roadblock thrown up by the Receiver.   I have asked a legitimate question as to how the funds will be repaid and, frankly, not received much of an answer or any indication or evidence that the loan can be satisfied within any reasonable amount of time.

If your client were interested in quickly resolving the remaining loan balance for the Athens property and obtaining a release of that lien against that property, I would think she would provide that information.

The Receiver will respond to your letters and discharge his duties as required, specified and limited by the Receiver Order.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

**From:** Kevin Epps <kevin@ehdhlaw.com>
**Date:** Friday, August 22, 2025 at 11:33 AM
**To:** Henry Sewell <hsewell@sewellfirm.com>, Brittany Lane <brittany@ehdhlaw.com>
**Cc:** Lucy Rentz <lucy@ehdhlaw.com>, Tyler Gaines <tyler@ehdhlaw.com>, Luke Boggs <luke@ehdhlaw.com>
**Subject:** RE: Correspondence from attorney Kevin Epps

It is not assertions it is facts supported by documentation.

It will be paid with funds with a legitimate banking institution.  And no where am I required to provide that information to get a payoff.

My office has done all the work for you to get the payoff.

Just do what you are required to do and stop throwing roadblocks up.

I would not think the federal court is going to take too kindly of the receiver failing to do his job and getting a loan paid off.  And I can tell you that if we do not get this resolved that we are coming into the federal action and explain how badly this has been handled.

1

As to your comment "assuming that the Receiver accepts this amount as correct", your client is obligated by law to provide a payoff.  Now do it.  If you don't think it is correct than telling me how.  The clock has started on your client's obligation to get a response.

Sincerely,

Kevin Edward Epps
Attorney

1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
kevin@ehdhlaw.com
Phone: 706.508.4000
Fax: 706.842.6750



Epps, Holloway, DeLoach & Hoipkemier, LLC

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

**From:** Henry Sewell <hsewell@sewellfirm.com>
**Sent:** Friday, August 22, 2025 11:20 AM
**To:** Brittany Lane <brittany@ehdhlaw.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>; Lucy Rentz <lucy@ehdhlaw.com>; Tyler Gaines <tyler@ehdhlaw.com>
**Subject:** Re: Correspondence from attorney Kevin Epps

Mr. Epps:

The Receiver is reviewing and investigating your client's assertions with respect to what is owed for the Winder and Athens properties.

The demand for the payoff begs the question, however, as to whether to your client has the funds available to pay the Receiver $743,888.14 plus interest from August 15, 2025 (assuming that the Receiver accepts this amount as correct).

What will be the source of the funds for the payment to the Receiver?

Please advise.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785

hsewell@sewellfirm.com

---

**From:** Brittany Lane <brittany@ehdhlaw.com>
**Date:** Friday, August 22, 2025 at 10:03 AM
**To:** Henry Sewell <hsewell@sewellfirm.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>, Lucy Rentz <lucy@ehdhlaw.com>, Tyler Gaines <tyler@ehdhlaw.com>
**Subject:** Correspondence from attorney Kevin Epps

Good Morning Mr. Sewell –

Please see the attached correspondence from Mr. Epps.

Thank you in advance for your time, and we look forward to hearing from you.

Sincerely,

Brittany Lane
Paralegal

1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
Brittany@ehdhlaw.com
Phone: 706.508.4000
Fax: 706.842.6750



This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

3

**Sam Raley**

| | |
|---|---|
| **From:** | Henry Sewell <hsewell@sewellfirm.com> on behalf of Henry Sewell |
| **Sent:** | Friday, August 22, 2025 11:20 AM |
| **To:** | Brittany Lane |
| **Cc:** | Kevin Epps; Lucy Rentz; Tyler Gaines |
| **Subject:** | Re: Correspondence from attorney Kevin Epps |

Mr. Epps:

The Receiver is reviewing and investigating your client's assertions with respect to what is owed for the Winder and Athens properties.

The demand for the payoff begs the question, however, as to whether to your client has the funds available to pay the Receiver $743,888.14 plus interest from August 15, 2025 (assuming that the Receiver accepts this amount as correct).

What will be the source of the funds for the payment to the Receiver?

Please advise.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

---

**From:** Brittany Lane <brittany@ehdhlaw.com>
**Date:** Friday, August 22, 2025 at 10:03 AM
**To:** Henry Sewell <hsewell@sewellfirm.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>, Lucy Rentz <lucy@ehdhlaw.com>, Tyler Gaines <tyler@ehdhlaw.com>
**Subject:** Correspondence from attorney Kevin Epps

Good Morning Mr. Sewell –

Please see the attached correspondence from Mr. Epps.

Thank you in advance for your time, and we look forward to hearing from you.

Sincerely,

Brittany Lane
Paralegal

1

1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
Brittany@ehdhlaw.com
Phone: 706.508.4000
Fax: 706.842.6750



Epps, Holloway, DeLoach Hoipkemier, LLC

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

# LAW OFFICES OF HENRY F. SEWELL, JR., LLC
## ATTORNEYS AT LAW
━━━●•O•●━━━

Henry F. Sewell, Jr.

Suite 555, 2964 Peachtree Road NW,  Atlanta, Georgia 30305
TEL: (404) 926-0053 • EMAIL: hsewell@sewellfirm.com

August 27, 2025

Haven Real Estate Holdings of Athens, LLC and
Ms. Lisa Brown, Guarantor
c/o EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC
1220 Langford Drive
Building 200, Suite 101
Watkinsville, Georgia 30677
Attn: Kevin E. Epps                 Sent electronically to kevin@ehdhlaw.com

RE:   S. Gregory Hays, Receiver (the "**Receiver**") in case styled *Securities and Exchange Commission v. First Liberty Building & Loan, LLC, et al.*, Case No. 1:25-cv-3826-MLB in the U.S. District Court for the Northern District of Georgia.

Letters dated August 15, 2025 and August 22, 2025 regarding Haven Real Estate Holdings of Athens, LLC ("**Haven Athens**") and Lisa Brown, Guarantor (the "Guarantor")

Dear Mr. Epps:

This firm is counsel for S. Gregory Hays, the duly authorized and acting Receiver for First Liberty Building & Loan, LLC and several related entities.

