# EXHIBIT 24

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:25-cv-3826-MLB |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and | : | |
| FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS | : | |
| LLC, FIRST NATIONAL INVESTMENT S | : | |
| LLC, MYHEALTHAI CAPITAL LLC, | : | |
| THE LEGACY ADVISORY GROUP INC., | : | |
| and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

**SUBPOENA DUCES TECUM TO**
**PRODUCE DOCUMENTS WITHOUT DEPOSITION**

To:   Haven Memory Care of Athens LLC
c/o C. David Rowe, Esq., Registered Agent
3651 Mars Hill Rd., Ste 500A
Watkinsville, GA 30677

**YOU ARE HEREBY COMMANDED** to produce at the offices of the Law Offices of

Henry F. Sewell Jr., LLC, Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA

30326, on **December 10, 2025 at 10:00 a.m.** the following: *ALL DOCUMENTS LISTED IN*

*EXHIBIT "A" ATTACHED HERETO.*

The name, address, email address, and telephone number of the attorney representing S.

Gregory Hays, as Receiver, who issues or requests this subpoena, is: Henry F. Sewell, Jr. of the

Law Offices of Henry F. Sewell Jr., LLC located at 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305, hsewell@sewellfirm.com, and (404) 926-0053. If you fail to: (1) appear as specified; (2) furnish the documents as specified; or (3) object to this subpoena, you may be in contempt of court.  You are subpoenaed to furnish records by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

    Dated: November 25, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC
*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305; (404) 926-0053
hsewell@sewellfirm.com
*Counsel for the Receiver*

2

## EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

A.      "**And**" and "**or**" shall be construed to include both the conjunctive and disjunctive as necessary to make the request inclusive rather than exclusive.

B.      The words "**any**" or "**all**" shall be construed to mean any and all.

C.      The "**Appointment Order**" shall be the *Order Appointing Receiver* that was entered in the Case by the United States District Court for the Northern District of Georgia on July 11, 2025 and any modifications or amendments thereto.

D.      "**Case**" means Civil Action No. 1:25-cv-3826-MLB in the United States District Court for the Northern District of Georgia.

E.      "**Communication**" or "**communications**" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, any electronic or written contact by such means as letters, memoranda, Correspondence, telegrams, telex, or by any document or any nature whatsoever, and oral contact by such means as face-to-face meetings, telephone conversations dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or parties.

F.      "**Correspondence**" means all Documents transmitted from one Person to another, including those in electronic form, and all attachments to such Documents.

G.      "**Defendants**" refers to the following:

| Entity | EIN Number |
|---|---|
| First Liberty Building & Loan, LLC | 65-1227568 |

| Individual | |
|---|---|
| Edwin Brant Frost IV | |

H.      "**Document**" has the full extent of its meaning as provided in the Federal Rules of Civil Procedure, and means any writing or other tangible thing containing written or graphic matter, whether printed, recorded, reproduced by any process, or written or produced by hand, including but not limited to the original and any non-identical copy, including the following: letters, reports, agreements (including drafts, proposals and any and all exhibits thereto), contracts, communications, including inter-company communications, e-mail, correspondence, telegrams, teletype messages, memoranda, summaries, recordings, records of personal conversations, diaries, forecasts, photographs, tape records, models, statistical statements, graphics, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes, records of conferences, agendas, expressions or statements of policy, lists of persons attending meetings or conferences, reports, summaries of interviews, reports and/or summaries of investigations, inspections, opinions

or reports of consultants, brochures, pamphlets, advertisements, circular, trade letters, press releases, drafts of any documents and revisions of drafts of any documents, tabulations, charts, books of account, ledgers, invoices, financial statements, purchase orders, receipts, canceled checks and things similar to the foregoing, however denominated. The term "document" shall include data stored, maintained or organized electronically, magnetically or through the use of computer equipment, translated, if necessary, by you into reasonably usable form.

I.   "**Haven Entities**" means Haven MC Athens, Haven RE Athens, Haven Snellville, Haven Winder, and any other entity owned or controlled by Ms. Brown.

J.   "**Haven MC Athens**" means Haven Memory Care of Athens, LLC.

K.   "**Haven-RE Athens** means Haven Real Estate Holdings of Athens LLC

L.   "**Haven Snellville**" means Haven Real Estate Holdings of Snellville, LLC.

M.   "**Haven Winder**" means Haven Real Estate Holdings of Winder, LLC.

N.   The use of the word "**including**" shall be construed to mean "**without limitation**."

O.   "**Ms. Brown**" means Lisa Brown.

P.   An "**original**" of a writing or recording is the writing or recording itself or any counterpart thereof intended to have the same effect by a Person executing or issuing it. An "original" of a photograph includes the negative and/or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately and in its native file format, is an "original."

Q.   "**Person**" means any individual, firm, partnership, joint venture, corporation, d/b/a ("doing business as"), association, company, estate, trust, or other legal, government or business entity.

R.   The phrase "**possession, custody or control**" includes constructive possession, whereby the party to whom this request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority or representative).

S.   "**Receiver**" means S. Gregory Hays, not individually, but as appointed receiver pursuant to the *Order Appointing Receiver* entered in the Case on June 11, 2025.

