# EXHIBIT 26

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

    v.

EDWIN BRANT FROST iv and FIRST
LIBERTY BUILDING & LOAN, LLC,

    Defendants, and

FIRST LIBERTY CAPITAL
PARTNERs LLC, FIRST NATIONAL
INVESTMENTS LLC, MYHEALTHAI
CAPITAL LLC, THE LEGACY AND
ADVISORY GROUP INC., and
THE LIBERTY GROUP LLC,

    Relief Defendants.

Civil Action File No.
1:25-cv-3826-MLB

## AFFIDAVIT OF KEVIN E. EPPS

Personally, appeared before me, the undersigned officer duly authorized by law to administer oaths, KEVIN E. EPPS, who after being duly sworn, states the following:

1.    My name is Kevin E. Epps. I am over the age of 21 years, of sound mind, and competent to testify to the matters set forth herein. I am under no legal disability that would prevent me from accurately giving this affidavit. I have

personal knowledge of all facts stated herein. If called to testify, I would testify to each of the facts contained herein under oath.

2.    I am giving this affidavit in support of the Motion to Intervene and Limited Lift of Stay of Lisa Brown (the "Motion") in the above-styled matter.

3.    I represent Lisa Brown ("Ms. Brown") as it relates to her claims against Defendant Brant Frost ("Frost") and Relief Defendant First Liberty Capital Partners, LLC ("First Liberty Capital").

4.    I filed a Verified Complaint for Specific Performance and a Notice of Lis Pendens on July 8, 2025 in the Superior Court of Coweta County, State of Georgia (the "Performance Action") on behalf of Ms. Brown.

5.    The Performance Action was filed because Frost and First Liberty Capital had refused to honor an agreement made with Ms. Brown in which Frost represented to Ms. Brown that First Liberty Capital would deed to Haven Real Estate Holdings of Winder, LLC ("Haven Winder") certain real property located at 169 West Athens Street, Winder, Georgia 30680 (the "Winder Property") upon the payoff of her debts to First Liberty Capital (the "Winder Agreement").

6.    Following the filing of the entry of the Receiver Order in the above-styled matter appointing S. Gregory Hayes ("Receiver") as receiver for the Defendants and Relief Defendants in this matter, I began working with Henry

Sewell ("Mr. Sewell") as counsel for Receiver to address Ms. Brown's claims pursuant to the Receiver Order.

7.   In or around July 15, 2025, Mr. Sewell acknowledged to both Tyler Gaines and me via telephone call that Ms. Brown had put significant time and money into the Winder Property and that the Receiver had no intention of preventing her reimbursement for such efforts.

8.   In the months following, I requested payoff balances from Receiver multiple times via email, telephone conversation, and formal statutory demands dated August 22, 2025 and September 8, 2025. A true and correct copy of the statutory demand dated August 22, 2025 is attached hereto as Exhibit A. A true and correct copy of the statutory demand dated September 8, 2025 is attached hereto as Exhibit B.

9.   Mr. Sewell repeatedly told me via telephone calls and email that he was limited by the receiver order in addressing Ms. Brown's claims, concerns, and requests including in an email dated August 22, 2025 in which Mr. Sewell responded to Ms. Brown's statutory demand for payoff balances by stating that Receiver would only carry out his duties as an agent of First Liberty Capital "as required, specified, and limited by the Receiver Order." A true and correct copy of this email is attached hereto as Exhibit C.

10.    I received a letter from Mr. Sewell with an attached spreadsheet providing an accounting for all of Ms. Brown's loans with First Liberty Capital on September 23, 2025 (the "September 23, 2025 Letter and Accounting"). The September 23, 2025 Letter and Accounting did not include associated attorney's fees or per diem calculations, and therefore did not represent an adequate payoff balance.

11.    While Ms. Brown lacks all of the documentation at Receiver's disposal, my office utilized the more limited documentation she was able to provide to create payoff statements for all of her loans with First Liberty Capital and, based upon these payoff statements, Ms. Brown faces a staggering per diem of over $1,000 per day. A true and accurate copy of the payoff statements prepared by my office are attached hereto as Exhibit D.

12.    Mr. Sewell informed me in or around July 15, 2025 that Receiver had received an offer to purchase the Winder Property from North Georgia Recovery Center (the "Winder Offer"), the same entity which Ms. Brown had previously reached a purchase agreement with prior to the news of Frost's fraudulent actions breaking (the "Original Winder Purchase Agreement"). A true and accurate copy of the Winder Purchase Agreement is attached hereto as Exhibit E.

13. Despite the fact that the Winder Offer was for significantly less than the Original Winder Purchase Agreement which Ms. Brown reached months prior, Mr. Sewell told me that he was inclined to accept the Winder Offer due to Receiver's fiduciary duties.

14. A purchase agreement never resulted from the Winder Offer.

16. I received a letter from Mr. Sewell on behalf of Receiver dated October 1, 2025 in which Mr. Sewell threatened to foreclose on certain real property owned by Haven Athens commonly referred to as 705 Whitehead Road, Athens, GA 30606 (the "Athens Property") unless Ms. Brown immediately released her claims for relief and the Lis Pendens in the July 8, 2025 Filings (the "Demand for Release of Claims"). A true and correct copy of the Demand for Release of Claims is attached hereto as Exhibit F.

17. I sent a letter to Mr. Sewell on behalf of Ms. Brown in response to the Demand for Release of Claims on October 1, 2025 in which I informed Mr. Sewell that Ms. Brown is prepared to pay the balance of the Haven Loans as long as Receiver assured her of his intention to honor the Winder Agreement and once again requested necessary payoff information excluded from the September 23, 2025 Letter and Accounting (the "October 1, 2025 Letter"). A true and correct copy of the October 12, 2025 Letter is attached hereto as Exhibit G.

18.     In response to the October 1, 2025 Letter, I received a letter from Mr. Sewell on behalf of Receiver on October 2, 2025  which stated that Receiver would not honor the Winder Agreement (the "October 2, 2025 Letter"). A true and correct copy of the October 2, 2025 Letter is attached hereto as Exhibit H.

19.     The October 2, 2025 Letter accused referred to Ms. Brown's position that the Winder Agreement in which she receives title to the Winder property in exchange for the payoff of the loan between Haven Real Estate Holdings of Winder, LLC and First Liberty Capital (the "Winder Loan") which has reached over $1,600,000.00 should be honored as "ludicrous" and accused Ms. Brown of attempting to generate a "windfall profit."

Kevin E. Epps

Sworn to and subscribed before me

This ___15th___ day of October 2025.

Notary Public

My commission expires: ___8/3/2026___