# EXHIBIT 27

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | 1:25-cv-03826-MLB |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : | |
| | : | |
| Relief Defendants. | : | |

**VERIFIED INTERVENOR PETITION OF
LISA BROWN AND HAVEN REAL ESTATE HOLDINGS OF
WINDER, LLC, FOR DECLARATORY AND PARTICIPATORY
RELIEF CONCERNING THE WINDER PROPERTY**

Pursuant to Federal Rule of Civil Procedure 24(c), Petitioner-Intervenors Lisa

Brown ("Brown") and Haven Real Estate Holdings of Winder, LLC ("HREHW")

(collectively, "Petitioners") submit this Verified Intervenor Petition in support of

their Motion to Intervene filed concurrently herewith. Petitioners seek only

1

declaratory and participatory relief recognizing and protecting their existing property-based equitable interest in the real property located at 169 West Athens Street, Winder, Georgia 30680 (the "Winder Property"). Petitioners do not seek and do not assert any claim for monetary recovery from the Receivership Estate through Intervention. Any rights to assert affirmative damage claims, recoupment, offset, or specific performance arising from any loan obligations are expressly reserved for assertion, if at all, in compliance with the Order Establishing Procedures to Enter Action to Resolve Claims Arising From Loan Obligations Due to the Receivership [Doc. 70] (the "Procedures Order") or as this Court may otherwise direct.

## I.

### PARTIES

1.    Petitioner Lisa Brown is an individual citizen of the State of Georgia, a registered nurse of more than twenty-five years' experience, and the sole member and manager of Haven Memory Care of Athens, LLC, Haven Real Estate of Athens, LLC, and Haven Real Estate Holdings of Winder, LLC. Brown holds the property-based interests and guaranty exposure described herein in her individual capacity.

2.    Petitioner Haven Real Estate Holdings of Winder, LLC is a Georgia limited liability company, wholly owned and managed by Brown, formed by Certificate of Organization dated January 23, 2024. HREHW is the contracting party

2

to the January 24, 2024 promissory note and is the plaintiff in the pending Coweta County specific-performance action described below.

3.      S. Gregory Hays is the court-appointed Receiver in this action (the "Receiver") pursuant to the Order Appointing Receiver dated July 11, 2025 [Doc. 6]. The Receiver controls First Liberty Capital Partners, LLC ("FLCP") as a Receivership Entity. The Receiver is named in this Petition in his official capacity as Receiver and as the present holder of bare legal title to the Winder Property.

## II.

## JURISDICTION, VENUE, AND STANDING

4.      This Court has subject-matter jurisdiction over this Petition pursuant to 28 U.S.C. §§ 754 and 1692, which vest in the appointing court continuing jurisdiction over property administered by an equity receiver, and pursuant to 28 U.S.C. § 1367(a), which provides supplemental jurisdiction over claims so related to the main action as to form part of the same case or controversy.

5.      This Court has authority to grant the declaratory relief requested pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

6.      Venue is proper in this District because this Petition is filed in the action in which the Receiver was appointed and in which the property at issue is administered. The Winder Property is located in Barrow County, Georgia.

7.     Petitioners satisfy Article III standing for the *in rem* declaratory and participatory relief sought herein. Petitioners have suffered concrete, particularized, and actual injury-in-fact: the destruction of a $3,955,000 arm's-length sale of the Winder Property; the threatened liquidation of the Winder Property by the Receiver; and the imposition of an inflated indebtedness demand. Those injuries are fairly traceable to the Receiver's conduct in refusing to honor FLCP's pre-receivership conveyance commitment and refusing to provide clear title. The injuries are redressable by the declaratory and participatory relief Petitioners seek. *See Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 438 (2017).

**III.**

**FACTUAL ALLEGATIONS**

8.     The factual background set forth in the Brief in Support of Motion to Intervene filed concurrently herewith is incorporated herein by reference. The matters most material to this Petition are summarized in the paragraphs that follow.

9.     Beginning in October 2022, Edwin Brant Frost IV ("Frost"), acting on behalf of FLCP, induced Brown to undertake the renovation and operation of the Winder Property. In a text message dated October 11, 2022 (the "First Inducement Text"), Frost represented the Winder Property's then-current loan as approximately $750,000 and approximate value as $1,700,000. In a text message dated July 24,

2023, Frost wrote to Brown: "I really need you to take over [the Winder] facility . . . there is $1M+ in future value for you there if you can help me."

10. On January 23, 2024, HREHW was formed as the contracting entity for the Winder transaction. On January 24, 2024, HREHW executed a promissory note in the principal amount of $2,000,000 with FLCP.

