# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | 1:25-cv-03826-MLB |
| EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTHAI CAPITAL LLC, THE LEGACY ADVISORY GROUP INC., and THE LIBERTY GROUP LLC, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Relief Defendants. | : | |

**FIRST AMENDED VERIFIED[1] INTERVENOR PETITION OF**
**LISA BROWN AND HAVEN REAL ESTATE HOLDINGS OF**
**WINDER, LLC, FOR DECLARATORY, AND EQUITABLE**
**RELIEF CONCERNING THE WINDER PROPERTY**

Pursuant to Federal Rule of Civil Procedure 24(c), Petitioner-Intervenors Lisa

Brown ("Brown") and Haven Real Estate Holdings of Winder, LLC ("HREHW")

---

[1] Petitioners will sign a Verification for this Petition, and supplement this Petition upon further direction from the Court.

1

(collectively, "Petitioners") submit this First Amended Verified Intervenor Petition in support of their Motion to Intervene. Petitioners seek declaratory, and equitable relief recognizing and protecting their pre-existing, property-based equitable interest in the real property located at 169 West Athens Street, Winder, Georgia 30680 (the "Winder Property"), including enforcement of the conveyance commitment described below, an order authorizing the sale of the Winder Property to a qualified purchaser, and application of the net sale proceeds to satisfy the secured loan obligations. The relief sought is in rem and concerns the disposition of the Winder Property. Petitioners do not, by this Petition, seek affirmative monetary damages against the Receivership Estate, and they reserve any such claim, and any dispute over the amount of the loan obligations or any resulting deficiency, for assertion, if at all, in compliance with the Order Establishing Procedures to Resolve Claims Arising From Loan Obligations [Doc. 70] (the "Procedures Order") or as this Court may otherwise direct.

## I.

## PARTIES

1.      Petitioner Lisa Brown is an individual citizen of the State of Georgia, a registered nurse with more than twenty-five years of experience who builds and operates residential memory-care and assisted-living communities for seniors, and the sole member and manager of Haven Real Estate Holdings of Winder, LLC.

2.  Petitioner Haven Real Estate Holdings of Winder, LLC is a Georgia limited liability company formed as the contracting entity for the Winder transaction. HREHW is the plaintiff in the Coweta County specific-performance action described below.

3.  S. Gregory Hays is the court-appointed Receiver in this action (the "Receiver") and administers the Receivership Estate, including the legal title to the Winder Property held in the name of Relief Defendant First Liberty Capital Partners LLC ("FLCP").

## II.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over this Petition pursuant to 28 U.S.C. §§ 754 and 1692, which vest in the appointing court continuing jurisdiction over property administered by an equity receiver, and pursuant to 28 U.S.C. § 1367(a), which provides supplemental jurisdiction over claims so related to the main action as to form part of the same case or controversy.

5.  This Court has authority to grant the declaratory relief requested pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, and to grant the equitable relief requested, including specific performance and the approval of a sale of, and direction to convey, Receivership real property, pursuant to its plenary

3

equitable jurisdiction over property administered by the Receiver. See Doc. 6, §§ 38–39.

6.  Venue is proper in this District because this Petition is filed in the action in which the Receiver was appointed and in which the property at issue is administered. The Winder Property is located in Barrow County, Georgia.

## III.

## STANDING

7.  Petitioners satisfy Article III standing for the in rem declaratory, and equitable relief sought herein. Petitioners have suffered a concrete, particularized injury to their equitable interest in the Winder Property that is fairly traceable to the Receiver's conduct and redressable by the relief Petitioners seek. *See Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 438 (2017).

## IV.

## FACTUAL BACKGROUND

8.  The factual background set forth in the Brief in Support of the Motion to Intervene is incorporated herein by reference. The following facts are material to the relief sought.

9.  Beginning in October 2022, Edwin Brant Frost IV ("Frost"), acting on behalf of FLCP, induced Brown to undertake the renovation and operation of the Winder Property. In a text message dated October 11, 2022 (the "First Inducement

Text"), Frost represented the Winder Property's then-current loan as approximately $750,000 and its approximate value as $1,700,000. In a text message dated July 24, 2023, Frost wrote to Brown: "I really need you to take over [the Winder] facility . . . there is $1M+ in future value for you there if you can help me."

10. On January 23, 2024, HREHW was formed as the contracting entity for the Winder transaction. On January 24, 2024, HREHW executed a promissory note in the principal amount of $2,000,000 with FLCP.

