# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

EDWIN BRANT FROST IV and
FIRST LIBERTY BUILDING &
LOAN, LLC,

    Defendants, and

FIRST LIBERTY CAPITAL
PARTNERS LLC, FIRST
NATIONAL INVESTMENTS LLC,
MYHEALTHAI CAPITAL LLC,
THE LEGACY ADVISORY
GROUP INC., and THE LIBERTY
GROUP LLC,

    Relief Defendants.

CIVIL ACTION NO.

1:25-cv-03826-MLB

**[PROPOSED] ORDER GRANTING MOTION TO INTERVENE AND
GRANTING RELIEF CONCERNING THE WINDER PROPERTY**

This matter is before the Court on the Motion to Intervene filed by Lisa Brown

and Haven Real Estate Holdings of Winder, LLC (collectively, "Movants") [Doc.

92] and their First Amended Intervenor Petition, and on the Receiver's Motion for

Authority to Sell the Winder Property [Doc. 95]. Having considered the motions, the

briefing, the record, and the applicable law, the Court finds that Movants have

demonstrated a direct, substantial, and legally protectable interest in the real property located at 169 West Athens Street, Winder, Georgia 30680 (the "Winder Property"), that disposition of the Winder Property may as a practical matter impair that interest, and that the interest is not adequately represented by the existing parties.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Motion to Intervene [Doc. 92] is GRANTED. Movants are permitted to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, permissively under Rule 24(b)(1)(B). The First Amended Intervenor Petition will be deemed filed upon verification.

2. The stay under Section VII of the Order Appointing Receiver [Doc. 6] is modified to the extent necessary to permit the relief granted in this Order.

3. The Court declares that HREHW holds an equitable interest in the Winder Property and that the Receiver holds legal title to the Winder Property subject to FLCP's written commitment to convey that property to HREHW.

4. Movants are authorized to sell the Winder Property to a qualified purchaser and subject to the Court's approval of the final terms of sale.

5. At closing, the Receiver shall execute and deliver such instruments as are necessary to convey good and marketable title to the purchaser, free and clear of the liens and claims of the Receivership Estate, which liens and claims shall attach to the sale proceeds.

6.  The net proceeds of the sale shall be applied first to satisfy the secured loan obligations owed to FLCP and encumbering the Winder Property, in the amount set forth in a payoff statement approved by the Court, with any surplus paid to HREHW.

7.  Any dispute over the precise amount of the loan obligations, any claim for a deficiency, and any affirmative claim for monetary damages are reserved for resolution in compliance with the Procedures Order [Doc. 70] or as this Court may otherwise direct.

8.  The Court retains jurisdiction over the Winder Property, the parties, and the subject matter to enforce and implement this Order.

SO ORDERED, this _____ day of _____, 2026.

_____

MICHAEL L. BROWN

United States District Judge