**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,: | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:25-cv-3826-MLB |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and | : | |
| FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS | : | |
| LLC, et. al., | : | |
| | : | |
| Relief Defendants. | : | |

**REPLY REGARDING MOTION BY RECEIVER FOR: 1)
AUTHORIZATION TO EMPLOY AUCTIONEER; AND 2) APPROVAL OF
SALE OF CERTAIN RECEIVERSHIP ASSETS LOCATED IN WINDER,
GEORGIA FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS,
AND ENCUMBRANCES**

S. Gregory Hays, not individually, but as Court-Appointed Receiver

("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc.

No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the

"**Case**" or "**Receivership**"), hereby files this *Reply Regarding Motion by Receiver*

*for: 1) Authorization to Employ Auctioneer; and 2) Approval of Sale of Certain*

*Receivership Assets located in Winder, Georgia Free and Clear of All Liens, Claims, Interests, and Encumbrances,* respectfully stating as follows:

1. The purpose of this Reply to address several pending matters before this Court in anticipation of this Court's July 22, 2026 hearing.

2. On May 28, 2026, Lisa Brown and Haven Real Estate Holdings of Winder, LLC filed their *Motion To Intervene As Of Right, Or In The Alternative, Permissively, Pursuant To Federal Rule Of Civil Procedure 24, And For Limited Modification Of The Litigation Stay* [Doc. No. 92] (the "**Brown Intervention Motion**")

3. On June 11, 2026, the Receiver filed Receiver's *Response in Opposition to the Brown Motion* [Doc.No. 96].

4. On that same date, the Receiver filed his *Motion by Receiver for: 1) Authorization to Employ Auctioneer; and 2) Approval of Sale of Certain Receivership Assets located in Winder, Georgia Free and Clear of All Liens, Claims, Interests, and Encumbrances* [Doc. No. 95] (the "**Sale Motion**")[1] seeking authority to sell certain Receivership Assets (as defined in the Appointment Order) in the form

---

[1] Capitalized, but undefined terms used herein shall have the meaning ascribed to such terms in the Sale Motion or the *Response in Opposition to Motion to Intervene of Lisa Brown and Haven Real Estate Holdings of Winder, LLC* [Doc. No. 96] (the "**Objection**").

of certain real property located at 169 W. Athens St., Winder, Georgia (the "**Winder Property**") free and clear of all liens, claims, interests, and encumbrances (less closing costs and commissions) with the proceeds of the sale to be held in escrow pending resolution of any dispute regarding ownership of the Winder Property.   As noted in the Brown Intervention Motion, the Brown Parties allege an interest in the Winder Property.

5.    On June 25, 2026, Lisa Brown ("**Brown**") and Haven Real Estate Holdings of Winder, LLC ("**Haven Winder**") filed their *Reply Brief in Support of Their Motion to Intervene* (the "**Brown Reply**") [Doc. No. 99] that includes a proposed order (the "**Proposed Brown Order**").

6.    Although styled as a Reply brief to the Receiver's Response to the Intervention Motion, the Brown Reply is primarily directed to the relief sought in the Sale Motion and appears to be intended as a Response to the Sale Motion; rather than a Reply to the Receiver's Opposition to the Motion to Intervene.  The Receiver has therefore filed this pleading as a Reply.[2]   Other than the Brown Reply, the Brown Parties have not filed any formal opposition to the Sale Motion.

---

[2] To the extent that any portion of this pleading is deemed a sur-reply to the Brown Reply, the Receiver seeks permission to file a sur-reply.

7. No other pleading or opposition has been filed with respect to the Sale Motion. No other party has asked to be heard with respect to the Brown Intervention Motion.

8. Separately, on June 11, 2026, the Receiver filed an Ancillary Complaint [Case No. 26-cv-03283-MLB] naming Lisa Brown, Haven Real Estate Holdings of Snellville, LLC, Haven Memory Care of Athens, LLC, Haven Real Estate Holdings of Winder, LLC and Haven Real Estate Holdings of Athens LLC as Defendants (the "**Ancillary Proceeding**"). Simply put, the Ancillary Proceeding seeks the enforcement of certain promissory notes and guarantees executed by Ms. Brown and the Haven entities. As of the filing of this Response, the Haven limited liability companies have each been served with the Complaint. The response date to the Complaint is later this month. The Receiver is still attempting to effectuate service over Ms. Brown.

9. The Receiver respectfully submits that the questions currently pending before the Court are as follows: (i) Is the Motion to Intervene mooted by the filing of the Ancillary Proceeding and (ii) Should the Sale Motion be granted as requested by the Receiver in order to permit the Receiver to sell the Winder Property free and clear of liens with the proceeds of sale (less closing costs and commissions) to be held in escrow pending resolution of the litigation between the Parties regarding the

4

Winder Property.   Based on the record before the Court, the Receiver submits that the answer to each question is yes.

