**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:25-cv-3826-MLB |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and | : | |
| FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS LLC, et. al., | : | |
| | : | |
| Relief Defendants. | : | |

## UNOPPOSED MOTION BY RECEIVER FOR: 1) AUTHORIZATION TO EMPLOY AUCTIONEERS; AND 2) APPROVAL OF SALE OF ASSETS

S. Gregory Hays, not individually, but as Court-Appointed Receiver ("**Receiver**") pursuant to the *Order Appointing Receiver* dated July 11, 2025 [Doc. No. 6] ("**Appointment Order**") that was entered in the above-captioned case (the "**Case**" or "**Receivership**"), hereby files, by and through counsel, this *Unopposed Motion by Receiver for: 1) Authorization to Employ Auctioneers; and 2) Approval*

*of Sale of Asset*[1] (the "**Motion**") to seek: 1) authorization to employ Tri State Auction & Realty, LLC ("**TSA**") to auction the Equipment (as defined below) and Terry Howe & Associates, Inc. ("**THA**" and collectively with TSA, the "**Auctioneers**") to auction the T3 Plant (as defined below); and 2) approval to sell the Assets (as defined below) via auction sale(s), and states as follows:

## INTRODUCTION

1. The Assets consist of certain real property and improvements located at 301 S. Cyprus St., Mullins, SC that include a sawmill (the "**Real Property**" or the "**T3 Plant**") that is owned by Tie and Timber Technologies, LLC ("**T3**") and certain equipment (the "**Equipment**" and collectively with the T3 Plant, the "**Assets**"). The Receiver anticipates that T3 will convey the Real Property to the Receivership through a deed in lieu and will also convey the Equipment of T3 to the Receivership.

2. While much of the Equipment is owned by T3, the Equipment, as that term is defined herein, also includes a certain 16700B Horizontal Peterson Grinder (Serial Number 31-53-1301, the "**Grinder")** that is owned by FibReTech LLC ("**FibReTech**") and is subject to a security interest and lien of First Liberty Capital Partners LLC ("**First Liberty**") that arose from a loan to FibReTech. The Receiver

---

[1] The Receiver has consulted with the Plaintiff, the Securities and Exchange Commission, prior to filing this Motion and the Plaintiff has advised the Receiver that it does not oppose the relief sought herein.

has taken possession of the Grinder, which was located in North Carolina, and has moved the Grinder to the T3 Plant to facilitate an auction of the Grinder.

3. The Receiver obtained a schedule of the Equipment of T3 early in the Receivership that was determined to be inaccurate. A detailed schedule of the Equipment is attached hereto as **Exhibit "A"**.

4. With regard to the obligations underlying the T3 Plant and Equipment of T3, T3 entered into a series of loans (the "**T3 Loans**") with First Liberty that were secured by, among other interests, a mortgage on the Real Property and security interests in the Equipment of T3. Since the T3 Loans are in default, the manager of T3, Melody B. Martini, has cooperated with the Receiver and agreed to allow the Receiver to liquidate the Assets of T3 incident to efforts by the Receiver to recover amounts due under the T3 Loans. In particular, Ms. Martini has agreed to deliver a Deed in Lieu of Foreclosure to the Receiver in order to enable the Receiver to deliver title at closing.

5. With regard to the obligations underlying the Grinder, Rendell Schmidt, the Managing Member and President of FibReTech, caused FibReTech to enter a loan dated August 16, 2021, in an amended amount of $165,000.00 that had a maturity date of August 15, 2022. Mr. Schmidt also caused FibReTech to enter a loan dated July 26, 2022 in the amount of $4,000,000.00 that had a maturity date of

December 20, 2023, and was secured by an interest in, among other property, the Grinder. The loan documents related to such loan were assigned to First Liberty Capital Partners, LLC by Mobilization Funding II, LLC, which held a purchase money security interest in the Grinder pursuant to a UCC Financing Statement filed and recorded on August 3, 2022, with the Borrow County under File No: 007-2022-046839. The Receiver believes that the Grinder cost approximately $365,0000. The foregoing obligations are in default.

6. Since the Grinder is still titled under FibReTech, the Receiver will either complete an agreement to take title to the Grinder from FibReTech or will sell the Grinder at auction pursuant the applicable provisions of the Uniform Commercial Code if an agreement cannot be arrived at to transfer title to the Grinder to the Receiver.

7. Incident hereto, the Receiver seeks authority to: a) employ THA to auction the T3 Plant and TSA to auction the Equipment; and b) sell the Assets via auction sale(s).

## BACKGROUND

8. Prior to the initiation of the Receivership, T3 was formed to engage in the business of manufacturing railroad ties and selling railroad ties and byproducts (including bark and wood chips), through a plant to be established in Mullin, South

4

Carolina. A building was purchased and over $1 million was spent on equipment on a sawmill plant at the Real Property that was never operated.

