UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC,<br><br>Defendants, and<br><br>FIRST LIBERTY CAPITAL PARTNERS LLC, FIRST NATIONAL INVESTMENTS LLC, MYHEALTH AI CAPITAL, LLC; THE LEGACY ADVISORY GROUP INC., AND THE LIBERTY GROUP LLC,<br><br>Relief Defendants. | ) | CIVIL ACTION NUMBER:<br><br>1:25-CV-03826-MLB |

**RESPONSE OF FAMILY FINANCIAL PARTNERS, LLC ("FFP") AND KRISTA FROST TO RECEIVER'S MOTION TO ADD FFP TO THE RECEIVERSHIP**

On April 30, 2026, the Receiver filed a Motion to include FFP into the Receivership (ECF #84). Not only is the partnership itself the target of the Receiver's motion: the Motion seeks to corral all FFP's assets, regardless of the provenance of the asset, or the propriety of seizing *all* a debtor's assets simply because there is a debt owed to the entity in Receivership. A Declaration under penalty of perjury by

Krista Frost attesting to the accuracy of the factual assertions in this Response is attached as Exhibit "A".

1. Krista Frost, the Manager of FFP, is competent to manage the affairs of FFP and to ensure that there is no dissipation of the assets of FFP pending the resolution of the Receiver's motion and she is competent and available to manage the affairs of FFP as long as necessary to protect FFP's assets. Thus, the Receiver's claim that "no one is available to manage" FFP unless it is placed in Receivership is unsupportable. *See* ¶ 11 of the Receiver's Motion.
2. The Receiver's errant accounting regarding FFP's acquisition of shares of Old Glory Holding Company is inaccurate in numerous respects (*See* ECF #84, ¶5). The following assertions are not true and are inconsistent with financial documents, including bank records, stock purchase agreements, and the FFP partnership records which are available to be reviewed by the Receiver:
    a. The primary source for funding FFP was not a transfer from The Liberty Group, LLC in the amount of $410,000.
    b. FFP did not use $300,000 of the $410,000 to purchase 622,500 shares of Old Glory.
    c. These funds (presumably referring to a portion of the $410,000) were not used to purchase 50,000 shares of Old Glory in the name of Brant Frost V (the son of Krista and Brant Frost IV).

d. A portion of the $410,000 was not used to purchase 100,000 shares of Old Glory Bank in the name of Brant Frost IV.

e. Old Glory is not engaged in a transaction which may result in a significant recovery for the value of the stock at any time in the near future, because the shares of stock held by FFP are subject to an enforceable lock-up provision that bars the sale of the shares for a significant period of time (likely to be 12 months) after the closing of a proposed transaction in which Old Glory stock would become publicly traded.[1] To the best of FFP's knowledge and belief, the date for the closing of that proposed transaction has not yet been set.

At a hearing on this matter, FFP will be prepared to produce all the records documenting the method by which FFP purchased the Old Glory shares and will participate in discovery with the Receiver so that these matters can be clarified in advance of any hearing before the Court.

[1] More specifically, the lockup provision applies until the earlier of:
(A) one year after the closing in which Old Glory stock becomes publicly traded; and
(B) after that closing,
(x) the date on which the last publicly traded sale price of the shares equals or exceeds $12.00 per share (as adjusted for stock splits, stock dividends, reorganizations, recapitalizations and the like) for any 20 trading days within any 30-day period commencing at least 150 days after the closing date, or
(y) the date on which the publicly traded Old Glory company completes a liquidation, merger, capital stock exchange, reorganization or other similar transaction that results in all of its stockholders having the right to exchange their shares for cash, securities or other property.

3. As FFP has explained to the Receiver, a significant part of the cost of acquiring the Old Glory shares was funded by issuing a promissory note payable to First Liberty. FFP used the proceeds of that promissory note to purchase Old Glory shares. Because at the time of that purchase FFP was a newly formed entity, it had the wire transfer of its funds to Old Glory completed by Legacy Family Partners LLC. Legacy Family Partners completed that wire transfer explicitly for the benefit of FFP.

As with all other entities that owe money to First Liberty, the appropriate remedy for the Receiver is to sue the entity if there is an enforceable indebtedness and recover whatever money is owed to First Liberty. *See* ¶6(B) and ¶6(J) of the Order Appointing the Receiver, ECF # 6, page 4 and 5). FFP is no different. Because FFP owes money to First Liberty as evidenced by a promissory note, the Receiver, acting in the shoes of First Liberty, is and has been throughout the duration of these proceedings entitled to pursue collection on the note.

The Receiver is not entitled *to seize* everybody and every entity that owes money to First Liberty. The Receiver is entitled *to sue* anybody and everybody who owes money to First Liberty. The Receiver is not entitled to place any (and certainly not every) personal debtor or corporate/partnership debtor in receivership absent a showing that the corporate/partnership debtor

has fraudulently disregarded its separate identity or has threatened to conceal assets needed to satisfy the debt.

4. Separately, some of the shares of Old Glory owned by FFP were not acquired by FFP with funds traceable in any way to First Liberty. As such, FFP has an independent legal identity that cannot be ignored by the Receiver in his effort to recover tainted funds originating from First Liberty. The Receiver is entitled to recover money that is owed to First Liberty. It is not entitled to seize any entity that owes money to First Liberty. Because FFP has some assets that are unrelated to First Liberty, including some of the Old Glory shares that were acquired completely independent of any money borrowed from First Liberty, FFP's separate identity cannot be ignored.

5. Placing FFP itself into receivership is not necessary to effectively safeguard assets for the benefit of investors or to guard against potential dissipation. *See* ¶15 and ¶18 of the Receiver's Motion.

For the foregoing reasons, FFP will await a Reply Brief from the Receiver and if the parties are not able to resolve this dispute, will request that the Court set this matter down for a hearing.

Respectfully submitted this 20th day of July 2026.

GARLAND, SAMUEL & LOEB, P.C.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.

Georgia Bar Number: 624475

Attorney for Krista Frost and
Family Financial Partners, LLC

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Tel.: 404-262-2225
Fax: 404-365-5041
Email: dfs@gsllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing **RESPONSE OF FAMILY FINANCIAL PARTNERS, LLC ("FFP") AND KRISTA FROST TO RECEIVER'S MOTION TO ADD FFP TO THE RECEIVERSHIP** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This, the 20th day of July, 2026.

RESPECTFULLY SUBMITTED,

GARLAND, SAMUEL & LOEB, P.C.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL, ESQ.
Georgia Bar Number: 624475

Attorney for Krista Frost and
Family Financial Partners, LLC

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Tel.: 404-262-2225
Fax: 404-365-5041
Email: dfs@gsllaw.com