**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC,<br><br>Defendants, and<br><br>FIRST LIBERTY CAPITAL PARTNERS LLC, et. al.,<br><br>Relief Defendants. | : | Civil Action File No.<br>1:25-cv-3826-MLB |

**ORDER GRANTING UNOPPOSED MOTION BY RECEIVER FOR: 1) AUTHORIZATION TO EMPLOY AUCTIONEERS; AND 2) APPROVAL OF SALE OF ASSETS**[1]

This matter came before the Court on the *Unopposed Motion by Receiver for: 1) Authorization to Employ Auctioneers; and 2) Approval of Sale of Assets* [Docket No. 103] (the "**Motion**") that was filed by S. Gregory Hays, not individually, but as

[1]Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

Court-Appointed Receiver ("**Receiver**") in the above-captioned case seeking: 1) authorization to employ Tri State Auction & Realty, LLC ("**TSA**") to auction the Equipment and Terry Howe & Associates, Inc. ("**THA**" and collectively with TSA, the "**Auctioneers**") to auction the T3 Plant; and 2) approval of sale of Assets via auction sale(s).

The Plaintiff in this Case, the United States Securities and Exchange Commission, does not oppose the relief sought in the Motion and the Defendants have not filed any opposition to the Motion. Further, the Receiver has represented that the borrowers who own the collateral at issue in this Motion, do not oppose the relief sought in this Motion.

Having considered the Motion the arguments set forth therein, and the record in this case, this Court finds that:

1. This Court has jurisdiction over the subject matter of this case and there is good cause to believe it has jurisdiction over the parties.

2. This Court is the proper venue for this case.

3. The Receiver was appointed in the Appointment Order.

4. The Motion requests authority to: a) employ TSA to auction the Equipment and THA to auction the T3 Plant; and b) sell the Assets via auction sale(s).

5. Public auction(s) of the Assets pursuant to the terms and conditions set forth in the Motion is just and proper under the circumstances of this Case and necessary for the Receiver to discharge the duties and obligations assigned to the Receiver by this Court.

6. The Receiver has or will comply with the requirements necessary for a public auction of the Assets.

7. The Motion was served upon Defendants at their last known address and all parties who have appeared in this Case.

8. The Receiver shall give notice to all lien lienholders known to the Receiver of the Assets.

9. No opposition to the Motion has been filed.

10. Due and adequate notice of the Motion has been provided to the Defendants and no other or further notice or opportunity for a hearing is necessary or required under the circumstances of this case.

ACCORDINGLY, having determined that the relief requested in the Motion is just and proper; and based upon the Motion and all of the proceedings before this Court and after due deliberation and finding that cause exists to grant the Motion and no objection the Motion having been filed, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Receiver is authorized to retain and engage the Auctioneers to assist the Receiver in fulfilling the duties of the Receiver under the Appointment Order and any other orders of this Court by engaging THA to auction the T3 Plant and TSA to auction the Equipment; and it is further

ORDERED that, in accordance with the Appointment Order, the Auctioneers shall be compensated for such services as set forth in the Motion; and it is further

ORDERED, that the Court authorizes the Receiver to: 1) sell the T3 Plant and Equipment via public auction(s); 2) consummate the transactions and agreements contemplated in the Motion; 3) retain and engage the THA to sell the T3 Plant and TSA to sell the Equipment; and 4) take all actions necessary to effectuate and close a sale of the Assets and to execute and deliver such other and further documents as may be required to fully effectuate and close a sale of the Assets; and it is

FURTHER ORDERED that the THA is authorized to retain from the proceeds of the sale of the T3 Plant and TSA is authorized to retain from the proceeds of the sale of the Equipment the fees and expenses due to such respective Auctioneers and shall remit the remaining proceeds to the Receiver for the benefit of the Receivership; and it is

FURTHER ORDERED, after payment of fees and expenses due to the Auctioneers or otherwise related to the sale(s) of the Assets, the net proceeds from the

sale(s) of the Assets will be held by the Receiver pending further order of this Court; and it is

FINALLY ORDERED, that within ten (10) days of the closing of the sale(s) authorized herein, the Receiver shall file a Report of Sale with this Court reporting to this Court all amounts received, disbursed, and held by the Receiver in connection with such sale; and it is

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SO ORDERED this 28th day of July, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE