**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff.**<br><br>**v.**<br><br>**EDWIN BRANT FROST, IV and FIRST LIBERTY BUILDING & LOAN, LLC,**<br>**Defendants, and**<br>**FIRST LIBERTY CAPITAL PARTNERS, LLC, et al.,**<br>**Relief Defendants.** | : | **Civil Action File No. 1:25-cv-3826-MLB** |

**RESPONSE OF KATHY BATES TO RECEIVER'S MOTION TO APPROVE CLAIMS PROCESS AND BRIEF IN SUPPORT THEREOF**

Dorothy D. Bates, a/k/a Kathy Bates, responds as follows to the *Motion to Approve Claims Process and Brief in Support Thereof* [Doc. No. 117] (the "Claims Process Motion") filed by S. Gregory Hays, as Receiver.

1. Ms. Bates is a creditor of receivership defendant First National Investments, LLC ("FNI") and a potential claimant in this receivership.

2. In January of 2023, Ms. Bates loaned money to FNI secured by a first-position security deed to commercial real property (the "Property") located in Coweta County, Georgia. The Receiver has sold the Property and, pursuant to an

agreement with Ms. Bates, has escrowed funds sufficient to satisfy the amount owing on her loan.

3. In the Claims Process Motion, the Receiver proposes to determine each claimant's Allowed Claim Amount[1] by reconciling transfers made by "investors"[2] against transfers received by the Receivership Entities, described as a "simple money-in, money-out calculation."

4. The Receiver further proposes to "consolidate" this reconciliation among multiple accounts held by a single investor individually or jointly with a spouse.

5. The Claims Process Motion provides investors with an opportunity to dispute the Allowed Claim Amount by appealing the Receiver's Final Determination to this Court.

6. It was unclear to Ms. Bates whether this dispute right was limited to "each deposit and withdrawal and the resulting net loss … as calculated by the Receiver" (Claims Process Motion, p. 12 and p. 32, Ex. A proposed *Order Approving Claims Process*, ¶ 3.2) or whether investors might also contest the Receiver's basis for consolidating investors and investments.

[1] Capitalized terms not defined in this Response shall have the meaning assigned to them in the Claims Process Motion.

[2] Apparently, the Receiver intends to treat lenders like Ms. Bates as "investors" and not "creditors."

7. Additionally, it is unclear what process will be followed in the event that the Receiver subsequently unilaterally adjusts an Allowed Claim. (Claims Process Motion, p. 13 and p. 33, Ex. A proposed *Order Approving Claims Process*, ¶ 3.2).

8. Finally, the Claims Process Motion appears to seek to deprive claimants of appeal rights beyond an "appeal" to this Court of the Receiver's decision.

9. Accordingly, Ms. Bates files this Response to ensure clarity in any final order in this regard and to preserve the rights of all investors and creditors with respect to: determination of the Allowed Claim, including but not limited to calculation and consolidation; determinations related to requirements for asserting an Allowed Claim; and an exhaustive appeal of all decisions related to the same.

Dated: October 2, 2026

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/ Michael F. Holbein*
Michael F. Holbein
Georgia Bar No. 360070
1105 W. Peachtree Street NE
Suite 1000
Atlanta, GA 30309
Phone: (404) 815-3537
Facsimile: (404) 685-6837
mholbein@sgrlaw.com

*Attorneys for Dorothy D. Bates, a/k/a Kathy Bates*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all attorneys of record.

This 2nd day of October 2026.

*/s/ Michael F. Holbein*
Michael F. Holbein