**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| **Plaintiff,** | : | **Civil Action File No. 1:25-cv-3826-MLB** |
| **v.** | : | |
| **EDWIN BRANT FROST IV and FIRST LIBERTY BUILDING & LOAN, LLC,** | : | |
| **Defendants, and** | : | |
| **FIRST LIBERTY CAPITAL PARTNERS LLC, et. al.,** | : | |
| **Relief Defendants.** | : | |

**ORDER APPROVING CLAIMS PROCESS**

THIS MATTER came before the Court on the *Motion to Approve Claims Process and Brief in Support Thereof* (the "**Motion**").[1] With the Court having considered the Motion and the court file in the above-captioned case, noting that no objections have been filed to the relief requested therein, and being otherwise duly advised in the premises, the Court finds there is good cause to grant the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

[1] All capitalized terms used herein shall have the meanings ascribed to them in the Motion.

**1.** The Motion is granted in its entirety. The form of Legal Notice of Claims Process (the "**Notice**") attached as Exhibit B to the Motion is approved. The Proof of Claim (the "**Claim Form**") forms attached as Exhibit C and Exhibit D to the Motion are approved. The Receiver is authorized to implement the claims process as set forth in the Motion and below (the "**Claims Process**"):

**2. NOTICE OF CLAIMS PROCESS**

The Receiver, shall notify each known potential claimant of the Claims Process, the Claims Bar Date (as defined below), and their right to submit a Claim Form as provided herein by sending the Notice in a form substantially similar to Exhibit B to the Motion. The Notice shall be sent by first class United States mail to the last known address of all known potential claimants, by no later than ten (10) days after the date of this Order. The Receiver will also post the Notice, a copy of this Order, and any other information the Receiver deems appropriate on the receivership website.

**3. FILING OF CLAIMS**

**3.1 Allowed Claim:** The claim of an investor or creditor will be allowed (an "**Allowed Claim**"), such that the claimant will be *entitled* to receive a distribution from the First Liberty Recovery Fund (as defined in the Motion) based on that claimant's loss of principal investment, the value of the goods or services

rendered, or the amount owed to claimant, provided that the claimant sufficiently demonstrates to the satisfaction of the Receiver through documentation and/or sworn statements, among other things:

(i) that such claimant invested funds with, and/or provided goods or services or a loan *directly* to First Liberty;

(ii) that the total amount that such claimant transferred, or the value of the goods or services the claimant provided, to First Liberty, exceeds the total amount that First Liberty or its affiliates transferred back or paid to such claimant;

AND

(iii) that such claimant (a) was not a member, owner, officer, director, or other insider of First Liberty, (b) was not a member, owner, officer, director, or other insider of any entity owned in full or in part by First Liberty, and (c) did not knowingly assist First Liberty or Defendant Frost to effectuate, perpetuate, or promote any of First Liberty's investment scheme(s) or have knowledge of the fraudulent nature of

such scheme at the time of the investment, loan, or other transaction underlying the claim.[2]

The Receiver may consider other factors in determining whether a claim is an Allowed Claim.[3] If an investor or creditor cannot prove all three of the foregoing factors to the Receiver's satisfaction, the Receiver may disallow such Claims, and such investor or creditor will receive no distribution.

**3.2 Allowed Claim Amount:** To the extent such information is available, the Receiver will pre-fill the Claim Form with each investor claimant's net loss amount (the "**Allowed Claim Amount**"), as calculated by the Receiver using First Liberty's bank account records, the forensic reconstruction of First Liberty's bank accounts prepared by the Receiver's forensic accountant, and the documents

[2] Upon receipt of a Claim Form from agent-investors who suffered a net loss, the Receiver is hereby authorized to review the relationship between each agent-investor and any of the Receivership Entities and determine whether the agent-investor can properly certify that he/she is not an insider of any of the Receivership Entities as stated in this subsection (ii). To the extent the Receiver determines that an agent-investor can properly certify the statements in subsection (ii), that agent-investor shall be treated like a non-agent investor in this Claims Process.

[3] Notwithstanding these factors for determining whether a claim should be allowed, the Receiver is hereby authorized to analyze each claim and the circumstances surrounding each investor's investment in or transfers to any of the Receivership Entities, and relationship with, any of the Receivership Entities and/or Defendant Frost and the corporate entities owned by any of the Receivership Entities and/or Defendant Frost and object to and seek to disallow any claim based on any information or circumstances.

provided by investors. The Receiver will calculate the Allowed Claim Amount by subtracting the total amount of transfers (regardless of how those transfers were categorized by First Liberty) that an investor or creditor received from First Liberty from the total amount of transfers that such investor made to First Liberty (*i.e.*, a simple money-in, money-out calculation). An investor's allowed claim amount will be equal to the investor's net loss. Each known investor will receive notice of the Claims Process and a claim form stating, to the extent such information is available, the Receiver's determination of the investor's Allowed Claim Amount with a breakdown of that investor's deposits to and withdrawals from First Liberty. Investors will have the opportunity to confirm and/or dispute each deposit and withdrawal and the resulting net loss (allowed claim) amount, as calculated by the Receiver, and, if disputed, submit a claim against the Estate for a different amount with supporting documentation. The Receiver will consider such claims and supporting documentation in making a determination regarding the amount of each investor's Allowed Claim Amount.

In the event the Receiver is unable to calculate the amount of the Allowed Claim, such Investor shall be required to complete the claim form and provide supporting documentation for such Investor's claim.