This letter is in response to letters dated August 15, 2025 and August 22, 2025 sent by your firm on behalf of Haven Athens and the Guarantor.  The August 15 Letter purports to summarize the amounts owed to the Receivership by Haven Athens and the Guarantor.  The August 22 Letter purports to state a demand for a payoff returnable by August 27, 2025 (the "Payoff Demand").

With respect to the Payoff Demand, Haven Athens and the Guarantor claim to demand a pay-off for "all loans" pursuant to O.C.G.A. § 44-14-64(h) and O.C.G.A. § 11-9-210.   However, neither statute requires a return of a payoff demand within five days as demanded by your firm and you do not specify the real estate which is the subject of the pay-off request.   The Receiver is treating the pay-off request as a pay-off request to release the real property owned by Haven Athens and located in Clarke County, Georgia.

Further, your demand ignores entirely that the applicable lenders are each in Receivership under the protection of the United States District Court for the Northern District of Georgia.  Although your firm has been notified of the existence of the Receiver Order, another copy is attached for your information.

August 27, 2025
Page 2 of 3

Although the Receiver is diligently searching the records available to him and researching the amount required to release the lien on the real estate owned by Havens Athens, the Receiver is still collecting records and information and will attempt to determine this pay off amount as quickly as possible.   If your client has a funding source available to pay this loan or if there is a contemplated sale of the Haven Athens property, I am unaware of it or any other basis for the apparent urgency in your client's demands.

Third, we have reviewed the August 15 letter and the calculations attached thereto and have several questions.   Providing complete and accurate information to the Receiver in response to these questions will enable the Receiver to more quickly provide the requested pay-off.   The questions are as follows:

1.  First Liberty advanced $1,177,486.67 to the Bank of the Ozarks to satisfy a pre-existing lien on the Athens property in connection with the April 23, 2025 Promissory Note.  This balance does not seem to be included in your client's calculations of the amount due.   We have confirmed that these funds were advanced by First Liberty and that the lien held by the Bank of the Ozarks, made to the previous owner of the Haven Athens property, was satisfied.    Is this balance included in the August 15 calculations and, if not, why not? Should this amount be added to the balance owed and, if not, why not?

2.  Similarly, First Liberty appears to have advanced a loan re-payment to Vicki Robinson in the amount of $240,000.   How is that addressed in the August 15 payoff calculation? Should it be added to the balance and, if not, why not?

3.  Company records indicate that First Liberty made the following direct payments of taxes each made on June 29, 2023 that do not seem to be included in the August 15 calculations. If it is your client's contention that these payments are already included in the calculations, please explain how and, if not, please confirm whether they should be added to the balance owed by Haven Athens:

    a.  Clarke County Tax:      $1,098.84
    b.  Clarke County Tax:      $24,570.89
    c.  Snellville Tax           $10,352.83
    d.  Gwinnet Tax:            $34,284.43

4.  The April 15 calculations do not include loan fees and other charges due under the loan agreements.   The Receiver is in the process of determining fees and charges due under the loan documents and adding them to any balance owed.  Does your client dispute these charges and, if so, why and on what basis?

5.  We cannot determine how your client calculated interest payable or the interest rate used.  Please explain this calculation.

August 27, 2025
Page 3 of 3

   The Receiver will continue to review and investigate this matter and would appreciate your client's prompt attention to the questions set forth herein.

   Please contact me if you have any questions.

             Law Offices of Henry F. Sewell, Jr. LLC

             By:  ***Henry F. Sewell, Jr.***
                 Henry F. Sewell, Jr.

Cc:  S. Gregory Hays, Receiver



# EHDH

Epps, Holloway, DeLoach & Hoipkemier, LLC

Kevin E. Epps                                                              David Quilliams, of counsel

Kelly C. Holloway                                                    Morris H. Wiltshire, Jr., of counsel

Jeffrey W. DeLoach

Adam L. Hoipkemier

Tyler M. Gaines

Lucas V. Boggs

September 8, 2025

*Delivered via Electronic Mail*
First Liberty Court Receiver
Gregory Hayes
c/o Henry Sewell, Esq.
hsewell@sewellfirm.com

> RE:    Request for Payoff Statements from First Liberty Capital
>         Partners, LLC ("First Liberty") for Lisa Brown ("Client")

Dear Mr. Sewell:

I have investigated the questions you raised in your August 27, 2025 letter (the "Letter") as it relates to our accounting of all funds loaned to my Client from First Liberty and have made a few changes to the previous accounting. While the accounting of the checks received from First Liberty by my Client which I previously sent to you is correct, I added additional advances made by First Liberty including the payment made to Vicki Robinson in the amount of $240,000.00 and the two (2) wire payments made to bank of the Ozarks in the amount of $1,177,753.93. This increased the total payoff amount which you will see documented in the updated Excel Workbook attached to this correspondence.

Regarding your concerns about the inclusion of certain tax payments made by First Liberty on behalf of my Client, I cannot include those at this time because we have no documentation of such payments. My Client asked Brant Frost ("Frost") repeatedly to provide the documentation of the tax payments and their amounts to her, but he never did. Thus, while I do not necessarily dispute the existence of these payments and their need to be included in the accounting, I have not included them at this time without seeing the documentation which my Client has repeatedly requested from Frost. As such, I request the documentation associated with the tax payments made by First Liberty on behalf of my Client from you.

The interest on all funds shown in the accounting was calculated as simple interest at a rate of 18% per annum pursuant to each of the three (3) promissory notes executed between First Liberty and my Client (the "Notes"), as evidenced by the formulas used within the Excel Workbook. As it relates to any accelerated interest and fees due under the Notes, due to First

Liberty's failure to differentiate between the Notes and keep adequate records as to which draws and payments were applied to which Notes and based upon the differing terms and maturity dates within each note, it is impossible to know how such fees should be applied in this case.

As to my Client's request for payoff balances on each of the Notes as she is entitled to pursuant to Georgia law which remains unfulfilled to date, you are correct that the governing statutes do not include a 5 day deadline as I demanded in my previous August 22, 2025 payoff request (the "Payoff Request"), it is standard for such payoffs to be provided within a reasonable amount of time. Despite this, my Client requested payoff balances from Frost for months to no avail before being faced with similar obstacles from you. Not only did you not provide the requested payoff balances within 5 days, but it has been 17 days since the Payoff Request and I have received no payoff balances. My Client once again requests the payoff balances for each of the Notes as she is entitled to. You voiced confusion in the Letter as to the basis for my Client's urgency in receiving the requested payoff balances and resolving her debts to First Liberty, so I will clarify that the urgency in this matter is that my Client is faced with a per diem of over $1,000.00 on the Notes which accrues every single day that she is not given the payoff balances which she is entitled to and which are required for her to take action on her debts.

Finally, you have been repeatedly asked to instruct your client, Gregory Hayes ("Hayes"), not to contact my Client directly. Despite this, Hayes contacted my Client via telephone and left a voicemail on September 4, 2025. The voicemail is attached to this correspondence. As such, I reiterate that all communications to my Client regarding this matter shall be made through me as her attorney and should under no circumstances by made to her directly by Hayes.

Please review the attached accounting and let me know if you have any further questions or objections and provide documentation of the tax payments promptly so that I may review it. While my goal is to resolve this matter in the simplest way possible, if the payoff balances my Client has requested for months are not provided within 7 days from the date of this correspondence, my Client will be forced to utilize all legal remedies available to her as a result of the consistent failure of First Liberty to provide her with the payoff balances and documentation she is entitled to associated with the Notes.

Sincerely,

**EPPS, HOLLOWAY, DELOACH
& HOIPKEMIER, LLC**

/s/ Kevin E. Epps

Kevin E. Epps

KEE/lrr
Enclosures

## Sam Raley

| | |
|---|---|
| **From:** | Kevin Epps <kevin@ehdhlaw.com> on behalf of Kevin Epps |
| **Sent:** | Monday, September 22, 2025 3:44 PM |
| **To:** | Henry Sewell |
| **Cc:** | Lucy Rentz; Brittany Lane |
| **Subject:** | Re: Lisa Brown - Payoff Balances |

Well I guess we will get in front of the court and you know what happened with the service and there absolutely no willful violation of that order.

It is really interesting that I only get a response from you when I have to threaten to go to the court.  So I am glad you will welcome our filing.  You are costing my client over 1 thousand dollars a day.

And one more point.  We did all the work for you and you are now complaining about it.  Good luck explaining that one.

On Mon, Sep 22, 2025 at 3:32 PM Henry Sewell <hsewell@sewellfirm.com> wrote:

Mr. Epps:

The Receiver has just finished his analysis of the Haven Athens loan and will provide a detailed pay off by COB tomorrow as we complete our double checking of the number.  As has been made clear in publicly available information about this matter, we have invested significant time in compiling and organizing the First Liberty records, as well as procuring bank records and electronic records, and verifying monies paid and received by First Liberty.  Frankly, we think we have done an outstanding job compiling as much information as we have as quickly as we have under these circumstances and are preparing to detail this for the Court.

I should point out that our review of this matter was delayed by the grossly inaccurate (and understated) calculation your client initially provided.   We also took seriously your client's questions regarding the payment of Haven Athens property taxes and investigated that matter as well even though it seems apparent to us that she had to know that those taxes were paid.

We assume that your client will be able to move quickly to refinance the Haven Athens Debt since, as she certainly knows, that loan is currently in default.

We have also reviewed the loan made to the Haven Winder entity and have calculated the balance on that loan although we have questions about the uses of those funds.  You will also have a formal demand for a release of the lis pendens since your client's claims to title of that property are baseless under Georgia law.

In your last communication with me, you referenced a purportedly improper communication from the Receiver to your client.  It is correct that Dwaine Butler, who is an employee of the Receiver,  did contact Ms. Brown several weeks ago to get the name and number of the landscaper she used for the Winder property and she did not respond.  Mr. Butler was unaware of your demand.  We have hired a new company to do the landscaping.

We welcome you filing whatever you want with the District Court  where we will also bring to the attention of the Court your (and your client's) most recent willful violation of the Receiver Order in perfecting service of process of the baseless action regarding the Winder property and now forcing the Receiver to address that lawsuit.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

---

**From:** Kevin Epps <kevin@ehdhlaw.com>
**Date:** Monday, September 22, 2025 at 2:49 PM
**To:** Lucy Rentz <lucy@ehdhlaw.com>, hsewell@sewellfirm.com <hsewell@sewellfirm.com>
**Cc:** Brittany Lane <brittany@ehdhlaw.com>
**Subject:** RE: Lisa Brown - Payoff Balances

Henry,

It has been two weeks with no response from you.  We are preparing the motion to intervene in the federal action and upon the court granting the motion, we will bring this situation with my client to the court's attention as provided for under Section XI of the order appointing your client.

Sincerely,

Kevin Edward Epps
Attorney

1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
kevin@ehdhlaw.com
Phone: 706.508.4000
Fax: 706.842.6750

EHDH
Epps, Holloway, DeLoach Hoipkemier, LLC

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

---

**From:** Lucy Rentz <lucy@ehdhlaw.com>
**Sent:** Monday, September 8, 2025 1:49 PM
**To:** hsewell@sewellfirm.com
**Cc:** Kevin Epps <kevin@ehdhlaw.com>; Brittany Lane <brittany@ehdhlaw.com>
**Subject:** Lisa Brown - Payoff Balances

Mr. Sewell,

Please see the attached correspondence and enclosures on behalf of attorney Kevin Epps.


--
Sincerely,

Lucy Rentz

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**
1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
lucy@ehdhlaw.com

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.



# EHDH

Epps, Holloway, DeLoach & Hoipkemier, LLC

Kevin E. Epps                                                 David Quilliams, of counsel

Kelly C. Holloway                                          Morris H. Wiltshire, Jr., of counsel

Jeffrey W. DeLoach

Adam L. Hoipkemier

Tyler M. Gaines

Lucas V. Boggs

October 1, 2025

*Delivered via Electronic Mail*
First Liberty Court Receiver
Gregory Hayes
c/o Henry Sewell, Esq.
hsewell@sewellfirm.com

> RE:    Receipt of Payoff Statements from First Liberty Capital
> Partners, LLC ("First Liberty") and Confirmation of Agreement

Dear Mr. Sewell:

Thank you for providing myself and Ms. Lisa Brown ("Client") with the payoff balances requested regarding my Client's three outstanding loans with First Liberty (the "Notes") through her entities Haven Memory Care of Athens, LLC ("Haven Memory Care"), Haven Real Estate Holdings of Athens, LLC ("Haven Athens"), and Haven Real Estate Holdings of Winder, LLC ("Haven Winder"). On September 23, 2025, I received via email two separate payoff balances from you, one detailing the combined payoff balance for the Haven Memory Care and Haven Athens loans with First Liberty totaling $1,916,038.25 (the "Athens Payoff") and one detailing the payoff balance for the loan between Haven Winder and First Liberty totaling $1,648,487.48 (the "Winder Payoff"). The Athens Payoff and the Winder Payoff (collectively, the "Payoffs") provided were defined as effective until September 30, 2025. Since no per diem was included with the Payoffs as is typical for such payoff balances, I do not know the precise balance of the Payoffs as of today. Nonetheless, after having the opportunity to review the Payoffs, I do not dispute any of the information contained therein and understand that interest continues to accrue at a rate of 18% per annum on each loan.

As such, my Client agrees to pay off the balances of all three Notes detailed in the Payoffs within five days, as demanded in the default notice you provided to me via email at 4:00 PM today,

1220 Langford Drive  ·  Building 200, Suite 101  ·  Watkinsville, Georgia 30677
P:  706.508.4000  ·  F:  706.842.6750  ·  ehdh@ehdhlaw.com

Epps, Holloway, DeLoach & Hoipkemier, LLC

October 1, 2025
Page 2

so long as all agreements between her and Brant Frost, who brokered the Notes on behalf of First Liberty, are honored. You noted in the letter attached to the Winder Payoff that Gregory Hayes (the "Receiver") does not intend to transfer title of certain real estate located in Winder, Georgia which is defined in the recent litigation claim made by Haven Winder (the "Winder Property") to Haven Winder upon the resolution of the Winder Note. This was the agreement which Brant Frost brokered with my Client alongside the Notes, and as such my Client cannot pay any obligations due to First Liberty under the Notes without assurances that the Receiver intends to honor this agreement. Please see the attached correspondences between Brant Frost and my Client confirming this agreement on multiple occasions. Please let me know who the Receiver would like to close on the transfer of the Winder Property pursuant to this agreement.

If the Receiver remains intent on not honoring First Liberty's agreements, my Client will be forced to utilize any and all legal remedies available to her to address such a breach. Please feel free to reach out to my office should you have any questions or concerns regarding this matter.

Sincerely,

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**

/s/ Kevin E. Epps

Kevin E. Epps

KEE/lrr
Enclosures

# LAW OFFICES OF HENRY F. SEWELL, JR., LLC
## ATTORNEYS AT LAW

———■•○•■———

Henry F. Sewell, Jr.
Suite 555, 2964 Peachtree Road NW,  Atlanta, Georgia 30305
TEL: (404) 926-0053 • EMAIL: hsewell@sewellfirm.com

October 2, 2025

***Via Certified Mail; Return Receipt Requested***
Haven Real Estate Holdings of Athens LLC
c/o Ms. Lisa Brown, individually and as Member
705 Whitehead Road
Athens, Georgia 30606

> RE:    S. Gregory Hays, Receiver in case styled *Securities and Exchange Commission v. First Liberty Building & Loan, LLC, et al.*, Case No. 1:25-cv-3826-MLB in the District Court for the Northern District of Georgia; **NOTICE OF FORECLOSURE of Property Subject to Deed to Secure Debt, Assignment of Rents and Security Agreement dated April 23, 2025, by and between HAVEN REAL ESTATE HOLDINGS OF ATHENS, LLC and FIRST LIBERTY CAPITAL PARTNERS LLC and Recorded at Book 5702; Page 206**

Dear Ms. Brown and Haven Real Estate Holdings of Athens LLC:

You are hereby notified that proceedings to exercise the power of sale in the above referenced Deed to Secure Debt, Assignment of Rents and Security Agreement have been initiated and that the property referenced above is scheduled for a foreclosure sale. Enclosed is a copy of the notice of sale submitted to the publisher. The sale will be on November 4, 2025, at Clarke County Courthouse between the hours of 10:00 AM and 4:00 PM. **THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The name, address, and telephone number of the individual or entity who has full authority to negotiate, amend, and modify all terms of the Security Deed is as follows:

LAW OFFICES OF HENRY F. SEWELL JR., LLC
Henry F. Sewell, Esq.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053

Thank you for your attention to this Notice.

Law Offices of Henry F. Sewell, Jr. LLC
By:    ***Henry F. Sewell, Jr.***
         Henry F. Sewell, Jr.
         Counsel for S. Gregory Hays, Receiver

CC:    Kevin E. Epps, sent electronically to kevin@ehdhlaw.com

# NOTICE OF SALE UNDER POWER

STATE OF GEORGIA
COUNTY OF CLARKE
NOTICE OF SALE UNDER POWER
Pursuant to the power of sale contained in the Deed to Secure Debt; Assignment of Rents and Security Agreement (the "Security Deed") executed by Haven Real Estate Holdings of Athens, LLC to FIRST LIBERTY CAPITAL PARTNERS LLC in the original principal amount of $2,000,000.00 dated April 23, 2025, and recorded in Deed Book 5702, Page 206, Clarke County records, the undersigned will sell at public outcry to the highest bidder for cash, before the Courthouse door in said County, or at such other place as lawfully designated, within the legal hours of sale, on the first Tuesday of November, 2025, November 4, 2025, the property in said Security Deed and described as follows:

All that lot, tract or parcel of land lying situate and being in GMD 1347, City of Athens, Clarke County, Georgia, being all of that property shown on a survey for A Place in Time, Inc., et. al., prepared by Barry D. Lord, Georgia registered Land Surveyor, dated March 15, 2005, and being more fully described according to said survey as follows: Beginning at an iron pin located on the southern right of way of Whitehead Road (80 foot right of way), said iron pin being located south 69 degrees 21 minutes 30 seconds east 40.65 feet from the centerline intersections of Whitehead Road and Hunt Road, thence from said beginning iron pin running along the southeastern right of way of Whitehead Road the following courses and distances: north 20 degrees 07 minutes 54 seconds east 287.29 feet to an iron pin, north 24 degrees 36 minutes 51 seconds east 233.97 feet to an iron pin; thence leaving said right of way and running south 63 degrees 09 minutes 51 seconds east 612.03 feet to an iron pin; thence running south 05 degrees 00 minutes east 623.79 feet to an iron, thence running north 62 degrees 57 minutes 10 seconds west 666.49 feet to an iron pin; thence running north 62 degrees 50 minutes 27 seconds west 366.14 feet to the beginning iron pin.

To the best of the undersigned's knowledge, the party or parties in possession of said property is/are Haven Real Estate Holdings of Athens, LLC or tenant(s).

The debt secured by said Security Deed has been and is hereby declared due and payable because of, among other possible events of default, failure to pay the indebtedness as provided for in the Promissory Note and said Security Deed. The debt remaining in default, this sale will be made for the purpose of paying the same, any obligations of Haven Real Estate Holdings of Athens, LLC to FIRST LIBERTY CAPITAL PARTNERS LLC, and all obligations to FIRST LIBERTY CAPITAL PARTNERS LLC of entities related to Haven Real Estate Holdings of Athens, LLC by common ownership and control, and all expenses of sale, including attorney's fees (notice of intent to collect attorney's fees having been given).

Said property will be sold subject to the following: (1) any outstanding ad valorem taxes (including taxes which are a lien, whether or not yet due and payable); (2) the right of redemption of any taxing authority; (3) any matters which might be disclosed by an accurate survey and inspection of the property; and (4) any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed first set out above. Said property will be sold on an as-is basis without any representation, warranty or recourse against the above-named or the undersigned.

Said sale will be conducted subject to the following: (1) confirmation that the sale is not prohibited under the U.S. Bankruptcy Code; and (2) final confirmation and audit of the status of the loan with the holder of the Security Deed.

The holder of the Security Deed to the property S. Gregory Hays, not individually, but as Court-Appointed Receiver for FIRST LIBERTY CAPITAL PARTNERS LLC pursuant to the Order Appointing Receiver dated July 11, 2025 in Case 1:25-cv-3826-MLB in the District Court for the Northern District of Georgia.

The name, address, and telephone number of the individual or entity who has full authority to negotiate, amend, and modify all terms of the mortgage is as follows:
LAW OFFICES OF HENRY F. SEWELL JR., LLC
Henry F. Sewell, Esq.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053

Note that pursuant to O.C.G.A. § 44-14-162.2, the above individual or entity is not required by law to negotiate, amend, or modify the terms of the mortgage.

THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

The holder of the Security Deed to the property S. Gregory Hays, not individually, but as Court-Appointed Receiver for FIRST LIBERTY CAPITAL PARTNERS LLC pursuant to the Order Appointing Receiver dated July 11, 2025 in Case 1:25-cv-3826-MLB in the District Court for the Northern District of Georgia.
LAW OFFICES OF HENRY F. SEWELL JR., LLC
Henry F. Sewell, Esq.
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
October 8, 15, 22, 29 2025
LGSC0382888

# LAW OFFICES OF HENRY F. SEWELL, JR., LLC
## ATTORNEYS AT LAW

Henry F. Sewell, Jr.

Suite 555, 2964 Peachtree Road NW,  Atlanta, Georgia 30305
TEL: (404) 926-0053  •  EMAIL: hsewell@sewellfirm.com

October 2, 2025

Kevin Epps, Esq.
c/o EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC
1220 Langford Drive
Building 200, Suite 101
Watkinsville, Georgia 30677

Sent electronically to kevin@ehdhlaw.com

RE:   S. Gregory Hays, Receiver (the "**Receiver**") in case styled *Securities and Exchange Commission v. First Liberty Building & Loan, LLC, et al.*, Case No. 1:25-cv-3826-MLB in the U.S. District Court for the Northern District of Georgia.

Dear Mr. Epps:

This letter is in response to your letter dated October 1, 2025.

Your demand only serves to clarify that your client, Ms. Brown, believes she can take advantage of the fact that First Liberty was placed in Receivership to use a frivolous claim to the property in Winder and derive a windfall profit using investor funds which would enable her to pay off the debt of the Athens property. Such a result would only serve to further damage and defraud the investors in First Liberty. Your proposal --- which would never be approved by the Court or withstand investor scrutiny --- is rejected.

With respect to the Athens Property, thank you for acknowledging receipt of the default notice sent yesterday. The Receiver will treat your October 1 letter as an acknowledgement of the debt owed and a rejection of the demand for payment. The Receiver will now proceed with remedy enforcement per the terms of the Security Agreement and Assignment of Rents. The defaulted debt on the Athens property must be paid or the Receiver will foreclose on it.

With respect to the Winder property, your apparent demand that the Receiver agree to sell the Winder Property to your client for $1.6 Million is ludicrous. There is no documentation to support any agreement by First Liberty to sell the property for this amount to Ms. Brown. Further, it ignores entirely that First Liberty was owed approximately $2 Million by the prior owner of the property.

Whatever discussions may have taken place, they did not result in any enforceable agreement. It is well past time for your client to stop interfering in the Receiver's ownership of this property which, at this point, is damaging the value of the property and harming the investors.

October 1, 2025
Page 2 of 2

Further, we have no idea what your client did with the funds she borrowed from First Liberty on account of the Winder loan. It does not appear from our inspection of the Winder property that the entire amount borrowed went into the property.

With respect to the Athens property, it is well past time for your client to stop her posturing and threats and focus on paying off and resolving the Athens Notes, which have long been in default.

With respect to the Winder Property, the Receiver is willing to consider a reasonable resolution with respect to the Winder property but must know what your client did with the investor funds she received and she must recognize that she cannot use investor funds to generate a windfall profit for herself. She must stand aside and let the Receiver sell the property before she does further harm for which she will be held accountable.

Law Offices of Henry F. Sewell, Jr. LLC

By:     *__Henry F. Sewell, Jr.__*
         Henry F. Sewell, Jr.

Cc:    S. Gregory Hays, Receiver

**Sam Raley**

---

| | |
|---|---|
| **From:** | Henry Sewell <hsewell@sewellfirm.com> on behalf of Henry Sewell |
| **Sent:** | Thursday, October 2, 2025 1:48 PM |
| **To:** | Kevin Epps; Lucy Rentz |
| **Cc:** | Brittany Lane |
| **Subject:** | Re: Haven Notes |

I am not sure where you think this leads.

The Athens loan needs to be paid. It is in default and there have been no payments on it for some time. Your client agreed to pay this money back and further agreed to pay the interest and fees charged. She knew what she was agreeing to. Moreover, the First Liberty investors harmed in this matter advanced their funds based on the nature of the loans at issue and they expect the Receiver to get as much of their money back as possible.

Right now, I see no evidence that your client has any ability to pay this money back and the Receiver must act to protect the Athens property from any loss in value. Your refusal to provide insurance information is particularly troublesome. Is the Athens property even insured?

Further, the Receiver is not going to deed the Winder property to your client for $1.6 Million even if she can document that every cent of that money went into the property. There is no evidence to support any enforceable agreement to sell her that property at that amount which would, in fact, result in a windfall profit of at least $2 Million based on a $3 Million valuation. Our concern, and the concern of many of the investors and regulators, is to determine whether investor funds advanced to borrowers actually were used for their stated purposes and were not diverted. That concern must be addressed.

In reviewing the the email you attach to your letter, which is dated before the deed in lieu was issued, Mr. Frost's requires that the renovations be finished and that a new SBA loan issued. The property would not be deeded to your client unless that happened and even then would only occur when the SBA loan closed. The SBA loan was clearly required to make First Liberty whole from its loss on this property, including the defaulted loan from the prior owner. However, First Liberty subsequently took the property back, nothing was ever signed, the renovations were never completed and there was no new loan. This deal never was never documented and your client has no legal basis to enforce a sale.

The Receiver is certainly willing to consider relief from the Winder loan (assuming your client can document that the money went into the Winder property), but there is no basis to convey equity in the property to your client.

I am not creating a narrative that your client is a villain, as you suggest, but she is also not a victim. She received millions of dollars from what is alleged to be a ponzi scheme which resulted in her receiving title to the Athens property. Further, she was working some sort of vague deal (which never got done) with the perpetrator of that scheme, Mr. Frost, to use investor funds to improve and then either obtain or flip another property. If you think that these transactions are not going to be scrutinized you are badly mistaken.

The Receiver has directed that we proceed with foreclosure of the Athens property and I am in the process of finalizing a foreclosure notice for the Athens Property for a November 4 foreclosure sale.

I cannot recommend that we pull back from that foreclosure sale, unless the Receiver is immediately provided with the following with respect to the Athens property:

1. Six months interest payments on the Athens Loan and an agreement to make interest payments going forward.
2. Proof of insurance and an agreement to add the Receiver as a loss payee.
3. A current rent roll and most recent bank statements for the corporate entities.
4. Balance sheet, income statements and tax returns for calendar year 2024 and year to date financials for the corporate entities.
5. Current personal financial statement for Ms. Brown.

Please let me know whether this is acceptable to your client and we can document this more formally.

Please finally note that the Receiver reserves all rights with respect to this matter and expressly reserves all remedies under the various loan agreements.

Henry

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

---

**From:** Kevin Epps <kevin@ehdhlaw.com>
**Date:** Thursday, October 2, 2025 at 12:37 PM
**To:** Henry Sewell <hsewell@sewellfirm.com>, Lucy Rentz <lucy@ehdhlaw.com>
**Cc:** Brittany Lane <brittany@ehdhlaw.com>
**Subject:** RE: Haven Notes

Henry,

Instead of a formal letter going back to you I think an email will suffice.

You appear to be creating a narrative wherein Lisa is the villain.  She did nothing more than borrow funds and use them appropriately.  There is no "windfall profit".  Have you seen the per diems involved in these loans?

We have been working with you and doing all the work to get these loans settled.  And now you make a speculative statement of "[i]t does not appear from our inspection of the Winder property that the entire amount borrowed went into the property. " How did you come to that determination?  I am not sure who

2

you are referring to when you state "our inspection", but your client is making some very strong allegations that I am certain he cannot support.

The receiver will "consider a reasonable resolution" upon two conditions: 1) Proof of where the funds went; 2) Recognize she cannot use the funds borrowed to generate a windfall profit.

She acknowledges she has never used investor funds to generate a windfall profit.  So now we are down to proof of where the funds went that were borrowed.  While in no way is she required to do this, we are once again willing to put in the time to get this done for your client.  However, there needs to be an abeyance of interest on these loans as we work through collecting this documentation.   This will be completed in 14 days.  However, assuming for the moment that all the money was used appropriately, which my client will be able to show.  My client needs to know that this exercise will not be for not.  Put simply, if the loans are paid off and the money was used appropriately, is your client prepared to transfer ownership of the Winder Property?  If not, we need to get in front of the Court and resolve this immediately, especially in light of your threat of foreclosure.

Sincerely,

Kevin Edward Epps
Attorney

1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
kevin@ehdhlaw.com
Phone: 706.508.4000
Fax: 706.842.6750



This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

**From:** Henry Sewell <hsewell@sewellfirm.com>
**Sent:** Thursday, October 2, 2025 11:58 AM
**To:** Lucy Rentz <lucy@ehdhlaw.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>; Brittany Lane <brittany@ehdhlaw.com>
**Subject:** Re: Haven Notes

Mr. Epps:

Please see attached letter.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

---

**From:** Lucy Rentz <lucy@ehdhlaw.com>
**Date:** Wednesday, October 1, 2025 at 5:13 PM
**To:** hsewell@sewellfirm.com <hsewell@sewellfirm.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>, Brittany Lane <brittany@ehdhlaw.com>
**Subject:** Haven Notes
Mr. Sewell,

Please see the attached correspondence on behalf of attorney Kevin Epps.


--
Sincerely,

Lucy Rentz

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**
1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
lucy@ehdhlaw.com

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

**Sam Raley**

---

| | |
|---|---|
| **From:** | Kevin Epps <kevin@ehdhlaw.com> on behalf of Kevin Epps |
| **Sent:** | Thursday, October 16, 2025 8:13 AM |
| **To:** | Henry Sewell |
| **Cc:** | Lucy Rentz; Brittany Lane |
| **Subject:** | Re: Proposed Order on Motion to Stay |

Unless the court approves the offer and the sec agrees.  Which I believe we can achieve.  I will put it in writing.  How about I put everything in writing and we have a call at 12?

On Thu, Oct 16, 2025 at 8:11 AM Henry Sewell <hsewell@sewellfirm.com> wrote:
> What is her offer?
>
> Under the federal rules, the Receiver needs three appraisals for a private sale of property and the statute clearly favors auctions.
>
> I have a hearing at 11 but am otherwise available.
>
>
>
> Henry F. Sewell, Jr.
> Law Offices of Henry F. Sewell, Jr., LLC
> Suite 555
> 2964 Peachtree Road NW
> Atlanta, Georgia 30305
> Direct:  404-926-0053
> Cell:     404-822-1785
> hsewell@sewellfirm.com

---

**From:** Kevin Epps <kevin@ehdhlaw.com>
**Date:** Thursday, October 16, 2025 at 7:59 AM
**To:** Henry Sewell <hsewell@sewellfirm.com>
**Cc:** Lucy Rentz <lucy@ehdhlaw.com>, Brittany Lane <brittany@ehdhlaw.com>
**Subject:** Re: Proposed Order on Motion to Stay

Henry you said you would previously recognize the investment she put in winder.  We sent it.  Have you looked?  There is no need to auction she will buy it.  Why cant we not get over this hump?  We are not removing the lid pendens and we have a valid claim.  She wants to buy.  She has worked for months on this including getting the zoning that is now approved max. And oh by the way we also assisted in helping get the zoning before the receiver was involved.  Let's get on the phone this morning and get this hammered out.

On Thu, Oct 16, 2025 at 7:55 AM Henry Sewell <hsewell@sewellfirm.com> wrote:
> On Winder, I have said consistently that if she can document the loan proceeds went into the property, the Receiver would consider relief from the Winder loan, but we need to see the proof.  If there are other funds she claims to have invested and those can be documented, we will certainly consider

1

that.   In the meantime, the Receiver is in the process of engaging an auctioneer to sell the Winder property with the zoning issue now resolved.   We need to move forward with a sale of that property.

On Athens, please let me know the specifics of what you are proposing.  We have no information regarding the operations in Athens and, as you know, hold an Assignment of Rents.   We need to see some financials and bank statements and the Receiver would like to arrange an inspection of the premises.  Again, I have said consistently that we will allow your client time to restructure this loan but must have payments, information and cooperation.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

**From:** Kevin Epps <kevin@ehdhlaw.com>
**Date:** Thursday, October 16, 2025 at 7:41 AM
**To:** Henry Sewell <hsewell@sewellfirm.com>, Lucy Rentz <lucy@ehdhlaw.com>
**Cc:** Brittany Lane <brittany@ehdhlaw.com>
**Subject:** Re: Proposed Order on Motion to Stay

Please do.

Henry I am filing the emergency motion to intervene this morning with supporting exhibits and affidavit unless we can reach an agreement on how to handle these foreclosures and the winder property.  I am willing to work with you on the terms of the forbearance agreement.  Lisa will catch up the payments and keep it current.  The source of the funds will be her on funds and a third party investor.

As for winder, I looked back at what we provided you and I was right that we showed she has invested over 240k to release liens on winder.  The descriptions and checks are there for your review.  She was also never paid her consulting fees.  She did all the work to save the winder the location and was never paid.  Yet another victim of Mr. Frost.

Get Outlook for iOS

**From:** Henry Sewell <hsewell@sewellfirm.com>
**Sent:** Thursday, October 16, 2025 7:03:27 AM
**To:** Lucy Rentz <lucy@ehdhlaw.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>; Brittany Lane <brittany@ehdhlaw.com>
**Subject:** Re: Proposed Order on Motion to Stay

The form of this Order is fine with me.

I can present it to the Court if you would like.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

---

**From:** Lucy Rentz <lucy@ehdhlaw.com>
**Date:** Wednesday, October 15, 2025 at 4:58 PM
**To:** hsewell@sewellfirm.com <hsewell@sewellfirm.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>, Brittany Lane <brittany@ehdhlaw.com>
**Subject:** Proposed Order on Motion to Stay

Mr. Sewell,

Please see the attached proposed order with Mr. Epps's edits.

--
Sincerely,

Lucy Rentz

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**
1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
lucy@ehdhlaw.com

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

3

**Sam Raley**

---

**From:**        Henry Sewell <hsewell@sewellfirm.com> on behalf of Henry Sewell
**Sent:**        Wednesday, December 17, 2025 9:03 AM
**To:**          Kevin Epps
**Cc:**          Brittany Lane; zack@georgiamanagementservice.com; Will Riley; Tyler Gaines
**Subject:**     Re: Haven Athens
**Attachments:** Haven Athens Pay Off November 30 25.pdf

I have the financial documents you sent  — do you have anything for 2025?  I would guess that the lender would want to see data for 2025 in considering a loan.

I never did receive a proposal.

For your reference, we ran the pay off through November 30, it is attached.

The Court did establish the litigation procedures we requested with some minor modifications and an order will be entered on that shortly.

Let me know where things stand.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

---

**From:** Kevin Epps <kevin@ehdhlaw.com>
**Date:** Monday, December 15, 2025 at 8:20 AM
**To:** Henry Sewell <hsewell@sewellfirm.com>
**Cc:** Brittany Lane <brittany@ehdhlaw.com>, zack@georgiamanagementservice.com <zack@georgiamanagementservice.com>, Will Riley <will@ehdhlaw.com>, Tyler Gaines <tyler@ehdhlaw.com>
**Subject:** RE: Haven Athens

Henry I am going to have Brittany send over everything that was submitted to the bank this morning.

Additionally, we are working on getting an exact figure as to Athens Note Payoff for July 8, 2025, the date of the filing of specific performance complaint.

I know you have court this morning in this case.  Assuming we can come to an agreement on the payoff for Athens Loan, our goal would be to pay it off this week.

1

Sincerely,

Kevin Edward Epps
Attorney

1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
kevin@ehdhlaw.com
Phone: 706.508.4000
Fax: 706.842.6750



Epps, Holloway, DeLoach Hoipkemier, LLC

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.

---

**From:** Henry Sewell <hsewell@sewellfirm.com>
**Sent:** Friday, December 12, 2025 7:47 AM
**To:** Kevin Epps <kevin@ehdhlaw.com>
**Subject:** Haven Athens

I was not able to get back to you last night.

I can talk later this morning.

If you have the specifics of the proposal on Haven Athens please forward the proposal to me along with the financial information for the company so we can move this forward.

Thanks


Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:    404-822-1785
hsewell@sewellfirm.com

## Sam Raley

**From:**      Henry Sewell <hsewell@sewellfirm.com> on behalf of Henry Sewell
**Sent:**      Monday, December 29, 2025 11:01 AM
**To:**        Brittany Lane
**Cc:**        Kevin Epps
**Subject:**   Re: Haven Memory Care

Kevin:

I write to summarize the overall status of this matter.

First, for the past several weeks you have represented to me that your client had obtained approval for a loan which would be used to refinance the Haven Athens Loan.  You represented on more than one occasion that the amount offered would be the amount of the debt as of the appointment date of the Receiver.  I advised you that I would take this proposal to the Receiver for consideration by him.  You have represented to me, more than once, that you were close to completing your calculations and would have a written proposal soon.  In fact, in an email you sent on December 15, you stated that your client's goal would be to pay this by the end of the week of December 15.  You made similar representations to the SEC that your client could close a new loan quickly.

As of the date of this email, no offer has been made and I have no proof that your client has actually obtained a replacement loan.  Several weeks ago, you sent a copy of a letter from a bank stating that they were in discussions with your client, but nothing more.

If your client does, in fact, have a new loan, please provide evidence of this loan commitment and your client's refinance proposal by close of business on December 30.

Second, your office produced certain financial documents to the Receiver on December 15.  You represented to me that these documents were "everything that was submitted to the bank."   The documents consist of tax returns for Haven Memory Care  for the years ended 22, 23 and 24 as well as financial statements for that entity for the year ended 24.   You have also sent the same information for Haven Snellville for those same years.   Finally, you have provided tax returns for Ms. Brown for the years ended 22, 23 and 24.

No information was provided for the Winder entity.

Further, as I pointed out to you in my email of December 17, no information for 2025 was provided,  When I questioned whether this was everything "that was given to the bank", you represented emphatically that a loan had been approved.  I still have no explanation as to why the 2025 financials were not provided to the Receiver, regardless of whether they were actually provided to Ms. Brown's lender.

Nevertheless, these records do not satisfy your clients' respective obligations under the pending subpoenas and we will start the process of moving forward with enforcement of the subpoenas.

Further, please note that the Receiver will not be able to consider the pay off you have claimed your are going to provide unless he has 2025 financials, including a current rent roll, and is permitted to inspect the Athens facility, which the Receiver has a right to do under the loan documents and which we have requested several times.

Third,  you have represented repeatedly to me that your client can document that she invested the money received from First Liberty into the Winder project and that she also invested significant sums of her own money into that project.  To that end, you produced a folder of documents labeled as "Invoices" which, upon review, appears to be an unorganized collection of miscellaneous documents including account summaries, payroll sheets, proposals and some invoices, some of which appear to be for Haven Memory Care and some which are for Haven Winder.   However, there is no evidence of funds actually flowing to any of the vendors appearing in the "Invoices" file from Ms. Brown or from Haven Winder.   The Receiver still has no evidence of the actual uses of the funds advanced by First Liberty in connection with the Winder project.

Finally, you have sent me three reports you obtained from HDHP.  As a preliminary matter, the Receiver has requested, twice, that this company provide copies of all reports it prepared.  To date, it has only produced one of the Winder reports and I will be following up with them today.   Did your client have copies of these reports or did you obtain them from HDHP?

I have, however, reviewed the three reports you produced which provide little value.   There has never been a dispute that work was performed on the Winder facility, the issue is, and continues to be, how much was spent and your client has refused to document her expenses by showing actual receipts of funds from First Liberty and the uses of those funds.  These reports do not account for any expenditures and do not appear to have been used for any specific draw requests.

In summary, it appears to the Receiver that your client continues to stall and delay in attempting to resolve this matter and that no progress has been made.  The Receiver reserves all rights with respect to each of the Athens and Winder loans and we continue to evaluate all options open to the Receiver.

Henry F. Sewell, Jr.
Law Offices of Henry F. Sewell, Jr., LLC
Suite 555
2964 Peachtree Road NW
Atlanta, Georgia 30305
Direct:  404-926-0053
Cell:     404-822-1785
hsewell@sewellfirm.com

---

**From:** Brittany Lane <brittany@ehdhlaw.com>
**Date:** Tuesday, December 23, 2025 at 12:23 PM
**To:** hsewell@sewellfirm.com <hsewell@sewellfirm.com>
**Cc:** Kevin Epps <kevin@ehdhlaw.com>
**Subject:** Haven Memory Care

Good Afternoon Mr. Sewell –

Mr. Epps asked that I forward you the attached.  I am going to send over one additional document that was too large to attach to this email.

Thank you in advance for your time.

Sincerely,

Brittany Lane
Paralegal

1220 Langford Drive
Building 200 Suite 101
Watkinsville, Georgia 30677
Brittany@ehdhlaw.com
Phone: 706.508.4000
Fax: 706.842.6750



Epps, Holloway, DeLoach & Hoipkemier, LLC

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential, or otherwise legally prohibited from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email or telephone at 706-508-4000, and delete all copies of the message.