T.   "**Relating to**" and "**related to**" means referring to, referencing, evidencing, discussing, defining, mentioning, pertaining to, consisting of, reflecting, concerning, involving, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

U.   "**Relief Defendants**" refers to the following:

| Entity | EIN Number |
| --- | --- |
| First Liberty Capital Partners LLC | 20-3309823 |

4

| First National Investments LLC | 58-2541164 |
| MyHealthAI Capital LLC | 93-4105472 |
| The Legacy Advisory Group Inc. | 92-1251026 |
| The Liberty Group LLC | 20-4441862 |

V.      **"Witness"** means Haven Memory Care of Athens LLC or any officer, director, managing agent, or other party acting on behalf of Haven Memory Care of Athens LLC.

W.      **"Writings"** and **"recordings"** consist of letters, words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical or electronic recording, or any other form of data production, reproductions or compilations.

X.      **"You"** and **"your"** refers to the Witness.

## INSTRUCTIONS

A.      **Production of Documents**. This Subpoena requires you to produce all responsive Documents in Your possession, custody, or control, or in the possession, custody or control of any of your agents, representatives, servants, employees, accountants or attorneys, wherever those documents might be located. The Witness is required to produce the Documents as they are kept in the ordinary course of business, or to organize and label them to correspond to the categories specified or to the delineated documents requested as specified below.

B.      **Lost or Destroyed Documents**.  If any Documents requested herein have been lost, discarded, or destroyed, the Document so lost, discarded or destroyed should be identified as completely as possible, including without limitation the following information:  description of the Document and the contents of the Document, date of disposal, manner of disposal, reason of disposal, Person authorizing the disposal and Person disposing of the Document.

C.      **Lack of Custody.**  If any Document herein requested is claimed by you not to be in your possession, custody or control, then you are directed to identify (a) the nature of the Document, (b) the name, address and telephone number of any Person who has or may have possession, custody or control of such demanded item, and (c) whether and how the Witness presently has access to the Document and can obtain a duplicate of it.

D.      **Selection of Documents.**  The selection of documents from files and other sources shall be performed in such a manner to allow the file or other source from which a Document was obtained to be identified.

E.      **Separation of Documents.** Documents attached to other documents or other materials shall not be separated unless sufficient records are maintained to allow reconstruction of the grouping.

F.      **Electronic Documents.**  All documents in electronic format shall be produced in their native file format.

5

G.      **Privileged Documents**. Each request should be read so as not to include documents or things subject to an evidentiary privilege or immunity from discovery if necessary to permit the production of documents or things otherwise responsive to the request. To the extent that a request calls for the production of documents or things subject to a privilege or immunity from discovery, the written response to that request should so indicate, but you should produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to an evidentiary privilege or immunity from discovery is contained within responsive documents or things that also contain discoverable information you should produce a redacted version of the document or thing containing the discoverable information with a notation on the produced document or thing indicating that it is being produced in redacted form.

H.      **Duty to Supplement**. Your responses to these requests are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, and each request shall be construed to include any documents responsive to the request that are later discovered by you.

I.      **Tense**. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents that might otherwise be construed as outside their scope.

J.      **Singular and Plural.** The singular shall be construed to include the plural, and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside their scope.

K.      **Limitation**. Unless otherwise specified, the requests contained in this subpoena are limited to documents authored, created, received, revised or sent between January 1, 2022 through the date on which you respond to this request.

## REQUESTED DOCUMENTS

Pursuant to the Appointment Order and agreements executed by You, You are requested to produce any and all Documents in your possession, custody or control relating to one or more of the following:

1.      Documents identifying Your membership/ownership structure, including the names and ownership percentages of each member or shareholder.

2.      Documents for or related to Your corporate governance, including, but not limited to, all by-laws, shareholder or member agreements and/or operating agreements.

3.      All agreements, loan agreements, promissory notes, security agreements, deeds or similar contracts or agreements entered into by and between You and the Defendants or Relief Defendants.

4.      Financial records and other Documents indicating Your financial condition for the past three (3) years, including any financial statements, balance sheets, profit and loss reports, bank

records, tax returns, tax reporting documents and other financial records and any circumstances bearing on Your ability to pay loans received from the Defendants or Relief Defendants.

5.    Any Documents related to any collateral of the Defendants and/or any of the Relief Defendants.

6.    All bank, investment, or brokerage account statements for any account owned or controlled by You since January 1, 2021.

7.    All lease or occupancy or similar agreements for all tenants, patients or persons resident at the real property on a full or part time basis since January 1, 2021.

8.    Most current rent roll.

9.    All current licenses, permits or authorizations to conduct or operate a business or health care facility.

10.    All documents evidencing payments or distributions made by You to the Defendants.

11.    Any Documents identifying, relating, or referring to assets owned or controlled by You since January 1, 2021.

12.    Any Documents identifying, relating, or referring to any of Your liabilities or obligations since January 1, 2021.

13.    All Documents and Communications related to any transaction, agreement, or understanding between You and any of the Defendants and/or any of the Relief Defendants.

14.    Any Documents and Communications related to any loan or transfer of funds to You from any of the Defendants and/or any of the Relief Defendants.

15.    Any Documents and Communications related to how You used funds received from any of the Defendants and/or any of the Relief Defendants.

16.    All Documents and Communications related to any loans or agreements that were entered into by You and any of the Defendants and/or any of the Relief Defendants.

17.    All Communications between You and any of the Defendants and/or any of the Relief Defendants.

18.    All appraisals obtained within the last three years for any real estate or other assets owned by You.

19.    All Communications between You and any person relating to or concerning the Defendants or Relief Defendants including, but not limited to, any communications relating to or concerning the refinancing of any loans made to You.

20.     All documents provided by You to any bank, financial institution, private lender or similar person or entity seeking refinance or pay any loans made by any of the Defendants or Relief Defendants to You.

21.     All contracts by and between You and Haven Real Estate Holdings of Athens, LLC, Lisa Brown or any of Your members, insiders or affiliates

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | **Civil Action File No.** |
| | : | **1:25-cv-3826-MLB** |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and | : | |
| FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS | : | |
| LLC, FIRST NATIONAL INVESTMENT S | : | |
| LLC, MYHEALTHAI CAPITAL LLC, | : | |
| THE LEGACY ADVISORY GROUP INC., | : | |
| and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

**SUBPOENA DUCES TECUM TO**
**PRODUCE DOCUMENTS WITHOUT DEPOSITION**

To:    Haven Real Estate Holdings of Athens, LLC
       c/o C. David Rowe, Esq., Registered Agent
       3651 Mars Hill Rd., Ste 500A
       Watkinsville, GA 30677

**YOU ARE HEREBY COMMANDED** to produce at the offices of the Law Offices of

Henry F. Sewell Jr., LLC, Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA

30326, on **December 10, 2025 at 10:00 a.m.** the following*: ALL DOCUMENTS LISTED IN*

*EXHIBIT "A" ATTACHED HERETO.*

The name, address, email address, and telephone number of the attorney representing S.

Gregory Hays, as Receiver, who issues or requests this subpoena, is: Henry F. Sewell, Jr. of the

Law Offices of Henry F. Sewell Jr., LLC located at 2964 Peachtree Road NW, Suite 555, Atlanta,

GA 30305, hsewell@sewellfirm.com, and (404) 926-0053. If you fail to: (1) appear as specified;

(2) furnish the documents as specified; or (3) object to this subpoena, you may be in contempt of

court.  You are subpoenaed to furnish records by the following attorney, and unless excused from

this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

    Dated: November 25, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC
***/s/ Henry F. Sewell, Jr.***
Henry F. Sewell, Jr.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305; (404) 926-0053
hsewell@sewellfirm.com
*Counsel for the Receiver*

2

## EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

A.      "**And**" and "**or**" shall be construed to include both the conjunctive and disjunctive as necessary to make the request inclusive rather than exclusive.

B.      The words "**any**" or "**all**" shall be construed to mean any and all.

C.      The "**Appointment Order**" shall be the *Order Appointing Receiver* that was entered in the Case by the United States District Court for the Northern District of Georgia on July 11, 2025 and any modifications or amendments thereto.

D.      "**Case**" means Civil Action No. 1:25-cv-3826-MLB in the United States District Court for the Northern District of Georgia.

E.      "**Communication**" or "**communications**" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, any electronic or written contact by such means as letters, memoranda, Correspondence, telegrams, telex, or by any document or any nature whatsoever, and oral contact by such means as face-to-face meetings, telephone conversations dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or parties.

F.      "**Correspondence**" means all Documents transmitted from one Person to another, including those in electronic form, and all attachments to such Documents.

G.      "**Defendants**" refers to the following:

| Entity | EIN Number |
|---|---|
| First Liberty Building & Loan, LLC | 65-1227568 |

| Individual | |
|---|---|
| Edwin Brant Frost IV | |

H.      "**Document**" has the full extent of its meaning as provided in the Federal Rules of Civil Procedure, and means any writing or other tangible thing containing written or graphic matter, whether printed, recorded, reproduced by any process, or written or produced by hand, including but not limited to the original and any non-identical copy, including the following: letters, reports, agreements (including drafts, proposals and any and all exhibits thereto), contracts, communications, including inter-company communications, e-mail, correspondence, telegrams, teletype messages, memoranda, summaries, recordings, records of personal conversations, diaries, forecasts, photographs, tape records, models, statistical statements, graphics, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes, records of conferences, agendas, expressions or statements of policy, lists of persons attending meetings or conferences, reports, summaries of interviews, reports and/or summaries of investigations, inspections, opinions

or reports of consultants, brochures, pamphlets, advertisements, circular, trade letters, press releases, drafts of any documents and revisions of drafts of any documents, tabulations, charts, books of account, ledgers, invoices, financial statements, purchase orders, receipts, canceled checks and things similar to the foregoing, however denominated. The term "document" shall include data stored, maintained or organized electronically, magnetically or through the use of computer equipment, translated, if necessary, by you into reasonably usable form.

I.    "**Haven Entities**" means Haven MC Athens, Haven RE Athens, Haven Snellville, Haven Winder, and any other entity owned or controlled by Ms. Brown.

J.    "**Haven MC Athens**" means Haven Memory Care of Athens, LLC.

K.    "**Haven-RE Athens** means Haven Real Estate Holdings of Athens LLC

L.    "**Haven Snellville**" means Haven Real Estate Holdings of Snellville, LLC.

M.    "**Haven Winder**" means Haven Real Estate Holdings of Winder, LLC.

N.    The use of the word "**including**" shall be construed to mean "**without limitation**."

O.    "**Ms. Brown**" means Lisa Brown.

P.    An "**original**" of a writing or recording is the writing or recording itself or any counterpart thereof intended to have the same effect by a Person executing or issuing it. An "original" of a photograph includes the negative and/or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately and in its native file format, is an "original."

Q.    "**Person**" means any individual, firm, partnership, joint venture, corporation, d/b/a ("doing business as"), association, company, estate, trust, or other legal, government or business entity.

R.    The phrase "**possession, custody or control**" includes constructive possession, whereby the party to whom this request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority or representative).

S.    "**Receiver**" means S. Gregory Hays, not individually, but as appointed receiver pursuant to the *Order Appointing Receiver* entered in the Case on June 11, 2025.

T.    "**Relating to**" and "**related to**" means referring to, referencing, evidencing, discussing, defining, mentioning, pertaining to, consisting of, reflecting, concerning, involving, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

U.    "**Relief Defendants**" refers to the following:

| Entity | EIN Number |
|---|---|
| First Liberty Capital Partners LLC | 20-3309823 |

| First National Investments LLC | 58-2541164 |
|---|---|
| MyHealthAI Capital LLC | 93-4105472 |
| The Legacy Advisory Group Inc. | 92-1251026 |
| The Liberty Group LLC | 20-4441862 |

V.    **"Witness"** means Haven Real Estate Holdings of Athens LLC or any officer, director, managing agent, or other party acting on behalf of Haven Real Estate Holdings of Athens LLC.

W.    **"Writings"** and **"recordings"** consist of letters, words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical or electronic recording, or any other form of data production, reproductions or compilations.

X.    **"You"** and **"your"** refers to the Witness.

### INSTRUCTIONS

A.    **Production of Documents**. This Subpoena requires you to produce all responsive Documents in Your possession, custody, or control, or in the possession, custody or control of any of your agents, representatives, servants, employees, accountants or attorneys, wherever those documents might be located. The Witness is required to produce the Documents as they are kept in the ordinary course of business, or to organize and label them to correspond to the categories specified or to the delineated documents requested as specified below.

B.    **Lost or Destroyed Documents**.  If any Documents requested herein have been lost, discarded, or destroyed, the Document so lost, discarded or destroyed should be identified as completely as possible, including without limitation the following information:  description of the Document and the contents of the Document, date of disposal, manner of disposal, reason of disposal, Person authorizing the disposal and Person disposing of the Document.

C.    **Lack of Custody.**  If any Document herein requested is claimed by you not to be in your possession, custody or control, then you are directed to identify (a) the nature of the Document, (b) the name, address and telephone number of any Person who has or may have possession, custody or control of such demanded item, and (c) whether and how the Witness presently has access to the Document and can obtain a duplicate of it.

D.    **Selection of Documents.**  The selection of documents from files and other sources shall be performed in such a manner to allow the file or other source from which a Document was obtained to be identified.

E.    **Separation of Documents.** Documents attached to other documents or other materials shall not be separated unless sufficient records are maintained to allow reconstruction of the grouping.

F.    **Electronic Documents.**  All documents in electronic format shall be produced in their native file format.

G.      **Privileged Documents**. Each request should be read so as not to include documents or things subject to an evidentiary privilege or immunity from discovery if necessary to permit the production of documents or things otherwise responsive to the request. To the extent that a request calls for the production of documents or things subject to a privilege or immunity from discovery, the written response to that request should so indicate, but you should produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to an evidentiary privilege or immunity from discovery is contained within responsive documents or things that also contain discoverable information you should produce a redacted version of the document or thing containing the discoverable information with a notation on the produced document or thing indicating that it is being produced in redacted form.

H.      **Duty to Supplement**. Your responses to these requests are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, and each request shall be construed to include any documents responsive to the request that are later discovered by you.

I.      **Tense**. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents that might otherwise be construed as outside their scope.

J.      **Singular and Plural.** The singular shall be construed to include the plural, and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside their scope.

K.      **Limitation**. Unless otherwise specified, the requests contained in this subpoena are limited to documents authored, created, received, revised or sent between January 1, 2022 through the date on which you respond to this request.

<u>**REQUESTED DOCUMENTS**</u>

Pursuant to the Appointment Order and agreements executed by You, You are requested to produce any and all Documents in your possession, custody or control relating to one or more of the following:

1.      Documents identifying Your membership/ownership structure, including the names and ownership percentages of each member or shareholder.

2.      Documents for or related to Your corporate governance, including, but not limited to, all by-laws, shareholder or member agreements and/or operating agreements.

3.      All agreements, loan agreements, promissory notes, security agreements, deeds or similar contracts or agreements entered into by and between You and the Defendants or Relief Defendants.

4.      Financial records and other Documents indicating Your financial condition for the past three (3) years, including any financial statements, balance sheets, profit and loss reports, bank

records, tax returns, tax reporting documents and other financial records and any circumstances bearing on Your ability to pay loans received from the Defendants or Relief Defendants.

5.      Any Documents related to any collateral of the Defendants and/or any of the Relief Defendants.

6.      All bank, investment, or brokerage account statements for any account owned or controlled by You since January 1, 2021.

7.      All lease or occupancy or similar agreements for all tenants, patients or persons resident at the real property on a full or part time basis since January 1, 2021.

8.      Most current rent roll.

9.      All current licenses, permits or authorizations to conduct or operate a business or health care facility.

10.     All documents evidencing payments or distributions made by You to the Defendants.

11.     Any Documents identifying, relating, or referring to assets owned or controlled by You since January 1, 2021.

12.     Any Documents identifying, relating, or referring to any of Your liabilities or obligations since January 1, 2021.

13.     All Documents and Communications related to any transaction, agreement, or understanding between You and any of the Defendants and/or any of the Relief Defendants.

14.     Any Documents and Communications related to any loan or transfer of funds to You from any of the Defendants and/or any of the Relief Defendants.

15.     Any Documents and Communications related to how You used funds received from any of the Defendants and/or any of the Relief Defendants.

16.     All Documents and Communications related to any loans or agreements that were entered into by You and any of the Defendants and/or any of the Relief Defendants.

17.     All Communications between You and any of the Defendants and/or any of the Relief Defendants.

18.     All appraisals obtained within the last three years for any real estate or other assets owned by You.

19.     All Communications between You and any person relating to or concerning the Defendants or Relief Defendants including, but not limited to, any communications relating to or concerning the refinancing of any loans made to You.

20.	All documents provided by You to any bank, financial institution, private lender or similar person or entity seeking refinance or pay any loans made by any of the Defendants or Relief Defendants to You.

21.	All contracts by and between You and Haven Memory Care of Athens, LLC, Lisa Brown or any of Your members, insiders or affiliates.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action File No.** |
| | : | **1:25-cv-3826-MLB** |
| **v.** | : | |
| | : | |
| **EDWIN BRANT FROST IV and** | : | |
| **FIRST LIBERTY BUILDING & LOAN, LLC,** | : | |
| | : | |
| **Defendants, and** | : | |
| | : | |
| **FIRST LIBERTY CAPITAL PARTNERS** | : | |
| **LLC, FIRST NATIONAL INVESTMENT S** | : | |
| **LLC, MYHEALTHAI CAPITAL LLC,** | : | |
| **THE LEGACY ADVISORY GROUP INC.,** | : | |
| **and THE LIBERTY GROUP LLC,** | : | |
| | : | |
| **Relief Defendants.** | : | |

**SUBPOENA DUCES TECUM TO**
**PRODUCE DOCUMENTS WITHOUT DEPOSITION**

To:    Haven Real Estate Holdings of Winder, LLC
c/o C. David Rowe, Esq., Registered Agent
3651 Mars Hill Rd., Ste 500A
Watkinsville, GA 30677

**YOU ARE HEREBY COMMANDED** to produce at the offices of the Law Offices of

Henry F. Sewell Jr., LLC, Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA

30326, on **December 10, 2025 at 10:00 a.m.** the following: *ALL DOCUMENTS LISTED IN*

*EXHIBIT "A" ATTACHED HERETO.*

The name, address, email address, and telephone number of the attorney representing S.

Gregory Hays, as Receiver, who issues or requests this subpoena, is: Henry F. Sewell, Jr. of the

Law Offices of Henry F. Sewell Jr., LLC located at 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30305, hsewell@sewellfirm.com, and (404) 926-0053.

If you fail to: (1) appear as specified; (2) furnish the documents as specified; or (3) object to this subpoena, you may be in contempt of court.  You are subpoenaed to furnish records by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated: November 25, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC
**_/s/ Henry F. Sewell, Jr._**
Henry F. Sewell, Jr.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
*Counsel for the Receiver*

2

**EXHIBIT "A"**

**DEFINITIONS AND INSTRUCTIONS**

A.      "**And**" and "**or**" shall be construed to include both the conjunctive and disjunctive as necessary to make the request inclusive rather than exclusive.

B.      The words "**any**" or "**all**" shall be construed to mean any and all.

C.      The "**Appointment Order**" shall be the *Order Appointing Receiver* that was entered in the Case by the United States District Court for the Northern District of Georgia on July 11, 2025 and any modifications or amendments thereto.

D.      "**Case**" means Civil Action No. 1:25-cv-3826-MLB in the United States District Court for the Northern District of Georgia.

E.      "**Communication**" or "**communications**" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, any electronic or written contact by such means as letters, memoranda, Correspondence, telegrams, telex, or by any document or any nature whatsoever, and oral contact by such means as face-to-face meetings, telephone conversations dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or parties.

F.      "**Correspondence**" means all Documents transmitted from one Person to another, including those in electronic form, and all attachments to such Documents.

G.      "**Defendants**" refers to the following:

| Entity | EIN Number |
| --- | --- |
| First Liberty Building & Loan, LLC | 65-1227568 |

| Individual | |
| --- | --- |
| Edwin Brant Frost IV | |

H.      "**Document**" has the full extent of its meaning as provided in the Federal Rules of Civil Procedure, and means any writing or other tangible thing containing written or graphic matter, whether printed, recorded, reproduced by any process, or written or produced by hand, including but not limited to the original and any non-identical copy, including the following: letters, reports, agreements (including drafts, proposals and any and all exhibits thereto), contracts, communications, including inter-company communications, e-mail, correspondence, telegrams, teletype messages, memoranda, summaries, recordings, records of personal conversations, diaries, forecasts, photographs, tape records, models, statistical statements, graphics, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes, records of conferences, agendas, expressions or statements of policy, lists of persons attending meetings or conferences, reports, summaries of interviews, reports and/or summaries of investigations, inspections, opinions

or reports of consultants, brochures, pamphlets, advertisements, circular, trade letters, press releases, drafts of any documents and revisions of drafts of any documents, tabulations, charts, books of account, ledgers, invoices, financial statements, purchase orders, receipts, canceled checks and things similar to the foregoing, however denominated. The term "document" shall include data stored, maintained or organized electronically, magnetically or through the use of computer equipment, translated, if necessary, by you into reasonably usable form.

I.   "**Haven Entities**" means Haven MC Athens, Haven RE Athens, Haven Snellville, Haven Winder, and any other entity owned or controlled by Ms. Brown.

J.   "**Haven MC Athens**" means Haven Memory Care of Athens, LLC.

K.   "**Haven-RE Athens** means Haven Real Estate Holdings of Athens LLC

L.   "**Haven Snellville**" means Haven Real Estate Holdings of Snellville, LLC.

M.  "**Haven Winder**" means Haven Real Estate Holdings of Winder, LLC.

N.   The use of the word "**including**" shall be construed to mean "**without limitation**."

O.   "**Ms. Brown**" means Lisa Brown.

P.   An "**original**" of a writing or recording is the writing or recording itself or any counterpart thereof intended to have the same effect by a Person executing or issuing it. An "original" of a photograph includes the negative and/or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately and in its native file format, is an "original."

Q.   "**Person**" means any individual, firm, partnership, joint venture, corporation, d/b/a ("doing business as"), association, company, estate, trust, or other legal, government or business entity.

R.   The phrase "**possession, custody or control**" includes constructive possession, whereby the party to whom this request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority or representative).

S.   "**Receiver**" means S. Gregory Hays, not individually, but as appointed receiver pursuant to the *Order Appointing Receiver* entered in the Case on June 11, 2025.

T.   "**Relating to**" and "**related to**" means referring to, referencing, evidencing, discussing, defining, mentioning, pertaining to, consisting of, reflecting, concerning, involving, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

U.   "**Relief Defendants**" refers to the following:

| Entity | EIN Number |
|---|---|
| First Liberty Capital Partners LLC | 20-3309823 |

| First National Investments LLC | 58-2541164 |
|---|---|
| MyHealthAI Capital LLC | 93-4105472 |
| The Legacy Advisory Group Inc. | 92-1251026 |
| The Liberty Group LLC | 20-4441862 |

V.    "**Winder Property**" means that certain real estate commonly known as 169 W Athens Street, Winder, Georgia**.**

W.    **"Witness"** means Haven Real Estate Holdings of Winder, LLC or any officer, director, managing agent, or other party acting on behalf of Haven Real Estate Holdings of Winder, LLC.

X.    **"Writings**" and "**recordings**" consist of letters, words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical or electronic recording, or any other form of data production, reproductions or compilations.

Y.    **"You"** and **"your"** refers to the Witness.

## **INSTRUCTIONS**

A.    **Production of Documents**. This Subpoena requires you to produce all responsive Documents in Your possession, custody, or control, or in the possession, custody or control of any of your agents, representatives, servants, employees, accountants or attorneys, wherever those documents might be located. The Witness is required to produce the Documents as they are kept in the ordinary course of business, or to organize and label them to correspond to the categories specified or to the delineated documents requested as specified below.

B.    **Lost or Destroyed Documents**.  If any Documents requested herein have been lost, discarded, or destroyed, the Document so lost, discarded or destroyed should be identified as completely as possible, including without limitation the following information:  description of the Document and the contents of the Document, date of disposal, manner of disposal, reason of disposal, Person authorizing the disposal and Person disposing of the Document.

C.    **Lack of Custody.**  If any Document herein requested is claimed by you not to be in your possession, custody or control, then you are directed to identify (a) the nature of the Document, (b) the name, address and telephone number of any Person who has or may have possession, custody or control of such demanded item, and (c) whether and how the Witness presently has access to the Document and can obtain a duplicate of it.

D.    **Selection of Documents.**  The selection of documents from files and other sources shall be performed in such a manner to allow the file or other source from which a Document was obtained to be identified.

E.    **Separation of Documents.** Documents attached to other documents or other materials shall not be separated unless sufficient records are maintained to allow reconstruction of the grouping.

5

F.      **Electronic Documents.**  All documents in electronic format shall be produced in their native file format.

G.      **Privileged Documents**. Each request should be read so as not to include documents or things subject to an evidentiary privilege or immunity from discovery if necessary to permit the production of documents or things otherwise responsive to the request. To the extent that a request calls for the production of documents or things subject to a privilege or immunity from discovery, the written response to that request should so indicate, but you should produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to an evidentiary privilege or immunity from discovery is contained within responsive documents or things that also contain discoverable information you should produce a redacted version of the document or thing containing the discoverable information with a notation on the produced document or thing indicating that it is being produced in redacted form.

H.      **Duty to Supplement**. Your responses to these requests are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, and each request shall be construed to include any documents responsive to the request that are later discovered by you.

I.      **Tense**. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents that might otherwise be construed as outside their scope.

J.      **Singular and Plural.** The singular shall be construed to include the plural, and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside their scope.

K.      **Limitation**. Unless otherwise specified, the requests contained in this subpoena are limited to documents authored, created, received, revised or sent between January 1, 2022 through the date on which you respond to this request.

## REQUESTED DOCUMENTS

Pursuant to the Appointment Order, You are requested to produce any and all Documents in your possession, custody or control relating to one or more of the following:

1.      Documents identifying Your membership structure, including the names and ownership percentages of each member.

2.      Documents for or related to Your corporate governance, including, but not limited to, all by-laws, shareholder or member agreements and/or operating agreements.

3.      Financial records and other Documents indicating Your financial condition since January 1, 2021, including any loan agreements, financial statements, balance sheets, profit and loss statements, bank records, tax returns and other financial records.

4.      Any bank, investment, or brokerage account statements for any account owned or controlled by You since January 1, 2021.

5.      Any Documents identifying, relating, or referring to any of Your liabilities or obligations since January 1, 2021.

6.      All Documents and Communications related to any transaction, agreement, or understanding between You and any of the Defendants and/or any of the Relief Defendants.

7.      Any Documents and Communications related to any loan or transfer of funds to You from any of the Defendants and/or any of the Relief Defendants.

8.      Any Documents and Communications related to how You used funds received from any of the Defendants and/or any of the Relief Defendants.

9.      All documents evidencing work performed at Your request or direction at the Winder property, including, but not limited to, contracts, work orders, receipts, invoices, evidence of payment, lien waivers and similar documents.

10.     All Documents and Communications related to any loans or agreements that were entered into by You and any of the Defendants and/or any of the Relief Defendants.

11.     All Communications between You and any of the Defendants and/or any of the Relief Defendants relating to or concerning Your proposed acquisition of the Winder Property.

12.     All current licenses, permits or authorizations, and all applications for same, for construction or to conduct or operate a business or health care facility at the Winder Property.

13.     All communications with any persons, including brokers or agents, relating to or concerning the sale or possible sale of the Winder Property.

14.     All contracts or proposals received You relating to or concerning the sale or disposition of the Winder property.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | **Civil Action File No.** |
| | : | **1:25-cv-3826-MLB** |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENT S LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

**SUBPOENA DUCES TECUM AND NOTICE FOR PRODUCTION OF EVIDENCE**

To:   Ms. Lisa Brown
      1128 Phelps Road
      Greensboro, GA 30642

**YOU ARE HEREBY COMMANDED** to produce at the offices of the Law Offices of Henry F. Sewell Jr., LLC, Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, GA 30326, on **December 10, 2025 at 10:00 a.m.** the following*: ALL DOCUMENTS LISTED IN EXHIBIT "A" ATTACHED HERETO.*

The name, address, email address, and telephone number of the attorney representing S. Gregory Hays, as Receiver, who issues or requests this subpoena, is: Henry F. Sewell, Jr. of the Law Offices of Henry F. Sewell Jr., LLC located at 2964 Peachtree Road NW, Suite 555, Atlanta,

GA 30305, hsewell@sewellfirm.com, and (404) 926-0053. If you fail to: (1) appear as specified;

(2) furnish the documents as specified; or (3) object to this subpoena, you may be in contempt of

court.  You are subpoenaed to furnish records by the following attorney, and unless excused from

this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated: November 25, 2025.

LAW OFFICES OF HENRY F. SEWELL JR., LLC
*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
*Counsel for the Receiver*

## EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

A.      "**And**" and "**or**" shall be construed to include both the conjunctive and disjunctive as necessary to make the request inclusive rather than exclusive.

B.      The words "**any**" or "**all**" shall be construed to mean any and all.

C.      The "**Appointment Order**" shall be the *Order Appointing Receiver* that was entered in the Case by the United States District Court for the Northern District of Georgia on July 11, 2025 and any modifications or amendments thereto.

D.      "**Case**" means Civil Action No. 1:25-cv-3826-MLB in the United States District Court for the Northern District of Georgia.

E.      "**Communication**" or "**communications**" means any contact or act by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, any electronic or written contact by such means as letters, memoranda, Correspondence, telegrams, telex, or by any document or any nature whatsoever, and oral contact by such means as face-to-face meetings, telephone conversations dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons or parties.

F.      "**Correspondence**" means all Documents transmitted from one Person to another, including those in electronic form, and all attachments to such Documents.

G.      "**Defendants**" refers to the following:

| Entity | EIN Number |
|---|---|
| First Liberty Building & Loan, LLC | 65-1227568 |

| Individual | |
|---|---|
| Edwin Brant Frost IV | |

H.      "**Document**" has the full extent of its meaning as provided in the Federal Rules of Civil Procedure, and means any writing or other tangible thing containing written or graphic matter, whether printed, recorded, reproduced by any process, or written or produced by hand, including but not limited to the original and any non-identical copy, including the following: letters, reports, agreements (including drafts, proposals and any and all exhibits thereto), contracts, communications, including inter-company communications, e-mail, correspondence, telegrams, teletype messages, memoranda, summaries, recordings, records of personal conversations, diaries, forecasts, photographs, tape records, models, statistical statements, graphics, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes, records of conferences, agendas, expressions or statements of policy, lists of persons attending meetings or conferences, reports, summaries of interviews, reports and/or summaries of investigations, inspections, opinions

or reports of consultants, brochures, pamphlets, advertisements, circular, trade letters, press releases, drafts of any documents and revisions of drafts of any documents, tabulations, charts, books of account, ledgers, invoices, financial statements, purchase orders, receipts, canceled checks and things similar to the foregoing, however denominated. The term "document" shall include data stored, maintained or organized electronically, magnetically or through the use of computer equipment, translated, if necessary, by you into reasonably usable form.

I.  "**Haven Entities**" means Haven MC Athens, Haven RE Athens, Haven Snellville, Haven Winder, and any other entity owned or controlled by Ms. Brown.

J.  "**Haven MC Athens**" means Haven Memory Care of Athens, LLC.

K.  "**Haven-RE Athens** means Haven Real Estate Holdings of Athens LLC

L.  "**Haven Snellville**" means Haven Real Estate Holdings of Snellville, LLC.

M.  "**Haven Winder**" means Haven Real Estate Holdings of Winder, LLC.

N.  The use of the word "**including**" shall be construed to mean "**without limitation**."

O.  "**Ms. Brown**" means Lisa Brown.

P.  An "**original**" of a writing or recording is the writing or recording itself or any counterpart thereof intended to have the same effect by a Person executing or issuing it. An "original" of a photograph includes the negative and/or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately and in its native file format, is an "original."

Q.  "**Person**" means any individual, firm, partnership, joint venture, corporation, d/b/a ("doing business as"), association, company, estate, trust, or other legal, government or business entity.

R.  The phrase "**possession, custody or control**" includes constructive possession, whereby the party to whom this request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority or representative).

S.  "**Receiver**" means S. Gregory Hays, not individually, but as appointed receiver pursuant to the *Order Appointing Receiver* entered in the Case on June 11, 2025.

T.  "**Relating to**" and "**related to**" means referring to, referencing, evidencing, discussing, defining, mentioning, pertaining to, consisting of, reflecting, concerning, involving, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

U.  "**Relief Defendants**" refers to the following:

| Entity | EIN Number |
|---|---|
| First Liberty Capital Partners LLC | 20-3309823 |

4

| First National Investments LLC | 58-2541164 |
| The Legacy Advisory Group Inc. | 92-1251026 |
| The Liberty Group LLC | 20-4441862 |


| First National Investments LLC | 58-2541164 |
| MyHealthAI Capital LLC | 93-4105472 |
| The Legacy Advisory Group Inc. | 92-1251026 |
| The Liberty Group LLC | 20-4441862 |

V.      **"Witness"** means Lisa Brown or any party acting on behalf of Ms. Brown.

W.      **"Writings"** and **"recordings"** consist of letters, words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical or electronic recording, or any other form of data production, reproductions or compilations.

X.      **"You"** and **"your"** refers to the Witness.

### **INSTRUCTIONS**

A.      **Production of Documents**. This Subpoena requires you to produce all responsive Documents in Your possession, custody, or control, or in the possession, custody or control of any of your agents, representatives, servants, employees, accountants or attorneys, wherever those documents might be located. The Witness is required to produce the Documents as they are kept in the ordinary course of business, or to organize and label them to correspond to the categories specified or to the delineated documents requested as specified below.

B.      **Lost or Destroyed Documents**.  If any Documents requested herein have been lost, discarded, or destroyed, the Document so lost, discarded or destroyed should be identified as completely as possible, including without limitation the following information:  description of the Document and the contents of the Document, date of disposal, manner of disposal, reason of disposal, Person authorizing the disposal and Person disposing of the Document.

C.      **Lack of Custody.**  If any Document herein requested is claimed by you not to be in your possession, custody or control, then you are directed to identify (a) the nature of the Document, (b) the name, address and telephone number of any Person who has or may have possession, custody or control of such demanded item, and (c) whether and how the Witness presently has access to the Document and can obtain a duplicate of it.

D.      **Selection of Documents.**  The selection of documents from files and other sources shall be performed in such a manner to allow the file or other source from which a Document was obtained to be identified.

E.      **Separation of Documents.** Documents attached to other documents or other materials shall not be separated unless sufficient records are maintained to allow reconstruction of the grouping.

F.      **Electronic Documents.**  All documents in electronic format shall be produced in their native file format.

G.      **Privileged Documents**. Each request should be read so as not to include documents or things subject to an evidentiary privilege or immunity from discovery if necessary to permit the production of documents or things otherwise responsive to the request. To the extent that a request calls for the production of documents or things subject to a privilege or immunity from discovery, the written response to that request should so indicate, but you should produce the balance of the documents or things not subject to a claim of privilege which fall within the scope of the request. Additionally, to the extent information subject to an evidentiary privilege or immunity from discovery is contained within responsive documents or things that also contain discoverable information you should produce a redacted version of the document or thing containing the discoverable information with a notation on the produced document or thing indicating that it is being produced in redacted form.

H.      **Duty to Supplement**. Your responses to these requests are to be supplemented to the full extent required by the Federal Rules of Civil Procedure, and each request shall be construed to include any documents responsive to the request that are later discovered by you.

I.      **Tense**. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents that might otherwise be construed as outside their scope.

J.      **Singular and Plural.** The singular shall be construed to include the plural, and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside their scope.

K.      **Limitation**. Unless otherwise specified, the requests contained in this subpoena are limited to documents authored, created, received, revised or sent between January 1, 2022 through the date on which you respond to this request.

<u>**REQUESTED DOCUMENTS**</u>

        Pursuant to the Appointment Order, You are requested to produce any and all Documents in your possession, custody or control relating to one or more of the following:

1.      Documents identifying any entities that You own or control.

2.      Financial records and other Documents indicating Your financial condition for the past three (3) years, including any loan agreements, financial statements, bank records, tax returns and other financial records.

3.      Any bank, investment, or brokerage account statements for any account owned or controlled by You since January 1, 2021.

4.      Any Documents identifying, relating, or referring to assets owned or controlled by You since January 1, 2021.

6

5.      Any Documents identifying, relating, or referring to any of Your liabilities or obligations since January 1, 2021.

6.      All Documents and Communications related to any transaction, agreement, or understanding between You or any of the Haven Entities and any of the Defendants and/or any of the Relief Defendants.

7.      Any Documents and Communications related to any loan or transfer of funds to You or any of the Haven Entities from any of the Defendants and/or any of the Relief Defendants.

8.      Any Documents and Communications related to how You or any of the Haven Entities used funds received from any of the Defendants and/or any of the Relief Defendants.

9.      All Documents and Communications related to any loans or agreements that were entered into by You or the Haven Entities and any of the Defendants and/or any of the Relief Defendants.

10.     All Communications between You and any of the Defendants and/or any of the Relief Defendants.

11.     Documents evidencing or concerning any payments to you from the Defendants or Relief Defendants since January 1, 2021.

7