11. On January 31, 2024, Frost confirmed in writing to Brown the conveyance commitment: "I'd have her deed it to us, and then we'll deed it to you after the renovations are complete and at the close of the SBA loan." That email is referred to herein as the "January 31 Email."

12. On February 5, 2024, Brown and Frost jointly executed and transmitted vacate notices to the existing tenants of the Winder Property. The vacate notices identified the co-signatories as "Lisa Brown, Haven Senior Living" and "Brant Frost IV, First Liberty Building & Loan" and bore both signatures on a single notice.

13. On February 9, 2024, the prior owner of the Winder Property conveyed legal title to FLCP by Warranty Deed in Lieu of Foreclosure, recorded at Barrow County Deed Book 2819, Page 638. FLCP acquired legal title concurrently with, and subject to, the conveyance commitment Frost had made to Brown in the January 31 Email.

14. Between February 2024 and May 2025, in reliance on the conveyance commitment, Brown undertook the transformation of the Winder Property from a

5

22-unit personal care home into a 36-unit assisted living facility. Brown invested substantial capital, professional expertise, and personal effort in the renovations.

15. The four loans extended by FLCP to entities controlled by Brown contain cross-default and cross-collateralization provisions linking all four loans, together with deeds to secure debt against multiple parcels of real property. Those provisions gave FLCP, and now the Receiver, a structural incentive to retain title to the Winder Property and to defeat HREHW's equitable interest, notwithstanding the express conveyance commitment.

16. On May 23, 2025, HREHW executed a Real Estate Purchase Agreement to sell the Winder Property to a third-party buyer for $3,955,000.00. The Agreement, at Modifications Item 7, expressly conditioned closing on the Seller's acquisition of "good and marketable title" within ten (10) days of the Effective Date. The purchase price reflected an appreciation in value exceeding 300% over the approximately $750,000 figure represented in the First Inducement Text.

17. On June 2, 2025, Frost reconfirmed the conveyance commitment in writing, stating that "the buyers broker knows it's in our name and u/c to you. He said he saw no issues as long as his buyers receive the title at closing free of encumbrances."

18. On June 27, 2025, First Liberty Building & Loan, LLC ("FLB&L") ceased operations. On July 10, 2025, the Securities and Exchange Commission filed

6

the underlying enforcement action [Doc. 1], alleging that FLB&L, through FLCP and related entities, operated an approximately $140 million Ponzi scheme. On July 11, 2025, this Court entered the Order Appointing Receiver [Doc. 6].

19.    On July 8, 2025, HREHW filed a Verified Complaint for Specific Performance in the Superior Court of Coweta County, Georgia, Civil Action No. SUV2025000831, together with a contemporaneously-recorded Notice of Lis Pendens. That action is presently stayed under Section VII of the Order Appointing Receiver.

20.    On July 16, 2025, the buyer terminated the May 23, 2025 Purchase Agreement after the Receiver refused to provide clear title and refused to honor FLCP's prior written conveyance commitment. The buyer's termination was a direct and proximate consequence of the Receiver's refusal.

21.    On information and belief, when Frost made the January 31, 2024, Email conveyance commitment and reaffirmed it in writing on June 2, 2025, Frost did so without the present intention to perform, and instead used the conveyance commitment as a tool to induce Brown to invest her capital, labor, professional expertise, and personal reputation into the Winder Property, all to the benefit of FLCP and the broader scheme alleged by the Securities and Exchange Commission. The circumstances supporting that inference include the documented Ponzi scheme orchestrated through FLCP and its affiliates, the cross-collateralization structure

7

described in Paragraph 15 above, FLCP's repeated refusal and/or failure to deliver the promised SBA refinancing, and the Receiver's post-appointment refusal to honor the conveyance commitment notwithstanding its express written terms.

22.     On January 27, 2026, this Court entered the Procedures Order [Doc. 70], modifying the Section VII stay for the limited purpose of permitting Borrowers to enter the action to resolve "claims arising from loan obligations." The Procedures Order does not address property-based equitable interests held by Borrowers in identified Receivership real property.

23.     Petitioners' interest in the Winder Property is a pre-existing state-law property right that arose before the Receiver's appointment. The Receiver took such title to the Winder Property as FLCP held legal title subject to FLCP's express commitment to convey to HREHW at the moment of appointment. *See SEC v. Wells Fargo Bank, N.A.*, 848 F.3d 1339, 1343 (11th Cir. 2017) ("a receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the state" (citation omitted)).

## IV.

## COUNT I — DECLARATORY JUDGMENT

24.     Petitioners reallege and incorporate by reference paragraphs 1–23 above.

25.    An actual, present, and justiciable controversy exists between Petitioners and the Receiver concerning the respective interests of Petitioners and the Receivership Estate in the Winder Property. The Receiver disputes Petitioners' equitable interest, Petitioners assert that interest.

26.    A declaratory judgment will resolve the controversy and clarify the rights and legal relations of the parties with respect to the Winder Property, including by determining whether and to what extent the Winder Property constitutes Receivership Property within the meaning of the Order Appointing Receiver.

27.    Petitioners respectfully request a declaratory judgment that: (a) HREHW holds an equitable interest in the Winder Property arising from FLCP's contemporaneous and reaffirmed conveyance commitment, HREHW's possession and dominion over the Winder Property, and Brown's substantial improvements made in reliance thereon; (b) FLCP held legal title to the Winder Property subject to that equitable obligation to convey; and (c) the Receiver took, holds, and administers legal title subject to the same equitable obligation.

**V.**

**COUNT II — RECOGNITION OF CONSTRUCTIVE TRUST**

28.    Petitioners reallege and incorporate by reference paragraphs 1–27 above.

9

29.    Under O.C.G.A. § 53-12-132(a), a constructive trust is implied "whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." A constructive trust "is a remedy created by a court in equity to prevent unjust enrichment." *Ansley v. Raczka-Long*, 293 Ga. 138, 141 (2013) (citation omitted).

30.    Although a constructive trust generally may not be imposed based solely on a broken promise to hold or transfer land for the benefit of another, it will be imposed where the promise "was fraudulently made with the intention of being broken and for the purpose of thereby obtaining title." *Parris v. Leifels*, 280 Ga. 135, 136 (2006) (citation omitted). Under Georgia law, "the mere failure to comply with a promise to perform an act in the future is not fraud in a legal sense, . . . [but] when the failure to perform the promised act is coupled with the present intention not to perform, fraud, in the legal sense, is present." *Murray v. Murray*, 299 Ga. 703, 705 (2016) (citation omitted).

31.    FLCP, and, by succession, the Receiver, holds legal title to the Winder Property under circumstances in which enjoyment of the beneficial interest would violate established principles of equity. FLCP took title only by Warranty Deed in Lieu of Foreclosure, concurrent with Frost's express written commitment to convey to HREHW upon completion of renovations. HREHW took possession, made

10

substantial improvements, and acted in reliance on the conveyance commitment. On information and belief, Frost made the conveyance commitment without the present intention to perform, and instead used it to induce HREHW into the deed-in-lieu mechanism and into substantial detrimental reliance. The Receiver's refusal to honor that commitment, while retaining the benefit of the resulting appreciation in value, would unjustly enrich the Receivership Estate at Petitioners' expense and would violate established Georgia equity doctrine.

32.    Petitioners respectfully request that this Court recognize and declare a constructive trust over the Winder Property in favor of HREHW, with the Receiver holding bare legal title as constructive trustee for the benefit of HREHW.

## VI.

### COUNT III — EQUITABLE ESTOPPEL

33.    Petitioners reallege and incorporate by reference paragraphs 1–32 above.

34.    Under O.C.G.A. § 24-14-29, equitable estoppel arises where there is "some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his or her injury." *Accord DIP Lending I, LLC v. Cleveland Avenue Props., LLC*, 345 Ga. App. 155, 159 (2018).

11

35.    Frost, acting on behalf of FLCP, made intended deceptive representations to Brown concerning FLCP's commitment to convey title to the Winder Property to HREHW. Alternatively, those representations reflected gross negligence amounting to constructive fraud. Brown and HREHW, acting in good faith and with reasonable diligence in reliance on those representations, executed joint vacate notices to the tenants of the Winder Property, invested capital and professional reputation in the renovations, and accepted the deed-in-lieu mechanism Frost proposed. Petitioners were misled to their injury.

36.    The Receiver stands in FLCP's shoes for purposes of estoppel and is estopped from denying HREHW's equitable interest in the Winder Property. Petitioners respectfully request that this Court declare the Receiver equitably estopped from denying HREHW's equitable interest in the Winder Property.

## VII.

## COUNT IV — PROMISSORY ESTOPPEL

37.    Petitioners reallege and incorporate by reference paragraphs 1–36 above.

38.    Under O.C.G.A. § 13-3-44(a), "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

12

39. Frost's January 31, 2024, Email and June 2, 2025, reaffirmation constituted express written promises by FLCP to convey title to the Winder Property to HREHW. Those promises were reasonably calculated to induce, and did induce, HREHW to accept the deed-in-lieu structure, to expend substantial capital and professional effort on renovations that increased the property's value by more than 300 percent, and to forbear from pursuing alternative financing arrangements.

40. Injustice can be avoided only by enforcement of those promises in equity. Petitioners respectfully request that this Court recognize and give effect to the promissory-estoppel doctrine as an independent ground for declaring HREHW's equitable interest in the Winder Property.

## VIII.

## COUNT V — PARTICIPATORY RIGHTS AND NOTICE

41. Petitioners reallege and incorporate by reference paragraphs 1–40 above.

42. The Order Appointing Receiver authorizes the Receiver to "list for sale or lease . . . cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate." Doc. 6, ¶ 38. Paragraph 39 further provides that "[u]pon further Order of this Court . . . the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate."

13

43.     Any disposition of the Winder Property without notice and an opportunity for Petitioners to be heard would, as a practical matter, extinguish Petitioners' equitable interest in the Winder Property without due process and would render impossible meaningful judicial review of the Receiver's exercise of his authority over the Winder Property. *Cf. SEC v. Torchia*, 922 F.3d 1307, 1319 (11th Cir. 2019) (summary receivership procedures must afford affected parties "a meaningful opportunity to argue the facts and their claims and defenses").

44.     Petitioners respectfully request that this Court enter an order providing that, until the controversy concerning Petitioners' equitable interest is finally adjudicated, the Receiver shall (a) provide Petitioners with not less than thirty (30) days' written notice prior to listing the Winder Property for sale, accepting any offer, executing any contract for sale, or otherwise transferring or encumbering the Winder Property; (b) provide Petitioners with copies of any marketing materials, offers, broker price opinions, appraisals, and related materials concerning the Winder Property; and (c) afford Petitioners a reasonable opportunity to be heard before this Court before any sale, lease, or other disposition of the Winder Property is consummated or approved.

## IX.

## RESERVATION OF RIGHTS

45.    Petitioners expressly do not, by this Petition, assert any claim for monetary recovery, damages, recoupment, or offset against the Receivership Estate. Petitioners further expressly do not, by this Petition, assert any counterclaim, fraud claim, breach-of-fiduciary-duty claim, or other claim arising from or relating to any loan obligation due to the Receivership Estate.

46.    All such claims, defenses, recoupments, and offsets are expressly reserved for assertion, if at all, in compliance with the Procedures Order [Doc. 70] or as this Court may otherwise direct.

47.    Petitioners further reserve, without limitation, their rights to seek specific performance of FLCP's conveyance commitment, to assert any defenses to the Receiver's collection efforts, and to file a Verified Complaint or Verified Counterclaim under the Procedures Order as appropriate upon further order of this Court.

## X.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners Lisa Brown and Haven Real Estate Holdings of Winder, LLC respectfully pray that this Court:

15

(a) Enter a declaratory judgment that HREHW holds an equitable interest in the Winder Property, that FLCP held legal title subject to its express commitment to convey to HREHW, and that the Receiver holds and administers legal title to the Winder Property subject to that same equitable obligation;

(b) Recognize and declare a constructive trust over the Winder Property under O.C.G.A. § 53-12-132, with the Receiver holding bare legal title as constructive trustee for the benefit of HREHW;

(c) Declare that the Receiver is equitably estopped under O.C.G.A. § 24-14-29 from denying HREHW's equitable interest in the Winder Property;

(d) Enforce in equity, under O.C.G.A. § 13-3-44, FLCP's written promises to convey the Winder Property to HREHW;

(e) Enter an order providing notice and participatory rights to Petitioners with respect to any contemplated disposition of the Winder Property, as set forth in Paragraph 44 above;

(f) Expressly preserve Petitioners' right to assert any further claims, counterclaims, defenses, recoupments, or remedies, including without limitation specific performance, in compliance with the Procedures Order or as this Court may otherwise direct; and

(g) Grant such further relief as the Court deems just and proper.

16

Respectfully submitted this 28th day of May, 2026.

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**

**BY:**  */s/ Kevin E. Epps*
Kevin E. Epps
Georgia Bar No. 785511
*Attorney for Petitioners Lisa Brown and*
*Haven Real Estate Holdings of Winder, LLC*

1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
kevin@ehdhlaw.com

17

## VERIFICATION

STATE OF GEORGIA
COUNTY OF OCONEE

Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, **LISA M. BROWN**, who, after being duly sworn, deposes and states as follows:

1.      My name is Lisa M. Brown. I am over the age of 21 years, of sound mind, and competent to testify to the matters set forth herein. I have personal knowledge of the facts stated in the foregoing Verified Intervenor Petition.

2.      I am the sole member and manager of Haven Real Estate Holdings of Winder, LLC, and I am authorized to make this Verification on its behalf.

3.      I have read the foregoing Verified Intervenor Petition. The factual allegations set forth therein are true and correct to the best of my knowledge, information, and belief.

FURTHER AFFIANT SAYETH NOT.

_____
LISA M. BROWN

Sworn to and subscribed before me
this 28th day of May 2026.

_____
Notary Public
My Commission Expires:

[NOTARY SEAL]

18