11. On January 31, 2024, Frost confirmed in writing to Brown the conveyance commitment: "I'd have her deed it to us, and then we'll deed it to you after the renovations are complete and at the close of the SBA loan." That email is referred to herein as the "January 31 Email."

12. On February 5, 2024, Brown and Frost jointly executed and transmitted vacate notices to the existing tenants of the Winder Property. The vacate notices identified the co-signatories as "Lisa Brown, Haven Senior Living" and "Brant Frost IV, First Liberty Building & Loan" and bore both signatures on a single notice.

13. On February 9, 2024, the prior owner of the Winder Property conveyed legal title to FLCP by Warranty Deed in Lieu of Foreclosure, recorded in Barrow County, subject to the conveyance commitment Frost had made to Brown in the January 31 Email.

14. Between February 2024 and May 2025, in reliance on the conveyance

commitment, Brown undertook the transformation of the Winder Property from a 22-unit personal care home into a 36-unit assisted living facility. Brown invested substantial capital, professional expertise, and personal effort in the renovations.

15. The four loans extended by FLCP to entities controlled by Brown contain cross-default and cross-collateralization provisions linking all four loans, together with deeds to secure debt against multiple parcels of real property. Those provisions gave FLCP, and now the Receiver, a structural incentive to retain title to the Winder Property and to defeat HREHW's equitable interest, notwithstanding the express conveyance commitment.

16. On May 23, 2025, HREHW executed a Real Estate Purchase Agreement to sell the Winder Property to a third-party buyer for $3,955,000.00. The Agreement, at Modifications Item 7, expressly conditioned closing on the Seller's acquisition of "good and marketable title" within ten (10) days of the Effective Date. The purchase price reflected an appreciation in value exceeding 300% over the approximately $750,000 figure represented in the First Inducement Text.

17. On June 2, 2025, Frost reconfirmed the conveyance commitment in writing, stating that "the buyers broker knows it's in our name and u/c to you. He said he saw no issues as long as his buyers receive the title at closing free of encumbrances."

18. On June 27, 2025, First Liberty Building & Loan, LLC ("FLB&L") ceased

operations. On July 10, 2025, the Securities and Exchange Commission filed the underlying enforcement action [Doc. 1], alleging that FLB&L, through FLCP and related entities, operated an approximately $140 million Ponzi scheme. On July 11, 2025, this Court entered the Order Appointing Receiver [Doc. 6].

19.    On July 8, 2025, HREHW filed a Verified Complaint for Specific Performance in the Superior Court of Coweta County, Georgia, Civil Action No. SUV2025000831, together with a contemporaneously recorded Notice of Lis Pendens. That action is presently stayed under Section VII of the Order Appointing Receiver.

20.    On July 16, 2025, the buyer terminated the May 23, 2025 Purchase Agreement after the Receiver refused to provide clear title and refused to honor FLCP's prior written conveyance commitment. The buyer's termination was a direct and proximate consequence of the Receiver's refusal.

21. On information and belief, Frost made the January 31 Email conveyance commitment, and reaffirmed it in writing on June 2, 2025, with the present intention not to perform it, and for the purpose of obtaining title to the Winder Property in FLCP and inducing HREHW's possession and improvements. The commitment was the inducement for the February 9, 2024 Warranty Deed in Lieu of Foreclosure that vested title in FLCP, and for Brown's ensuing investment of capital, labor, and professional reputation in the renovations, all to the benefit of FLCP and the broader

7

scheme alleged by the Securities and Exchange Commission. The following facts support the inference that the commitment was made without a present intention to perform: (a) the documented Ponzi scheme orchestrated through FLCP and its affiliates; (b) the cross-collateralization structure described in Paragraph 15, which gave FLCP a structural incentive to retain the Winder Property rather than convey it; (c) the deed-in-lieu mechanism, by which FLCP obtained title to the Winder Property concurrent with the commitment and thereafter retained it; and (d) the Receiver's continued refusal to honor the commitment or to deliver the clear title required to complete the contemplated refinancing and sale, notwithstanding the commitment's express written terms. The direct evidence of FLCP's and Frost's intent at the time the conveyance commitment was made and reaffirmed, including their own internal communications and records, as well as the records now held by the Receiver, is peculiarly within the knowledge and control of FLCP, Frost, and the Receiver, and Petitioners' allegations of present intent not to perform are made on that basis and will be established through discovery.

22. On January 27, 2026, this Court entered the Procedures Order [Doc. 70], modifying the Section VII stay for the limited purpose of permitting Borrowers to enter the action to resolve "claims arising from loan obligations." The Procedures Order does not address property-based equitable interests held by Borrowers in identified Receivership real property.

8

23.     Petitioners' interest in the Winder Property is a pre-existing state-law property right that arose before the Receiver's appointment. The Receiver took such title to the Winder Property as FLCP held, namely legal title subject to FLCP's express commitment to convey to HREHW, at the moment of appointment. *See SEC v. Wells Fargo Bank, N.A.*, 848 F.3d 1339, 1344 (11th Cir. 2017) ("a receiver appointed by a federal court takes property subject to all liens, priorities, or privileges existing or accruing under the laws of the state" (citation omitted)).

## COUNT I

### Declaratory Judgment

24. Petitioners reallege and incorporate by reference paragraphs 1 through 23 above.

25. An actual, present, and justiciable controversy exists between Petitioners and the Receiver concerning the respective interests of Petitioners and the Receivership Estate in the Winder Property. The Receiver disputes Petitioners' equitable interest; Petitioners assert that interest.

26. A declaratory judgment will resolve the controversy and clarify the rights and legal relations of the parties with respect to the Winder Property, including by determining whether and to what extent the Winder Property constitutes Receivership Property within the meaning of the Order Appointing Receiver.

27. Petitioners respectfully request a declaratory judgment that: (a) HREHW

holds an equitable interest in the Winder Property arising from FLCP's contemporaneous and reaffirmed conveyance commitment, HREHW's possession and dominion over the Winder Property, and Brown's substantial improvements made in reliance thereon; (b) FLCP held legal title to the Winder Property subject to that equitable obligation to convey; and (c) the Receiver took, holds, and administers legal title subject to the same equitable obligation.

## COUNT II

### Recognition of Constructive Trust

28. Petitioners reallege and incorporate by reference paragraphs 1 through 27 above.

29. Under O.C.G.A. § 53-12-132(a), a constructive trust is implied "whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." A constructive trust "is a remedy created by a court in equity to prevent unjust enrichment." *Ansley v. Raczka-Long*, 293 Ga. 138, 141 (2013) (*citation omitted*).

30. Although a constructive trust generally may not be imposed based solely on a broken promise to hold or transfer land for the benefit of another, it will be imposed where the promise "was fraudulently made with the intention of being broken and for the purpose of thereby obtaining title." *Parris v. Leifels*, 280 Ga. 135,

10

136 (2006) (citation omitted). Under Georgia law, "the mere failure to comply with a promise to perform an act in the future is not fraud in a legal sense, . . . [but] when the failure to perform the promised act is coupled with the present intention not to perform, fraud, in the legal sense, is present." *Murray v. Murray*, 299 Ga. 703, 705 (2016) (citation omitted).

31.    FLCP, and, by succession, the Receiver, holds legal title to the Winder Property under circumstances in which enjoyment of the beneficial interest would violate established principles of equity. FLCP obtained title only by Warranty Deed in Lieu of Foreclosure on February 9, 2024, concurrent with and in reliance on Frost's express written commitment, set out in the January 31 Email and reaffirmed on June 2, 2025, to convey the Winder Property to HREHW upon completion of the renovations and closing of the contemplated refinancing. In reliance on that commitment, HREHW took possession and made substantial improvements that increased the Property's value from approximately $750,000 to approximately $3,955,000. On information and belief, and as set forth in Paragraph 21, Frost made that commitment with the present intention not to perform and for the purpose of obtaining title to the Winder Property in FLCP and inducing HREHW's possession and improvements, which brings this case within the rule that a broken promise to convey land will support a constructive trust where the promise was fraudulently made with the intention of being broken and for the purpose of obtaining title. The

Receiver's refusal to honor the commitment, while retaining title and the resulting appreciation, would unjustly enrich the Receivership Estate at Petitioners' expense and would violate established Georgia equity doctrine.

32.     Petitioners respectfully request that this Court recognize and declare a constructive trust over the Winder Property in favor of HREHW, with the Receiver holding bare legal title as constructive trustee for the benefit of HREHW.

**COUNT III**

**Equitable Estoppel**

33. Petitioners reallege and incorporate by reference paragraphs 1 through 32 above.

34. Under O.C.G.A. § 24-14-29, equitable estoppel arises where there is "some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his or her injury." *Accord DIP Lending I, LLC v. Cleveland Avenue Props., LLC*, 345 Ga. App. 155, 159 (2018).

35.     Frost, acting on behalf of FLCP, intentionally made deceptive representations to Brown concerning FLCP's commitment to convey title to the Winder Property to HREHW, including the representations in the January 31 Email and the June 2, 2025 reaffirmation. FLCP further failed to disclose, while accepting the benefit of HREHW's possession and improvements, that it did not intend to

12

convey the Winder Property as promised, a concealment that Georgia law treats as the equivalent of an affirmative misrepresentation. *See Wright v. Apt. Inv. & Mgmt. Co.*, 315 Ga. App. 587 (2012). FLCP's duty to disclose its lack of intent to convey arose from its own affirmative representations of the conveyance commitment, its superior and exclusive knowledge of its own intent, and its acceptance of the benefit of HREHW's possession and improvements, which rendered its continued silence misleading. In the alternative, FLCP's conduct in inducing the deed-in-lieu and HREHW's improvements and then refusing to convey, in reckless disregard of HREHW's known and continuing reliance, amounted to such gross negligence as to constitute constructive fraud. Brown and HREHW, acting in good faith and with reasonable diligence in reliance on those representations, executed joint vacate notices to the tenants of the Winder Property, invested capital and professional reputation in the renovations, and accepted the deed-in-lieu mechanism Frost proposed. Petitioners were misled to their injury.

36.     The Receiver stands in FLCP's shoes for purposes of estoppel and is estopped from denying HREHW's equitable interest in the Winder Property. Petitioners respectfully request that this Court declare the Receiver equitably estopped from denying HREHW's equitable interest in the Winder Property.

## COUNT IV

## Promissory Estoppel

37. Petitioners reallege and incorporate by reference paragraphs 1 through 36 above.

38. Under O.C.G.A. § 13-3-44(a), "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

39. Frost's January 31, 2024 Email and June 2, 2025 reaffirmation constituted express written promises by FLCP to convey title to the Winder Property to HREHW. Those promises were reasonably calculated to induce, and did induce, HREHW to accept the deed-in-lieu structure, to expend substantial capital and professional effort on renovations that increased the property's value by more than 300 percent, and to forbear from pursuing alternative financing arrangements.

40. Injustice can be avoided only by enforcement of those promises in equity. Petitioners respectfully request that this Court recognize and give effect to the promissory-estoppel doctrine as an independent ground for declaring and enforcing HREHW's equitable interest in the Winder Property.

**COUNT V**

**Specific Performance of the Conveyance Commitment**

41. Petitioners reallege and incorporate by reference paragraphs 1 through 40 above.

42. FLCP's written conveyance commitment, set out in the January 31 Email and reaffirmed in writing on June 2, 2025, is an enforceable agreement to convey the Winder Property to HREHW upon completion of the renovations and closing of the contemplated refinancing. The subject matter, parties, and obligation are definite, and the Property is unique real estate for which a remedy at law would be inadequate. *See* O.C.G.A. § 23-2-130.

43. To the extent any writing requirement applies, it is satisfied or excused. HREHW took possession of the Winder Property and made valuable improvements in reliance on the conveyance commitment, which constitutes part performance sufficient to remove the agreement from the statute of frauds and to authorize a decree of specific performance. *See* O.C.G.A. § 13-5-31(3); O.C.G.A. § 23-2-131; *Dobbs v. Dobbs*, 270 Ga. 887, 888 (1999). Any condition relating to completion of the renovations or the closing of the refinancing was frustrated by the Receiver's own refusal to provide clear title and to honor the commitment, and a party may not rely on the nonoccurrence of a condition that its own conduct caused. *See* O.C.G.A. § 13-4-23.

44. The Receiver stands in FLCP's shoes and is bound by FLCP's conveyance commitment. The Order Appointing Receiver contemplates that, upon further Order of this Court, the Receiver is authorized to convey clear title to Receivership real property. *See* Doc. 6, § 39.

45. Petitioners respectfully request that this Court order specific performance of the conveyance commitment by directing the Receiver to convey good and marketable title to the Winder Property to HREHW, or, at HREHW's election and as set forth in Count VI, directly to a qualified purchaser at closing.

## COUNT VI

### Authority to Sell the Winder Property and Application of Proceeds

46. Petitioners reallege and incorporate by reference paragraphs 1 through 45 above.

47. As the party entitled in equity to conveyance of the Winder Property, HREHW is positioned to realize the Property's true and proper value through a sale to a ready, willing, and able purchaser. A market purchaser offered $3,955,000.00 for the Winder Property. Permitting that sale to be consummated, with the net proceeds applied to satisfy the secured loan obligations owed to FLCP and encumbering the Property, would retire those obligations in full and is consistent with the Receiver's mandate to sell Receivership real property "with due regard to the realization of the true and proper value" of the property, Doc. 6, § 38, and with

16

the Injunction against measures that "diminish the value of any Receivership Property," *id*. § 29(C).

48.     Application of the net sale proceeds to the secured obligations encumbering the Movants and the Winder Property is in rem relief concerning the disposition of identified Receivership real property, and is not the assertion of any claim belonging to a non-party. The obligations those liens secure, and the amounts required to discharge them, are established by the governing security instruments and may be fixed by a payoff statement approved by the Court. This relief does not require adjudication of any affirmative monetary claim against the Receivership Estate, and any dispute over the precise amount of the loan obligations or any resulting deficiency is reserved for the Procedures Order or as this Court may otherwise direct.

49.     Petitioners respectfully request this Court enter an order (a) authorizing HREHW to sell the Winder Property to a qualified purchaser subject to the Court's approval of the final terms; (b) directing the Receiver to execute and deliver, at closing, such instruments as are necessary to convey good and marketable title to the purchaser free and clear of the liens and claims of the Receivership Estate, which shall attach to the proceeds; and (c) directing that the net sale proceeds be applied first to satisfy the secured loan obligations owed to FLCP and encumbering the

17

Winder Property, in the amount set forth in a payoff statement approved by the Court, with any surplus paid to HREHW.

## RESERVATION OF RIGHTS

50.    Petitioners do not, by this Petition, assert any claim for affirmative monetary damages, recoupment, or offset against the Receivership Estate beyond the in rem relief sought herein concerning the disposition of the Winder Property and the application of its sale proceeds to the secured indebtedness encumbering it.

51. Petitioners reserve, for assertion if at all in compliance with the Procedures Order [Doc. 70] or as this Court may otherwise direct, any claim for affirmative damages, any affirmative claim for money damages sounding in fraud or breach of fiduciary duty, any dispute over the precise amount of the loan obligations, and any claim for a deficiency. Petitioners' reliance on FLCP's fraudulent intent as a basis for the equitable, in rem relief sought in this Petition is asserted herein and is not among the matters reserved.

52.    Petitioners further reserve, without limitation, all defenses to the Receiver's collection efforts and to the ancillary action filed against Petitioners and related entities, and the right to file a Verified Complaint or Verified Counterclaim under the Procedures Order as appropriate upon further order of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners Lisa Brown and Haven Real Estate Holdings of Winder, LLC respectfully pray that this Court:

(a) Enter a declaratory judgment that HREHW holds an equitable interest in the Winder Property, that FLCP held legal title subject to its express commitment to convey to HREHW, and that the Receiver holds and administers legal title to the Winder Property subject to that same equitable obligation;

(b) Recognize and declare a constructive trust over the Winder Property under O.C.G.A. § 53-12-132, with the Receiver holding bare legal title as constructive trustee for the benefit of HREHW;

(c) Declare that the Receiver is equitably estopped under O.C.G.A. § 24-14-29 from denying HREHW's equitable interest in the Winder Property;

(d) Enforce in equity, under O.C.G.A. § 13-3-44, FLCP's written promises to convey the Winder Property to HREHW;

(e) Order specific performance of the conveyance commitment, directing the Receiver to convey good and marketable title to the Winder Property to HREHW, or, at HREHW's election, directly to a qualified purchaser at closing;

19

(f) Enter an order authorizing HREHW to sell the Winder Property to a qualified purchaser on terms subject to the Court's approval, directing the Receiver to convey good and marketable title to the purchaser at closing free and clear of the liens and claims of the Receivership Estate, and directing that the net sale proceeds be applied first to satisfy the secured loan obligations owed to FLCP and encumbering the Winder Property, with any surplus paid to HREHW;

(g) Expressly preserve Petitioners' reserved rights as set forth in the Reservation of Rights above; and

(h) Grant such further relief as the Court deems just and proper.

Respectfully submitted this _____ day of June, 2026.

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**

BY:   */s/ Kevin E. Epps*
      Kevin E. Epps
      Georgia Bar No. 785511
      *Attorney for Lisa Brown and*
      *Haven Real Estate Holdings of Winder, LLC*

1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
kevin@ehdhlaw.com

20

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point New Times Roman type face.

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**

BY:   */s/ Kevin E. Epps*
    Kevin E. Epps
    Georgia Bar No. 785511
    *Attorney for Lisa Brown and*
    *Haven Real Estate Holdings of Winder, LLC*

1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
kevin@ehdhlaw.com