10.    In the Motion to Intervene Ms. Brown and Haven Winder seek to intervene for the purpose of litigating their claims to the ownership of the Winder Property.  Without reiterating the detail outlined in prior pleadings, the Receiver disputes these claims and shows that there is no dispute that title to the Winder Property is currently vested in the Receiver and there is no written, signed contract by which any of the Receivership Entities agreed to convey title to the Winder Property or which would render conveyance of the Winder Property subject to the remedy of specific performance.   Moreover, Haven Winder has executed a loan agreement, guaranteed by Ms. Brown, and the Receiver seeks enforcement of these agreements in the Ancillary Proceeding.   However, to the extent that the Brown Parties seek to assert claims against the Receivership related to the Winder Property, the Brown Parties may, upon complying with the Procedures Order and in accordance with the relief granted in that Order, assert a counterclaim in the Ancillary Proceeding seeking such relief.    The relief sought in the Brown Intervention Motion (to pursue this claim) has been essentially mooted.

11.    With respect to the Sale Motion, no valid reason is given to deny the relief as sought by the Receiver, i.e., to sell the Winder Property at public auction

and hold the proceeds in a segregated account pending determination of any claim to the Winder Property which Ms. Brown or Haven Winder may have. Indeed, at present the Receivership is bearing all of the costs of maintenance, insurance and upkeep on the Winder Property and no payments have been made to the Receiver on account of the loans made by the Receivership Entities with respect thereto. In fact, the Receiver has not received any payments from Ms. Brown or any of the Haven entities since his appointment.

12. Attached to the Brown Response is the Brown Order which purports to authorize a sale of the Winder Property under the control of the Brown Entities, relief not sought in the original Brown Intervention Motion. This Order is significantly flawed for various reasons and should not be entered by the Court. Among other deficiencies, the Brown Order goes beyond the relief sought in the Motion to Intervene and provides for: a) a premature determination of the ultimate matters to be determined in any petition that may be filed by the Brown Parties; b) a requirement that the Receiver be compelled to deliver title to the Winder Property as directed by the Brown Parties; c) a requirement that some of the proceeds of a sale be paid to the Brown Parties prior to any final determination of their rights; d) a finding that the Brown Parties have an interest in the Winder Property which is

expressly disputed by the Receiver and e) other relief not sought in the Intervention Motion.

13.    The Receiver objects to the Brown Reply, the Brown Order, and entry of any order that acknowledges any interest of the Brown Parties in the Winder Property, authorizes the Brown Parties to sell the Winder Property, compels the Receiver to deliver title to the Winder Property over his objection or allows the Brown Parties favorable treatment by allowing the Brown Parties to either: a) obtain any property of the Receivership without an exchange of reasonably equivalent value to the Receivership; or b) enter the Receivership without fully complying with the *Order Establishing Procedures to Enter Action to Resolve Claims Arising from Loan Obligations Due to the Receivership* [Doc. No. 70] (the "**Procedures Order**").

14.    Although the Brown Reply and Brown Order allege a purported written commitment to convey the Winder Property to Haven Winder from the Receivership Entities, the Brown Parties have yet to produce any: a) signed documentation of the material terms of such purported commitment; or b) evidence of a plausible claim of any direct, substantial, and legally protectable interest of the Brown Parties in the Winder Property. The attempt by the Brown Parties to manufacture an interest based on vague and cryptic emails rather than an executed contract, as required by Georgia law detailed in the Receiver's pleadings, should be rejected.    Furthermore, the

Brown Parties have failed to demonstrate any basis for the Brown Parties to be authorized to sell the Winder Property on behalf of the Receivership or for any of the proceeds of sale of the Winder Property to be used to satisfy obligations due by Brown and entities owned or controlled by Brown. The Brown Parties, who received substantial funds from Receivership Entities, have never paid for the Winder Property, have not made any interest or other payments since the Receiver was appointed, and have not -- since the appointment of the Receiver --- paid to maintain or insure the Winder Property.   They should not receive a windfall by receiving the benefit of the Winder Property at the expense of  the Receivership.[3]

15.    Although the Brown Parties never had an ownership interest in the Winder Property, the Brown Parties place much emphasis on the existence of an agreement dated May 23, 2025 which the Brown Parties previously entered into in order to sell the Winder Property to North Georgia Recovery Center, LLC ("**NSRC**") for $3,955,000.00.  This agreement (attached as Exhibit 10 to the Brown Intervention Motion) [Doc. No. 92-11] is cited as a basis by the Brown Parties to permit them to control the sale of property they do not now own and cannot convey

---

[3] To the extent the Movants assert a claim for ownership, the Receiver will, in addition to seeking to enforce the Promissory Note executed by Haven Winder, will also seek reimbursement for all insurance premiums and maintenance costs paid by the Receivership.

and argue that this price should be the floor for any sale of the Winder Property. The Reply fails to demonstrate why such contract should be used as a floor for a sale of the Winder Property when such sale did not ultimately close. Indeed, this agreement was unilaterally terminated immediately after the appointment of the Receiver by NSRC on July 16, 2025 (See Exhibit "A" hereto).

16. Further, even a cursory review of the NRSC purchase agreement shows that the promised consideration of $3,955,000 was illusory and that the Brown Parties could not and did not satisfy the many closing conditions therein.  In addition to not having title to the Winder Property, among those conditions were the conditions in Section 5 which required that a Certificate of Occupancy be issued such that the Winder Property was "legally permitted for occupancy and use" (Section 5.1.2); that the [Brown Parties] have completed at [their] sole cost "*all* renovations, construction and improvements" (Section 5.1.6); and (iii) that the Winder Property be re-zoned (Section 5.1.8).  There is no dispute that the Brown Parties never completed construction of the Winder Property and that no Certificate of Occupancy was ever obtained.  In fact, the Brown Parties own counsel acknowledged to the Receiver that $200,000 of work remained to be completed. Further, the Winder Property was not re-zoned for the intended use of NRSC at the time the Receiver was appointed and it was the Receiver who subsequently obtained

9

re-zoning.  The contract for the sale of Winder Property to NRSC is for real property which simply does not exist.

17.    In their Response, the Brown Parties seek to blame the Receiver for the failure of the NRSC agreement.  No actual facts are cited to support this argument which ignores the many conditions and loopholes contained in that agreement.  Most importantly, the Brown Parties ignore that the agreement was terminated just three business days after the Receiver was appointed.

18.    The only alternative to maximize the value of the Winder Property is to sell what actually exists and to conduct a competitive auction to sell it.  The Receiver has been advised by several parties that they are interested in the Winder Property and believes that an auction will yield the highest price for the Property in its current condition.

19.    The sale of the Winder Property has already been delayed due to the conduct of the Brown Parties. Despite promises such as the statement on page 2 of the Reply that the "goal would be to pay it off this week," the Brown Parties have failed to demonstrate progress to the Receiver to satisfy their obligations or demonstrate the ability to acquire the Winder Property.

20.    While the Brown Parties are welcome to submit a competitive, cash offer to purchase the Winder Property and/or bring the sale to the attention of parties who

may be interested in purchasing the Winder Property, the Brown Parties should not be allowed to interfere with or control such sale, which should be managed by the professionals already engaged to maximize the value of the assets of the Receivership. Further, it is unclear how the Brown Parties will actually direct a sale since the Receiver is the party who would actually be required to deliver title to a purchaser and no action for injunctive relief has been brought by the Brown Parties to compel such an action by the Receiver.

21.    The Receiver submits that a sale of the Winder Property pursuant to the Sale Motion free and clear of all liens, claims, interests, and encumbrances with any such claim to attach to the proceeds pending final disposition of litigation concerning such claims is appropriate as the claims involving the Brown Parties should not further delay this matter.

WHEREFORE, the Receiver respectfully requests that this Court grant the Sale Motion and the Receiver such other and further relief as is just and proper.

Dated: July 9,  2026.    LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr. (Georgia Bar No. 636265)
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
*Counsel for the Receiver*

## <u>CERTIFICATE OF SERVICE, FONT AND MARGINS</u>

I hereby certify that I electronically filed the foregoing using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys herein and to Kevin E. Epps at kevin@ehdhlaw.com and via first class mail as follows:

EDWIN BRANT FROST IV
35 BROOKSIDE DRIVE
NEWNAN GA 30263

EDWIN BRANT FROST IV AND FIRST LIBERTY BUILDING & LOAN, LLC
C/O ROBBINS ALLOY BELINFANTE LITTLEFIELD LLC
500 14TH STREET, NW
ATLANTA GA 30318
ATTN: JOSHUA MAYES

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

Dated:  July 9, 2026.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr. (Georgia Bar No. 636265)
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
COUNSEL FOR THE RECEIVER

2

# EXHIBIT A

2



July 16, 2025

**VIA EMAIL**

Haven Real Estate Holdings of Winder, LLC
705 Whitehead Road
Athens, Georgia 30606
Email: lbrown@havenmemory.com

Re:    Real Estate Purchase Agreement dated May 23, 2025 (the "Agreement"), by and between Haven Real Estate Holdings of Winder, LLC ("Seller"), and North Georgia Recovery Center LLC ("Purchaser"), concerning the proposed sale by Seller and purchase by Purchaser of certain real property commonly known as 169 W. Athens Street, Winder, Georgia, being more particularly described in the Agreement (the "Property")

Dear Seller:

Please be advised that the undersigned and this Law Firm represent the Purchaser under the above-referenced Agreement. All capitalized terms not defined herein shall have the same meanings as set forth in the Agreement. On Purchaser's behalf and at its direction, Seller is hereby advised that Purchaser has elected to terminate, and hereby does terminate the Agreement effective as of the date hereof pursuant to its termination rights under Section 5.1.2 thereof (i.e., prior to the close of the Inspection Period). Accordingly, as Escrow Agent under the Agreement, I will proceed to return the Earnest Money to Purchaser, and neither Seller nor Purchaser shall have any rights or obligations under the Agreement except for those matters which expressly survive termination.

Should you have any questions, please feel free to reach out to the undersigned at these offices.

Best regards.

Very truly yours,

THE STRULETZ FIRM, LLC

*/s/ Adam N. Struletz*

Adam N. Struletz, Partner

xc.    Spencer Gandy, Esq.
Mr. David Bridges
Client (all via email)