9. T3 entered a loan dated December 19, 2019 for $300,000.00 that had an extended maturity date of May 17, 2021, and was secured by a mortgage on the Real Property, a Security Agreement on accounts receivable and other assets. T3 also entered into a loan dated December 23, 2021 for $600,000.00 that had a maturity date of December 22, 2023 and was secured by a Security Agreement on property at the T3 Plant.

10. T3 also entered into a loans dated January 25, 2022, for $4,000,000.00 that had a maturity date of January 24, 2023, and dated April 18, 2022 for $3,000,000.00 that had a maturity date of April 17, 2023. Such loans were secured by a Security Agreement for two parcels in South Carolina and a Mortgage Deed to Secure Debt.

11. T3 also entered into a loan dated August 24, 2022 for $2,500,000.00 that had a maturity date that was modified to August 24, 2022 and a loan dated February 15, 2023 for $2,500,000.00 that was secured by a February 15, 2023 Mortgage of Real Estate, Security Agreement, and Equity Option Agreement.

12. The Case commenced on July 11, 2025, with the filing of a complaint by the Securities and Exchange Commission (the "**SEC**") against Defendants Edwin

Brant Frost IV ("**Frost**") and First Liberty Building & Loan, LLC (together, "**Defendants**") and Relief Defendants First Liberty Capital Partners LLC, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC (collectively, the "**Relief Defendants**").

13.     Based on the record in the Case, the Court determined that the appointment of a receiver in this action was necessary and appropriate for the purposes of marshaling and preserving all assets of First Liberty Building & Loan, LLC, First Liberty, First National Investments LLC, MyHealthAI Capital LLC, The Legacy Advisory Group Inc., and The Liberty Group LLC ("**Receivership Assets**") and the assets of Defendant Frost that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held in constructive trust for the Defendants; and/or (c) may otherwise be includable as assets of the estates of the Defendants (collectively, the "**Recoverable Assets**"). *See* Appointment Order, p. 1.

14.     The Receivership Assets include, among other assets, security interests in the Assets, including a mortgage on the Real Property and security interests in the T3 Plant and Equipment, including the Grinder.

15.     On July 11, 2025, the Court entered the Appointment Order to appoint the Receiver.

16.     Upon the entry of the Appointment Order, the Receiver began efforts to locate and recover the Grinder. The Receiver ultimately took possession of the Grinder and moved it to the T3 Plant to facilitate a sale of the Grinder.

17.     Upon the entry of the Appointment Order, T3 did not have sufficient funds to maintain the Assets, the Equipment of T3 and T3 Plant were not insured, and the T3 Plant was a difficult property to liquidate in light of its older condition and limited comparables in the area. The Receiver made multiple inquiries to insure the T3 Plant and was unable to obtain coverage due to the risks associated with the Equipment of T3 and condition of the older T3 Plant. Due to the lack of available insurance, the Receiver has required the Auctioneers to carry insurance coverage of at least Three Million Dollars and use a specialized, insured company to remove the Equipment of T3 once purchased.

18.     Due to the T3 Plant being vacant, the Receiver deemed it necessary to obtain security services to monitor the location. The Receiver continues to maintain power, water, and internet services at the location. The internet service is required to support the onsite security camera system.

19.     In light of the costs of maintaining the collateral, the Receiver seeks to liquidate the Assets at auction.

20. Although the Receiver will seek to enforce the loans referenced herein to the fullest extent possible, the Receiver believes that the value of the collateral securing such loans appears to be significantly lower than amount due under such loans. To the extent any deficiencies exist after selling the property and equipment and property, the Receiver will investigate any further sources of recovery and pursue any relief he believes appropriate.

21. Pursuant to paragraph 6(F) of the Appointment Order, the powers and duties of the Receiver shall include to "engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers."

22. Pursuant to paragraph 58 of the Appointment Order, the Receiver is further authorized to solicit persons and entities ("**Retained Personnel**") to assist the Receiver in carrying out the duties and responsibilities described in the Appointment Order with the understanding that the "Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement."

23.     Professionals engaged by the Receiver are—with court approval—"entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the 'Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission' (the '**Billing Instructions**') agreed to by the Receiver." (emphasis added). The Auctioneers will be paid as provided herein rather than according to the Billing Instructions.

**REQUESTED RELIEF**

24.     In an exercise of the discretion of the Receiver, the Receiver determined that auctioneers are necessary to assist the Receiver in carrying out the duties and responsibilities of the Receiver. Indeed, carrying out the duties and responsibilities of the Receiver will require the sale of certain assets of the Receivership.

25.     Pursuant to the Appointment Order, Receiver seeks the authorization from the Court to engage THA and TSA to assist the Receiver in carrying out the duties of the Receiver under the Appointment Order by THA auctioning the T3 Plant and TSA auctioning the Equipment.

26.     The professional services that THA is to render include, but are not limited to, the following:

    a.  to make an inspection of and market the T3 Plant for sale via auction;

b. to conduct public auction(s) of the T3 Plant for the benefit of the Receivership; and

c. such other work as may be appropriate at the discretion of the Receiver.

27. The professional services that TSA is to render include, but are not limited to, the following:

a. to make an inspection of and market the Equipment for sale via auction;

b. to conduct public auction(s) of the Equipment for the benefit of the Receivership; and

c. such other work as may be appropriate at the discretion of the Receiver.

28. By this Motion, the Receiver requests authority to: a) engage THA to auction the T3 Plant and TSA to auction the Equipment; and b) sell the Assets via public auction(s) operated by the Auctioneers.

29. The sales pursuant to the terms and conditions set forth therein are just and proper under the circumstances of this Case and necessary for the Receiver to discharge the duties and obligations assigned to the Receiver by this Court. The Receiver is informed and believes that there is no opposition to the instant Motion. Further, the Receiver respectfully submits that a separate memorandum of law is not required since this Motion does not seek resolution of an issue of law.

30. Prior to filing this Motion, the Receiver and his representatives have had discussions with the borrowers involved who do not oppose, and are cooperating with the Receiver in liquidating this collateral. Further, the Receiver has consulted with the Plaintiff, the Securities and Exchange Commission, which also has no opposition to this Motion.

31. This Motion is supported by all pleading and matters of record in this Case.

**QUALIFICATIONS OF AUCTIONEERS**

32. The Receiver shows that the Auctioneers are well qualified to perform the work required in this Case and are experienced in the matters for which auctioneer services are required. The Auctioneers regularly serve as an auctioneer and have extensive experience auctioning assets.

33. Under the circumstances, the Auctioneers are well-equipped to represent the Receiver as auctioneers in the liquidation of the Receivership Assets.

34. The Auctioneers have agreed to carry insurance coverage of at least Three Million Dollars and use a specialized, insured company to remove the Equipment once purchased.

**COMPENSATION**

35.     In consideration for THA aiding the Receiver in the sale of the real property, the Receiver proposes to pay, and THA has agreed to advertise and auction the T3 Plant for a commission in the form of a buyer's premium of fifteen (15%) percent of the sale price of the T3 Plant, plus reimbursement for advertising expenses in the amount of $2,500.00.

36.     In consideration for TSA aiding the Receiver in the sale of the Equipment, the Receiver proposes to pay, and TSA has agreed to advertise and auction the Equipment for a commission in the form of a five (5%) percent of the sale price of the Equipment sold by TSA. In addition to the commission, TSA shall charge a Buyer's Premium computed on the gross amount bid by each purchaser of 10% (the "**TSA Buyer's Premium**"). The TSA Buyer's Premium shall be retained by TSA and not considered part of its commission.

37.     The Receiver proposes that the Auctioneers retain from the proceeds of the respective sale(s) of the Assets the fees and expenses due to the Auctioneers and remit the remaining proceeds to the Receiver for the benefit of the Receivership.

## NO ADVERSE INTEREST

38. The Auctioneers have informed the Receiver that the respective Auctioneers do not not have any conflict with serving as auctioneer in this Receivership.

## PROCEEDS

39. The Receiver is not aware of any security interests of greater priority than the interest of First Liberty in the Assets. The net proceeds from such sale(s) of the Assets will be transferred to the Receivership.

WHEREFORE, the Receiver respectfully requests that this Court enter an order, substantially in the form as the proposed Order attached as **Exhibit B** hereto, that: 1) grants this Motion; 2) authorizes the retention of the Auctioneers as requested herein; 3) authorizes the Receiver to consummate the transactions and agreements contemplated herein; 4) authorizes the Receiver to sell the Assets as requested herein via public auction(s); and 5) grants the Receiver such other and further relief as is just and proper.

Dated: July 16, 2026.     LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr. (Georgia Bar No. 636265)
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053; hsewell@sewellfirm.com
*Counsel for the Receiver*

# EXHIBIT A

# EQUIPMENT LIST

FORMER TIE & TIMER TECHNOLOGIES
SELLING FOR COURT-APPOINTED RECEIVER LOCATED IN MULLINS, SOUTH CAROLINA
301 S. CYPRESS STREET
MULLINS, SOUTH CAROLINA 29574
SATURDAY 10:00 AM EST
SC LIC#4642

-MILLER BOBCAT 225 PORTABLE WELDER W/ KOHLER GAS ENGINE W/ WELDING LEADS

-LINCOLN RANGER 260MPX PORTABLE WELDER W/ KOHLER GAS ENGINE W/ WELDING LEADS

-MILLER MATIC 255 WIRE FEED WELDER

-WELDING SUPPLIES, WELDING WIRE & RODS

-PREDATOR 6500 GENERATOR

-PREDATOR 6500 GENERATOR

-JOCKEY GRINDER

-JOCKEY GRINDER

-JOCKEY GRINDER MODEL 06E

-(2) NORTON ROCKS FOR JOCKEY GRINDER

-(1) MILWAUKEE ELECTRIC BAND SAW, (1) DRILL & (1) JIG SAW

-LOT OF NEW CHAIN LINKS

-20' OF NEW #160 ROLLER CHAIN, 20' OF NEW #120 ROLLER CHAIN, 20' OF NEW #80 ROLLER CHAIN,

-10' OF NEW #80 ROLLER CHAIN & 40' OF NEW #60 ROLLER CHAIN

-ELLIS PSA METAL CUTTING BAND SAW

-ELLIS VARIABLE SPEED DRILL PRESS

-PORTABLE AIR OIL TRANSFER SYSTEM

-LOT OF BELT LANCING W/ LACER

-LOT OF CLEAN UP TOOLS

-LOT OF TOOLS & WORKTABLE

-(8) ROLLS OF 1/2" BANDING

-ULINE BANDING CART & TOOLS W/ BANDING

-ULINE BANDING CART & TOOLS W/ BANDING

-ULINE BANDING CART & TOOLS W/ BANDING

-20' EXTENSION LADDER

-(3) FIBERGLASS 6FT LADDER

-(2) FIBERGLASS LADDER

-BLACK MAX PRESSURE WASHER 3300PSI

-2002 WOODMIZER LT70 SUPER HYDRAULIC WIDE PORTABLE SAWMILL W/ YANMAR DIESEL ENGINE
 W/ LOG TURNER W/ COMPUTER CONTROLS W/ 105 HOURS MANUFACTURED 11-04-2024  SN#456D72410RNLA6344

-2024 WOODMIZER 21' 2 STRAND LOG DECK W/ STOP & LOADER W/ 78 CHAIN W/ HYDRAULIC DRIVE

-15"X20' OUTFEED ROLLCASE

-(5) BOXES OF NEW SAWS FOR WOODMIZER LT70 SAWMILL

-12'X20' PREFAB CARPORT

-1998 NICHOLSON MODEL A7 27" RING DEBARKER W/ (1) 125HP MOTOR W/ (1) 60HP MOTOR W/ NICHOLSON
RING & GEAR LUBE SYSTEM W/ 5HP HYDRAULIC POWER PACK SYSTEM SN#6842

-PARTS FOR NICHOLSON 27" DEBARKER

- -16' ENDWISE INFEED LOG TROUGH W/ FLOATING FEED ROLL W/ ELECTRIC DRIVE
- -20' ENDWISE OUTFEED LOG TROUGH FROM DEBARKER W/ NO DRIVE SOLD SEPARATELY
- -HEAVY DUTY LENGTH LOG CUT OFF SAW W/ AIR OPERATED W/ 75HP MOTOR W/ 72" CHISEL TOOTH SAW
- -SPARE 72" CHISEL TOOTH SAW
- -55' ENDWISE INFEED LOG TROUGH W/BACKSTOP NO DRIVE SOLD SEPARATELY
- -REXNORD PLANET GEAR 80 TO 1 RATIO W/ 30HP MOTOR
- -23' 3 STRAND HEAVY DUTY LOG DECK W/ 3 ARM STOP & LOADER W/ #78 CHAIN W/ ELECTRIC DRIVE
- -23' 3 STRAND HEAVY DUTY LOG DECK W/ 3 ARM STOP & LOADER W/ #78 CHAIN W/ ELECTRIC DRIVE
- -26' ENDWISE OUTFEED LOG TROUGH W/ DOUBLE CHAIN W/ 3 ARM LOG INDEXING SYSTEM NO DRIVE (SOLD SEPARATELY
- -REXNORD PLANET GEAR 17 TO 1 RATIO W/ 3O HP MOTOR
- -REN WHOLE TREE METAL DETECTOR W/ 24"X19' BELT W/ 36" CAPACITY W/ DRIVE & CONTROLS
- -22' ENDWISE LOG TROUGH OUTFEED W/ 3 ARM LOG SWEEP NO DRIVE (SOLD SEPARATELY)
- -REXNORD PLANT GEAR DRIVE W/ 20HP MOTOR
- -11'X19' STEEL SLIDE
- -14"X13' INCLINE BELT CONVEYOR W/ DRIVE (UNDER CUT OFF SAW)
- -18"X25' ALL STEEL WASTE CONVEYOR W/#110 LADDER BACK CHAIN W/ DRIVE
- -18"X145' ALL STEEL WASTE CONVEYOR W/ STEEL DRAGS W/ DRIVE (GOES UNDER LOG LINE)
- -AIR STORAGE TANK (LOCATED AT CUTOFF SAW)
- -OPERATOR CONSOLE FOR LOG LINE
- -8'X10' PORTABLE BUILDING (USED AS AN OPERATOR'S CONTROL CAB) W/ AC UNIT
- -SUBSTRUCTURE STAND FOR OPERATOR CAB
- -ALLEN BRADLEY 7 SECTION MCC W/ 1 SIZE 5 STARTER W/ 1 SIZE 4 REVERSIBLE W/ 1 SIZE 4 W/ 2 SIZE 3 STARTER W/ 2 SIZE
- -BENSHAW 100HP SOFT-TYPE STARTER
- -8'X16' ELECTRICAL ROOM W/ PANEL BOARD & LIGHTS
- -FULGHUM ROSSER HEAD DEBARKER W/ 40HP MOTOR W/ CONTROLS (MADE TO DEBARKER TIE LOGS)
- -13' 4 STRAND LOG DECK W/ #78 CHAIN W/ 4 ARM STOP & LOADER W/ DRIVE
- -MULTIPLE STARTER BOX W/ 1 SIZE 2 STARTER W/ 1 SIZE 1 REVERSIBLE W/ 6 SIZE 1 STARTER W/ 200 AMP SQUARE D DISCONNECT
- -11' 3 STRAND INFEED LOG DECK W/ #78 CHAIN W/ DRIVE
- -21' 2 STRAND INCLINE LOG DECK W/ LOG LUGS W/ DRIVE
- -22' 2 STRAND INFEED LOG DECK W/ #78 CHAIN W/ DRIVE
- -WILLIAMS 18"X32" OPENING PULVERIZER GRINDER W/ TOP FEED BOTTOM DISCHARGE W/ 75HP MOTOR W STEEL STRUCTURE
- -40"X60' INCLINE CONCAVE BELT CONVEYOR W/ DRIVE (FEEDS INTO GRINDER)
- -45' SINGLE TRAILER OVERHEAD LOADING SYSTEM W/ DRIVE
- -40"X56' INCLINE CONCAVE BELT CONVEYOR W/ DRIVE (FEEDS INTO LOADING SYSTEM)
- -25' ALL STEEL WASTE W/ STEEL DRAGS W/ DRIVE (LOCATED UNDER FULGHUM DEBARKER)
- -EATON 600 AMP WEATHERPROOF DISCONNECT
- -LOT OF CATWALKS
- -2014 CLEERMAN MODEL PROP 36 3 HEAD BLOCK MODULAR MILL W/ ALL STEEL HUSK FRAME W/ OFF BEARING BELT W/ 4'X5' CONTROL CAB W/ CLEEREMAN COMPUTER SETWORKS W/ TRACKWAY W/ PANTAGRAPH W/ CLEEREMAN SLAB DROP W/ 10HP HYDRAULIC POWER PACK SYSTEM SN#36-1020-14
- -2015 CLEEREMAN MODEL HYD50 HYDRAULIC CARRIAGE DRIVE W/ 50HP MOTOR W/ CONTROLS

-2014 CLEEREMAN LOG TURNER W/ CONTROLS

-BALDOR 200HP 1785 RPM 460 VOLT HEAD SAW MOTOR

-56' CIRCLE SAW

-26' 4 STRAND HEAVY DUTY LOG DECK W/ 4 ARM STOP & LOADER W/ NOSE SKIDS W/ DRIVE

-24"X35' OUTFEED ROLLCASE W/ 5' 3 STRAND TRANSFER W/ DRIVE

-45' 3 STRAND TRANSFER W/ #78 CHAIN W/ DRIVE

-48' 4 STRAND TRANSFER DECK W/ ROOFTOP CHAIN W/ DRIVE

-4 STRAND UNSCRAMBLER W/ DRIVE

-9' 3 STRAND TRANSFER W/ #78 CHAIN W/ DRIVE

-4' 3 STRAND TIMPLE SYSTEM W/ DRIVE

-16"X18' BELT TRANSFER W/ DRIVE

-12' 4 TRAND INFEED TRANSFER W/ DRIVE

-CROSBY 10"X60" COMBINATION GANG EDGER W/ 1 MOVABLE SAW W/ INFEED ROLLCASE W/ SPLIT ROLLS W/ CROWDER CHAIN W/ 2 LINE LASER LIGHTS

-350HP 1786 RPM 460 VOLT MOTOR FOR GANG

-SAWS & SPACERS FOR CROSBY GANG

-24"X28' BELT CONVEYOR W/DRIVE (COMING FROM UNDER CROSBY GANG)

-20' 4 STRAND COLLECTOR DECK W/ C55B ROOFTOP CHAIN W/ SLIDE W/ DRIVE

-28' 4 STRAND TRANSFER DECK W/ 81X CHAIN W/ DRIVE

-24"X16' BELT CONVEYOR W/ DRIVE

-24"X60' BELT CONVEYOR W/ DRIVE

-22"X21' INCLINE BELT CONVEYOR W/ DRIVE

-18"X60' INCLINE BELT CONVEYOR W/ DRIVE

-CROSBY 6"X48" COMBINATION EDGER W/ INFEED ROLLCASE W/ PRESS ROLLS

-150HP 1780 RPM 460 VOLT MOTOR

-SAWS & SPACERS FOR CROSBY EDGER

-24"X12' SPIRAL ROLLCASE W/ DRIVE

-24"X9' SPIRAL ROLLCASE W/ DRIVE

-2005 CLEEREMAN MODEL 420 4 HEAD BLOCK CARRIAGE W/ ALL STEEL HUSK FRAME W/ OFF BEARING BELT W/ CLEEREMAN 4'X5' CONTROL CAB W/ CLEEREMAN SET SHAFT PROPORTIONAL CARRIAGE SETWORKS W/ TRACKWAY & PANTAGRAPH SN#420-868-05

-CLEEREMAN 40HP HYDRAULIC POWER PACK SYSTEM FOR CARRIAGE

-2017 CLEEREMAN MODEL HYD 100 100HP HYDRAULIC CARRIAGE DRIVE W/ DRUM PACKAGE W/ CONTROL SN#309-17

-END OF TRACK CABLE TIGHTENER

-100HP 1780 RPM 460 VOLT HEAD SAW MOTOR

-56" CIRCLE SAW

-56" CIRCLE SAW

-56" CIRCLE SAW

-60' 4 STRAND HEAVY DUTY LOG DECK W/ #78 CHAIN W/ 5 ARM STOP & LOADER W/ NOSE SKIDS W/ DRIVE

-CORLEY BAR TYPE LOG TURNER W/ CONTROLS

-60' ENDWISE LOG TROUGH W/ DUAL OVERHEAD ROTARY KICKER W/ 1-15' CAPACITY W/ 1- 10' CAPACITY W DRIVE

-ADVANTAGE 2 TON ELECTRIC WINCH W/ 60' OF RAIL

-30'X50' HEAVY DUTY ROLLCASE W/ 10" ROLLS W/ DRIVE W/ 24"X30' ROLLCASE W/ 8" ROLLS

- 24"X52' BELT CONVEYOR W/ DRIVE
- 24"X40' INCLINE BELT CONVEYOR W/ DRIVE
- 24"X37' INCLINE BELT CONVEYOR W/ DRIVE
- 42' 3 STRAND INCLINE TRANSFER DECK W/ #78 CHAIN W/ DRIVE
- 24"X40' ROLLCASE W/ SPIRAL ROLL SECTION W/ DRIVE
- 42"X40' ROLLCASE W/ SPIRAL ROLL SECTION W/ DRIVE
- 22' 2 STRAND TRANSFER DECK W/ROOFTOP CHAIN W DRIVE
- 4 STRAND UNSCRAMBLER W/ DRIVE
- TIE STACKING SYSTEM W/ 18' 2-STRAND INFEED TRANSFER W/ 48'X9' HOIST W/ 24'X25' OUTFEED ROLLCASE W/ 6' 2 STRAND POP UP TRANSFER W/ 20' 2 STRAND OUTFEED TRANSFER W/ ROOFTOP CHAIN W/ DRIVE W/ 10HP HYDRAULIC PACK W/ CONTROLS W/ GRAVITY ROLLS
- 24"X11' ROLLCASE NO DRIVE
- PRECISION 66" 6 KNIFE CHIPPER W/ HORIZONTAL FEED BOTTOM DISCHARGE SN#613
- 200HP 1780 RPM 460 VOLT MOTOR
- CHIPPER PARTS
- 17"X75' VIBRATING CONVEYOR W/ TRANSISTOR SPOUT W/ DRIVE
- PRECISION 24"X54' VIBRATING CONVEYOR W/ DRIVE
- PRECISION 24"X22' VIBRATING CONVEYOR W/ DRIVE (LOCATED UNDER PRECISION CHIPPER)
- FORANO 8'X14' HIGH VOLUME CHIP SCREEN W/ DRIVE SN#SW-56391
- 18"X60' INCLINE BELT CONVEYOR W/ DRIVE
- 65' INCLINE ALL STEEL WASTE CONVEYOR W/ DRVE
- 45' DUAL OVERHEAD LOADING & LEVELING SYSTEM W/ AUGER W/ DRAG CHAIN W/ DRIVE
- 42"X76' INCLINE CONCAVE BELT CONVEYOR W/ DRIVE
- 18"X65' INCLINE BELT CONVEYOR W/ DRIVE
- SQUARE D 3,000 AMP MAIN BREAKER
- ALLEN-BRADLEY 300 HP SOFT-TYPE STARTER
- BENSHAW 150HP SOFTYPE STARTER
- BENSHAW 40HP SOFTYPE STARTER
- 1 ALLEN BRADLEY POWERFLEX W/ 2 POWERFLEX 10HP W/ 2 POWERFLEX 5HP DRIVE
- ALLEN-BRADLEY 12-SECTION MCC PANEL
- ALLEN-BRADLEY 4 SECTION MCC PANEL
- EATON 2,500 AMP MAIN SWITCH BOARD
- WEG 350 HP SOFT-TYPE STARTER W/ 600 AMP DISCONNECT
- NEWMAN G-200 4 KNIFE TUB TYPE KNIFE SHARPENER
- NEWMAN KM-16 5 HAD MULTIPLE TRIM SAW W/ BLOCK & STOCK BELT CONVEYOR W 1HP HYDRAULIC POWER PACK W/ 7.5 HP MOTOR W/ CONTROLS
- TURBOCONE DUST SYSTEM
- 13"X19' INCLINE WASTE CONVEYOR W/ DRIVE
- 8' 2 STRAND INFEED TRANSFER DECK W/ DRIVE
- 12"X9' INCLINE BELT CONVEYOR W/ DRIVE
- 24"X17' BELT TRANSFER W/ DRIVE
- PUSH BOTTOM CONTROL PANEL (CONTROLS TRIMMER AREA)
- BREWER DOUBLE HEAD KNOTCHER W/ 30HP MOTOR W/ CONTROLS

- -10' 2 STRAND TRANSFER DECK W/ DRIVE
- -28"X10' BELT TRANSFER W/ DRIVE
- -14"X25' INCLINE BELT CONVEYOR W/ DRIVE (MISSING IDLER ROLL & DRIVE ROLL)
- -24"X14' INCLINE BELT CONVEYOR W/ DRIVE
- -(26) ALL STEEL LUMBER CARTS 11' LONG (SELLING 1X THE MONEY)
- -2019 HERTZ 150HP SCREW TYPE AIR COMPRESSOR W/ 400 AMP DISCONNECT
- 2020 HERTZ MODEL HRD-US750 AIR DRYING SYSTEM
- ULINE 5'X5' SELF DUMPING HOPPER
- WRIGHT 5'X5' SELF-DUMPING HOPPER
- -WRIGHT 5'X5' SELF DUMPING HOPPER
- -WRIGHT 5'X5' SELF DUMPING HOPPER
- -WRIGHT 5'X5' SELF DUMPING HOPPER
- -KOMATSU WA320 ARTICULATING WHEEL LOADER W/ ENCLOSED CAB W/ HEAT & AIR W/ QUICK ATTACH W/ 20.25 RUB 6,974 HOURS SN#KMTWA121C01080432
- -QUICK ATTACH LOG FORKS W/ HOLD DOWN FOR KOMATSU LOADER
- -CROWN MODEL CG5SC-7 WAREHOUSE FORKLIFT W/ PROPANE & GAS ENGINE W/2-STAGE MAST W/ SIDE SHIFT 6500 HOURS SN#FGBOV-3600-00322
- -JOHN DEERE 437D KNUCKLEBOOM LOADER W/ CONT GRAPPLE W/ JOYSTICK CONTROLS W/ HEAT & AIR W/ SAW PACKAGE HOOK UP W/HYDRAULIC STABILIZER MOUNTED ON TANDEM AXLE TRAILER 17,506 HOURS SN#1T437DXKA0192111
- -PRENTICE 410C KNUCKLEBOOM LOADER W/ JOYSTICK CONTROLS W CONT GRAPPLE MOUNTED ON TANDEM AXLE TRAILER (NEEDS REPAIR)
- -2006 CAPACITY SPOT TRUCK W/ HYDRAULIC 5TH WHEEL W/ CUMMINS DIESEL ENGINE W/ AUTO TRANSMISSION
- -PETERSON 6700B HORIZONTAL PORTABLE GRINDER W/ CAT DIESEL ENGINE
- -PATTIBONE MODEL 30 ROUGH TERRAIN CRANE W/ GAS ENGINE (NEEDS REPAIR)
- -B-TEK 2000,000 LB CAPACITY ABOVE GROUND SCALES 70' LONG W/ 3 SECTION W/ DIGITAL READ OUT

MISC
- -CLEEREMAN TOP SAW
- -4 SAW VERTICAL EDGER
- -TYRONE BERRY HYDRAULIC CARRIAGE DRIVE MODEL 225 W/ PREMIUM PACKAGE W/ 75 HP MOTOR
- -NEW ROLLS OF ELECTRICAL WIRE
- -NEW & USED #78 CHAIN
- -NEW CONDUIT
- -MISC ROLLS OF ELECTRICAL
- -CORINTH 3 HEAD BLOCK CARRIAGE W/OVERHEAD TONG DOG
- -CARRAIGE STYLE SLASHER SAW
- -MISC DRIVES & MOTORS

**EXHIBIT B**
(**PROPOSED ORDER**)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | 1:25-cv-3826-MLB |
| v. | : | |
| | : | |
| EDWIN BRANT FROST IV and | : | |
| FIRST LIBERTY BUILDING & LOAN, LLC, | : | |
| | : | |
| Defendants, and | : | |
| | : | |
| FIRST LIBERTY CAPITAL PARTNERS | : | |
| LLC, et. al., | : | |
| | : | |
| Relief Defendants. | : | |

**ORDER GRANTING UNOPPOSED MOTION BY RECEIVER FOR: 1)
AUTHORIZATION TO EMPLOY AUCTIONEERS; AND 2) APPROVAL
OF SALE OF ASSETS**[1]

This matter came before the Court on the *Unopposed Motion by Receiver for:*

*1) Authorization to Employ Auctioneers; and 2) Approval of Sale of Assets* [Docket

No. ___] (the "**Motion**") that was filed by S. Gregory Hays, not individually, but as

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

Court-Appointed Receiver ("**Receiver**") in the above-captioned case seeking: 1) authorization to employ Tri State Auction & Realty, LLC ("**TSA**") to auction the Equipment and Terry Howe & Associates, Inc. ("**THA**" and collectively with TSA, the "**Auctioneers**") to auction the T3 Plant; and 2) approval of sale of Assets via auction sale(s).

The Plaintiff in this Case, the United States Securities and Exchange Commission, does not oppose the relief sought in the Motion and the Defendants have not filed any opposition to the Motion. Further, the Receiver has represented that the borrowers who own the collateral at issue in this Motion, do not oppose the relief sought in this Motion.

Having considered the Motion the arguments set forth therein, and the record in this case, this Court finds that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it has jurisdiction over the parties.

2. This Court is the proper venue for this case.

3. The Receiver was appointed in the Appointment Order.

4. The Motion requests authority to: a) employ TSA to auction the Equipment and THA to auction the T3 Plant; and b) sell the Assets via auction sale(s).

5. Public auction(s) of the Assets pursuant to the terms and conditions set forth in the Motion is just and proper under the circumstances of this Case and necessary for the Receiver to discharge the duties and obligations assigned to the Receiver by this Court.

6. The Receiver has or will comply with the requirements necessary for a public auction of the Assets.

7. The Motion was served upon Defendants at their last known address and all parties who have appeared in this Case.

8. The Receiver shall give notice to all lien lienholders known to the Receiver of the Assets.

9. No opposition to the Motion has been filed.

10. Due and adequate notice of the Motion has been provided to the Defendants and no other or further notice or opportunity for a hearing is necessary or required under the circumstances of this case.

ACCORDINGLY, having determined that the relief requested in the Motion is just and proper; and based upon the Motion and all of the proceedings before this Court and after due deliberation and finding that cause exists to grant the Motion and no objection the Motion having been filed, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Receiver is authorized to retain and engage the Auctioneers to assist the Receiver in fulfilling the duties of the Receiver under the Appointment Order and any other orders of this Court by engaging THA to auction the T3 Plant and TSA to auction the Equipment; and it is further

ORDERED that, in accordance with the Appointment Order, the Auctioneers shall be compensated for such services as set forth in the Motion; and it is further

ORDERED, that the Court authorizes the Receiver to: 1) sell the T3 Plant and Equipment via public auction(s); 2) consummate the transactions and agreements contemplated in the Motion; 3) retain and engage the THA to sell the T3 Plant and TSA to sell the Equipment; and 4) take all actions necessary to effectuate and close a sale of the Assets and to execute and deliver such other and further documents as may be required to fully effectuate and close a sale of the Assets; and it is

FURTHER ORDERED that the THA is authorized to retain from the proceeds of the sale of the T3 Plant and TSA is authorized to retain from the proceeds of the sale of the Equipment the fees and expenses due to such respective Auctioneers and shall remit the remaining proceeds to the Receiver for the benefit of the Receivership; and it is

FURTHER ORDERED, after payment of fees and expenses due to the Auctioneers or otherwise related to the sale(s) of the Assets, the net proceeds from the

4

sale(s) of the Assets will be held by the Receiver pending further order of this Court; and it is

FINALLY ORDERED, that within ten (10) days of the closing of the sale(s) authorized herein, the Receiver shall file a Report of Sale with this Court reporting to this Court all amounts received, disbursed, and held by the Receiver in connection with such sale; and it is

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SO ORDERED, this ___ day of _____, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT COURT JUDGE

Prepared and Presented by:
LAW OFFICES OF HENRY F. SEWELL JR., LLC
*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE RECEIVER

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that I electronically filed the foregoing using the CM/ECF System that will automatically send e-mail notification of such filing to all registered attorneys of record. The foregoing was also served via electronic mail upon wme@cmamlaw.com, rcreamer@tallanthowell.com and counsel for the Defendants, Joshua Mayes at joshua.mayes@robbinsfirm.com and Don Sammuel at dfs@gsllaw.com, and upon the following parties via First Class, U.S. Mail with adequate postage to ensure delivery to the following:

Edwin Brant Frost IV
35 Brookside Drive
Newnan, GA 30263

Edwin Brant Frost IV and First Liberty Building & Loan LLC
C/O Robbins Alloy Belinfante Littlefield LLC
500 14th Street, NW
ATTN: Joshua Mayes
Atlanta, GA 30318

Tie and Timber Technologies, LLC
301 South Cypress Street
Mullins, SC 29574

Tie and Timber Technologies, LLC and Melody Martini
c/o William M. Ellard
Cushing, Morris, Armbruster & Montgomery, LLP
1150 Spring Street, N.W., Suite 300
Atlanta, Georgia 30309

FibRETech LLC
1150 Jordan RD
Ball Ground, GA 30107

FibRETech LLC
c/o Rendell and Sharon Drawdy Schmidt
6635 Canyon Cove
Cumming, GA 30028

FibRETech LLC and Rendell Schmidt
c/o Riley Creamer
Tallant Howell
202 Tribble Gap Road, Suite 302
Cumming, Georgia 30040

Mobilization Funding II, LLC
301 Carteret St., Ste 100
Beaufort, SC 29902

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

Dated: July 16, 2026.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com
COUNSEL FOR THE RECEIVER