The calculation of a claimant's Allowed Claim Amount will not include any

interest, profit, or fees promised, but not paid, to an investor or creditor and will be calculated on a consolidated basis as appropriate to serve equitable ends, so that if a claimant has multiple accounts, including personal accounts held individually or jointly with a spouse, individual retirement accounts, trust accounts, and/or sole-owned limited liability company accounts, the Allowed Claim Amount will be the total deposits in all accounts minus the total withdrawals from all accounts. Claimants are required to report any amounts recovered from third parties related to First Liberty so that those amounts may be deducted from the Allowed Claim Amount. At any point in the Claims Process or during implementation of the plan of distribution, an Allowed Claim Amount may be increased or decreased if the Receiver discovers additional information, deposits, withdrawals, or recovery of losses from a third party. The investor or creditor will be promptly notified of any change in Allowed Claim Amount and given an opportunity to dispute that change.

**3.3 Filing Claims**: Any claimant asserting a claim against any of the Receivership Entities regardless of whether that claim has been acknowledged by the Receiver shall submit a Claim Form to the Receiver on or before sixty (60) days after the date of this Order (the "**Claims Bar Date**").

**3.4 Place to File Claims**: All Claim Forms shall be completed and submitted to the Receiver by mail to S. Gregory Hays, Receiver, Suite 555, 2964

Peachtree Rd. NW, Atlanta, GA 30305 and/or via email to **firstlibertyclaims@gmail.com**. Upon receipt of a claim, the Receiver will confirm receipt of such claim. The Receiver will mail each investor claimant a pre-filled Claim Form containing the claimant's identifying information and the proposed Allowed Claim Amount. Claimants will have the option to dispute or reject the Allowed Claim Amount stated on the Claim Form. Any completed Proof of Claim not submitted by trackable physical mail delivery postmarked by the Claims Bar Date or not confirmed by receipt of an email from the Receiver by the Claims Bar Date shall be barred, and claims submitted after the Claims Bar Date will not be allowed except for good cause shown, to be determined in the Receiver's sole discretion.

**3.5 Prohibition Against Filing Claims with Court**: No Claim Form shall be filed with the Court, and any such Claim Form so filed shall not be considered properly filed as required under this Order.

**3.6 Disputing the Receiver's Determination of Allowed Claim Amount**: Claimants who dispute the Allowed Claim Amount, including the consolidation of their claim with other claims as contemplated in Paragraph 3.2 above, stated in the pre-filled Claim Form must complete a blank Claim Form and provide documentation supporting their purported Allowed Claim Amount. That

supporting documentation should be comprised of bank account statements, brokerage account statement, Individual Retirement Account statements, wire transfer receipts, and/or cancelled checks evidencing transfers to and withdrawals and/or distributions from First Liberty. The Receiver will not rely on any documents prepared by First Liberty or Defendant Frost in calculating a claimant's Allowed Claim Amount. Nothing herein shall be construed as prohibiting any Claimant from disputing the Receiver's determination of the Allowed Claim Amount or the proposed consolidation of claims by the Receiver.

**3.7 Creditor Claims**: Creditors will need to complete the Claim Form because their Claim Forms will not be pre-filled and must provide supporting documents evidencing the value of the goods and services provided to First Liberty and the unpaid nature of their invoices or First Liberty's purported debt to the creditor.

**3.8 Processing of Claims**: The Receiver will conduct a preliminary review of the Claim Forms, determine whether the claimant is accepting or disputing the Allowed Claim Amount stated on the Claim Form and whether disputed claims lack supporting documents, and request such documents from claimants. The Receiver will further determine the Allowed Claim Amount as evidenced by supporting documentation for all disputed claim amounts.

## 4. THE CLAIMS DETERMINATIONS

**4.1 Receiver's Final Determinations of Claims**: The Receiver will make a final determination (the "**Final Determination**") as to the amount, if any, to be allowed for each claim. To the extent the Receiver decides to reject a claim in whole or in part, the Receiver will provide claimant with the Receiver's Final Determination and identify: (i) the reason(s) the Receiver has rejected or not accepted the full amount of the claim; and (ii) the classification of the claim. The Receiver will also provide the deadline to appeal the Receiver's Final Determination to this Court.

**4.2 Court's Final Adjudication of Claims**: A claimant with a partially or wholly disallowed claim may appeal the Receiver's Final Determination to this Court for final adjudication by no later than 20 days after the Receiver sends the Final Determination to the claimant. After all appeals have been filed, but before the Receiver files responses to those appeals, the Court will hold a status conference. At the status conference, the Court and parties will determine how to most efficiently resolve the appeals, whether by consolidating issues for briefing, grouping claims, or otherwise. At that time, the Court will set deadlines for the Receiver's responses to the appeals.

**4.3 Proposed Distribution Plan**: Upon completion of the Claims Process, by no later than 30 days after the Court enters an Order regarding all pending appeals of the Receiver's Final Determinations, the Receiver shall submit to the Court for approval all Final Determinations of Allowed Claims and a proposed distribution plan providing the amount of the proposed initial distribution to each claimant holding an Allowed Claim.

**4.4 Claims Process Schedule:** The Claims Process schedule is reflected in the following summary timetable:

| | |
|---|---|
| Day 0 | Order Approving Claims Process |
| Day 10 | Receiver to send out Claims Packages |
| Day 60 | Claims Bar Date |
| Day 90 | Receiver's Final Determination Date |
| Day 110 | Deadline to Appeal Final Determinations to the Court |
| Day 140 | Receiver's Deadline to File Responses to Appeals |
| TBD | Deadline to File Motion to Approve Plan of Distribution and Initial Distribution Amounts |

**4.5 Modification of the Claims Process:** The Receiver is authorized to modify, without further order of this Court, the Claims Process and the

approved forms as necessary to complete the objectives of such process consistent with this Order.

**SO ORDERED** this 27th day of October, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE